EXHIBIT B

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ EASTERN _____ DISTRICT OF _____ NEW YORK

AUGUST SCHUPP, III, Derivatively On Behalf Of
Nominal Defendant VEECO INSTRUMENTS,
INC.,
      Plaintiff

      v.

EDWARD H. BRAUN, RICHARD A.
D'AMORE, et al.
      Defendants,
and VEECO INSTRUMENTS, INC.,
      Nominal Defendant.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:   05 CV

CV 05 1624

VEXLER, J.

BOYLE M.J.

TO: (Name and address of defendant)

   at or c/o
   Veeco Instruments, Inc.,
   100 Sunnyside Blvd., Woodbury, NY 11797

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

WECHSLER HARWOOD LLP
Robert I. Harwood (RH 3286)
Samuel K. Rosen (SR 3287)
Joshua D. Glatter (JD 0184)
488 Madison Avenue - 8th Floor
New York, NY 10022
Telephone: (212) 935-7400

an answer to the complaint which is herewith served upon you, within _____ twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

ROBERT C. HEINEMANN

MAR 3 0 2005

CLERK

_____
(BY) DEPUTY CLERK

DATE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

# Mandatory Electronic Filing

## http://www.nyed.uscourts.gov

*As of August 2, 2004, electronic case filing became mandatory for all civil cases and for all criminal cases, pro se cases are excluded.*
[Administrative Order 2004-08]

Any documents submitted by mail or delivered to the clerks office for filing will not be accepted. To avoid having your documents returned or chambers being notified of your non-compliance, please adhere to Administrative Order 2004-08.

Hard copies of all electronic filed documents can be submitted to chambers as a "*Courtesy Copy*".

All initiating documents (**cases that require a case number, Judge and Magistrate Judge to be assigned**), in civil and in criminal cases, will continue to be filed in hard copy.

Sealed/sensitive documents must be filed in hard copy. Emergency Order To Show Cause and Temporary Restraining Orders should be filed in hard copy, and subsequently e-filed.

For further information on electronic filing go to our web site  http://www.nyed.uscourts.gov and click on the **cm/ECF button** located on the left-hand side of the screen.  Download/print the **ECF User's Guide** to familiarize yourself with ECF.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUST SCHUPP, III, Derivatively On Behalf Of Nominal Defendant VEECO INSTRUMENTS, INC., | ) ) ) ) |
| Plaintiff, | ) **CASE N** **CV 05   1624** |
| vs. | ) |
| EDWARD H. BRAUN, RICHARD A. D'AMORE, JOEL A. ELFTMANN, HEINZ K. FRIDRICH, DOUGLAS A. KINGSLEY, PAUL R. LOW, ROGER D. MCDANIEL, IRWIN H. PFISTER, WALTER J. SCHERR, PETER J. SIMONE, JOHN P. KIERNAN, and JOHN F. REIN, JR., | ) ) **WEXLER, J.** ) ) ) ) ) **BOYLE, M.J.** ) |
| Defendants, | ) |
| and | ) |
| VEECO INSTRUMENTS, INC., | ) **JURY TRIAL DEMANDED** ) |
| Nominal Defendant. | ) ) |

**VERIFIED DERIVATIVE COMPLAINT**

Plaintiff, by his attorneys, submits this Verified Derivative Complaint (the "Complaint") against defendants named herein.

**NATURE OF THE ACTION**

1.      This is a shareholder derivative action brought for the benefit of nominal defendant Veeco Instruments, Inc. ( "Veeco" or the "Company"), against certain of its current and/or former officers and directors, seeking to remedy defendants' breaches of fiduciary duties, as alleged herein.

## JURISDICTION AND VENUE

2.      This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs. This action is not a collusive one to confer jurisdiction on a court of the United States which it otherwise would not have.

3.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

4.      Plaintiff August Schupp, III, a citizen of the California, is the owner of Veeco common stock, which he has held at all times relevant hereto.

5.      Nominal Defendant Veeco is a Delaware corporation headquartered at 100 Sunnyside Blvd., Woodbury, NY 11797. According to the Company's public filings, Veeco designs, manufactures, markets and services a line of equipment primarily used by manufacturers in the data storage, semiconductor, compound semiconductor/wireless and high-brightness light emitting diode industries. Veeco's line of products allows customers to improve time-to-market of their products. The Company offers two principal product lines: process equipment and metrology. Veeco's process equipment products deposit or remove (etch) various materials in the manufacturing of advanced thin film magnetic heads (TFMHs) for the data storage industry, semiconductor deposition of mask reticles and compound semiconductor/wireless and light emitting diode devices. Its metrology equipment is used to provide critical surface measurements on semiconductor devices and TFMHs. In November 2003, the Company acquired the TurboDisc Metal Organic Chemical Vapor Deposition (MOCVD) business of Emcore Corporation and Advanced Imaging, Inc.

2

6.     Defendant Edward H. Braun ("Braun") has served as the Chairman of the Company's Board of Directors (the "Board") and its Chief Executive Officer at all times relevant hereto. Upon information and belief, Braun is a citizen of New York.

7.     Defendant Richard A. D'Amore ("D'Amore") has served as a director on the Board at all times relevant hereto. Upon information and belief, D'Amore is a citizen of Massachusetts.

8.     Defendant Joel A. Elftmann ("Elftmann") has served as a director on the Board at all times relevant hereto. Elftmann has also served as a member on the Board's Audit Committee (the "Audit Committee") at all times relevant hereto. Upon information and belief, Elftmann is a citizen of Minnesota.

9.     Defendant Heinz K. Fridrich ("Fridrich") has served as a director on the Board at all times relevant hereto. Fridrich has also served as a member on the Board's Audit Committee at all times relevant hereto. Upon information and belief, Fridrich is a citizen of Florida.

10.     Defendant Douglas A. Kingsley ("Kingsley") has served as a director on the Board at all times relevant hereto. Kingsley has also served as a member on the Board's Audit Committee at all times relevant hereto. Upon information and belief, Kingsley is a citizen of New York.

11.     Defendant Paul R. Low ("Low") has served as a director on the Board at all times relevant hereto. Upon information and belief, Low is a citizen of New York.

12.     Defendant Roger D. McDaniel ("McDaniel") has served as a director on the Board at all times relevant hereto. Upon information and belief, McDaniel is a citizen of New York.

13.     Irwin H. Pfister ("Pfister") has served as a director on the Board at all times relevant hereto. Pfister has also served as a member on the Board's Audit Committee at all times relevant hereto. Upon information and belief, Pfister is a citizen of New York.

14.     Defendant Walter J. Scherr ("Scherr") has served as a director on the Board at all times relevant hereto. Upon information and belief, Scherr is a citizen of New York.

15.     Defendant Peter J. Simone ("Simone") has served as a director on the Board at all times relevant hereto. Simone has also served as a member on the Board's Audit Committee at all times relevant hereto. Upon information and belief, Simone is a citizen of New York.

16.     Defendant John P. Kiernan ("Kiernan") has served as the Company's Vice President-Finance, and Controller at all times relevant hereto. Upon information and belief, Kiernan is a citizen of New York.

17.     Defendant John F. Rein, Jr., ("Rein") has served as the Company's Chief Financial Officer, Executive Vice President and Secretary at all times relevant hereto. Upon information and belief, Rein is a citizen of New York.

18.     Collectively, the defendants identified in paragraphs 6-17 are referred to herein as the "Individual Defendants." During the period between February 6, 2004 and February 11, 2005, (the "Relevant Period"), the Individual Defendants, as senior executive officers and/or directors of Veeco, were privy to confidential and proprietary information concerning Veeco, its operations, finances, financial condition, present and future business prospects. The Individual Defendants also had access to material adverse non-public information concerning Veeco, as discussed in detail below. Because of their positions with Veeco, the Individual Defendants had access to non-public information about its business, finances, products, markets and present and future business prospects via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and board of directors meetings and committees thereof and via reports and other information provided to them in connection therewith.

4

## DUTIES OF THE INDIVIDUAL DEFENDANTS

19.     By reason of their positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Individual Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit. Each director and officer of the Company owes to the Company and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of its affairs and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

20.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of the Company, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein, as well as the contents of the various public statements issued by the Company.

21.     To discharge their duties, the officers and directors of the Company were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of the Company were required to, among other things:

    a.     ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business; and

5

b.    ensure that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the Nasdaq National Market, the U.S. Securities and Exchange Commission (the "SEC") and the investing public.

22.    As alleged in detail below, the Individual Defendants breached their duties of loyalty and good faith by: (i) causing or allowing the Company to conduct its business in an unsafe, imprudent, and unlawful manner; (ii) improperly abdicating their duties, all of which caused Veeco to suffer damages, as alleged herein.

<u>SUBSTANTIVE ALLEGATIONS</u>

23.    Throughout the Relevant Period, the Individual Defendants consistently reported <u>inter alia</u>, that the Company's business was expanding, that its revenues were growing, that they had established adequate internal financial reporting controls, and that the Company's financial results were prepared and presented in accordance with Generally Accepted Accounting Principles ("GAAP").

24.    However, the Individual Defendants' statements regarding the accuracy of the Company's financial reporting contained misstatements, or failed to disclose certain facts which had the effect of rendering their statements incomplete or misleading. These statements include, but are not limited to the following:

(a)    Despite the Individual Defendants statements to the contrary, throughout the entire Relevant Period, Veeco lacked adequate internal controls and, thus, their statements with respect to Veeco's financial condition and performance were inherently unreliable;

6

(b)    Veeco overstated its net revenue for the first three quarters of 2004 by at least $7.5 million; and

(c)    Veeco's financial statements were not prepared in accordance with GAAP.

25.    On February 11, 2005, the truth began to emerge when the Individual Defendants caused the Company to issue a press release in which they announced that an internal investigation into accounting allegations at its TurboDisc unit could lead to a downward restatement of up to $7.5 million for the first nine months of 2004, causing the Company to delay the release of its fourth-quarter results. Indeed, in this press release, the Individual Defendants admitted that "errors and improper entries" with respect to inventory valuation and accounts payable and "certain revenue items" had occurred.

26.    On the heels of this news, the price of the Company's common stock declined $2.14 per share, or 11.6%, from its prior closing price of $18.37 on February 10, 2005.

## BRAUN, REIN, KIERNAN AND THE MEMBERS OF THE AUDIT COMMITTEE BREACH THEIR FIDUCIARY DUTIES

27.    As a general matter, all of the Individual Defendants have a responsibility to ensure, inter alia, the accuracy of the Company's financial reporting. However, some of the Individual Defendants, namely Braun (as CEO), Rein (as CFO), Kiernan (as the Company's Controller), and the Audit Committee are specifically charged with implementing adequate internal controls that are designed to ensure that the Company's financial results are recorded and reported in accordance with all applicable rules and regulations, including, but not limited to GAAP.

28.    According to the Company, among other things, the Audit Committee "reviews the scope and results of the audit and other services provided by Veeco's independent auditors." The Audit Committee currently consists of defendants Elftmann, Fridrich, Kingsley, Pfister and Simone.

7

According to the Company, the Board has determined that all members of the Audit Committee are "financially literate", and it has "determined that each of Elftmann, Kingsley and Pfister may be considered an "audit committee financial expert" as defined by applicable SEC rules.

29.     On November 9, 2004, the Individual Defendants caused the Company to issue its quarterly report on Form 10-Q for the period ended September 30, 2004 (the "10-Q"). Among other things, the 10-Q disclosed:

> The Company's senior management is responsible for establishing and maintaining a system of disclosure controls and procedures (as defined in Rule 13a-15 and 15d-15 under the Securities Exchange Act of 1934 (the "Exchange Act")) designed to ensure that information required to be disclosed by the Company in the reports that it files or submits under the Exchange Act is recorded, processed, summarized and reported, within the time periods specified in the Securities and Exchange Commission's rules and forms. Disclosure controls and procedures include, without limitation, controls and procedures designed to ensure that information required to be disclosed by an issuer in the reports that it files or submits under the Exchange Act is accumulated and communicated to the issuer's management, including its principal executive officer or officers and principal financial officer or officers, or persons performing similar functions, as appropriate to allow timely decisions regarding required disclosure.

> The Company has evaluated the effectiveness of the design and operation of its disclosure controls and procedures under the supervision of and with the participation of management, including the Chief Executive Officer and Chief Financial Officer, as of the end of the period covered by this report. Based on that evaluation, our Chief Executive Officer and Chief Financial Officer have concluded that our disclosure controls and procedures are effective in timely alerting them to material information required to be included in our periodic Securities and Exchange Commission filings.

> Subsequent to that evaluation there have been no changes in our internal control over financial reporting that have materially affected, or are reasonably likely to materially affect, these controls after such evaluation

30.     The 10-Q also disclosed that defendants Braun and Rein had "certified" the Company's financial statements pursuant to the following disclosure:

> Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

8

Based on my knowledge, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report;

The registrant's other certifying officer and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) for the registrant and have:

Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to us by others within those entities, particularly during the period in which this report is being prepared;

Evaluated the effectiveness of the registrant's disclosure controls and procedures and presented in this report our conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by this report based on such evaluation; and Disclosed in this report any change in the registrant's internal control over financial reporting that occurred during the registrant's most recent fiscal quarter that has materially affected, or is reasonably likely to materially affect, the registrant's internal control over financial reporting; and

The registrant's other certifying officer and I have disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's auditors and the audit committee of the registrant's board of directors (or persons performing the equivalent functions):

All significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information; and Any fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting.

31.     As set forth above, the Company's February 11, 2005 statement is tantamount to admission that the Company lacked adequate internal controls during the Relevant Period. Thus, Braun and Rein's certifications reported in the 10-Q were false when issued.

32.     Further, in light of substantial financial expertise and the experience of the members of the Audit Committee, they knew, or were extremely reckless in not knowing that the Company's internal controls were deficient.

33.     Braun, Rein, Kiernan, and the members of the Audit Committee all breached their fiduciary duties to the Company because they consciously, deliberately failed to implement sufficient internal controls, or they were extremely reckless in failing to do so.  As a result of the foregoing: (a) the Company's financial results were not prepared in accordance with GAAP; and (b) the Individuals Defendants issued materially misleading statements regarding the adequacy of the Company's internal controls.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

34.     Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth.

35.     Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress injuries suffered and to be suffered by the Company as a result of the breaches of fiduciary duty and other violations of law by defendants.

36.     Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights, and he has retained counsel experienced in litigating these types of actions.

37.     As a result of the facts set forth herein, plaintiff has not made any demand on the Company's Board of Directors to institute this action.  Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action for the following reason:

a.      As set forth herein, the Board currently consists of 10 directors; defendants Braun, D'Amore, Elftmann, Fridrich, Kingsley, Low, McDaniel, Pfister, Scherr and Simone. Defendants Elftmann, Fridrich, Kingsley, Pfister, and Simone all serve on the Audit Committee and defendant Braun is the CEO, and all of these defendants (the "Accounting Defendants") are specifically charged with ensuring the accuracy of the

10

Company's financial reporting.  The Accounting Defendants currently constitute a majority of the directors serving on the Board.  As a result of the facts set forth herein, there is substantial likelihood that each of the Accounting Defendants will be held personally liable for breaching their fiduciary duties to the Company and its shareholders, thus excusing any pre-suit demand.

## COUNT I

### AGAINST THE ACCOUNTING DEFENDANTS
### FOR BREACH OF FIDUCIARY DUTIES

38.    Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

39.    As alleged in detail herein, the Accounting Defendants owed fiduciary duties to the Company and its shareholders to, inter alia, implement adequate internal controls to ensure that the Company's financial reporting was accurate.

40.    As alleged in detail herein, the Accounting Defendants knowingly and/or recklessly breached their fiduciary duties because they did not establish adequate internal controls, which has caused the Company to report inaccurate financial results.

41.    As a direct and proximate result of the Accounting Defendants' foregoing breaches of fiduciary duties, the Company has sustained damages, as alleged herein.

## COUNT II

### AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
### FOR BREACH OF FIDUCIARY DUTIES

42.    Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

43.    As alleged in detail herein, all of the Individual Defendants owed fiduciary duties to the Company and its shareholders to ensure, inter alia, that the Company was operated in a lawful,

honest and prudent manner that complied with all applicable federal and state laws, rules, regulations, and requirements.

44.    As alleged in detail herein, the Individual Defendants were either direct, knowing participants in the scheme described herein, and/or they sanctioned the misconduct after the fact, and/or they were extremely reckless in not discovering, preventing or remedying the conduct described herein.  Under any of the culpability scenarios, the Individual Defendants breached their fiduciary duties of good faith.

45.    As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained damages, as alleged herein.

<u>COUNT III</u>

**AGAINST ALL OF THE INDIVIDUAL DEFENDANTS
FOR BREACH OF FIDUCIARY DUTIES RELATED TO THE
COMPANY'S DISCLOSURES**

46.    Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

47.    As alleged in detail herein, all the Individual Defendants owed fiduciary duties to the Company and its shareholders to ensure, <u>inter alia</u>, that the Company issued timely and complete disclosures regarding the Company's business and operations, particularly with respect to its financial reporting.

48.    As alleged in detail herein, the Individual Defendants issued false and misleading statements regarding the Company's internal controls, and its revenue recognition practices.

49.    As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained damages, as alleged herein.

WHEREFORE, plaintiff demands judgment as follows:

12

A.    Against all of the Individual Defendants and in favor of the Company for the amount

of damages sustained by the Company as a result of the Individual Defendants'

breaches of fiduciary duties;

B.    Awarding to plaintiffs the costs and disbursements of the action, including

reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

C.    Granting such other and further relief as the Court deems just and proper.


Dated:  March 29, 2005                    By: _____
                                              WECHSLER HARWOOD LLP
                                              Robert I. Harwood (RH 3286)
                                              Samuel K. Rosen (SR 3287)
                                              Joshua D. Glatter (JD 0184)
                                              488 Madison Avenue
                                              New York, NY 10022
                                              Telephone: (212) 935-7400


Of Counsel:

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
121 N. Wayne Ave., Suite 100
Wayne, PA 19087
(610) 225-2616


13

## VEECO INSTRUMENTS, INC. VERIFICATION

I, August Schupp, III, hereby verify that I am familiar with the allegations in the Complaint, and that I have authorized the filing of the Complaint, and that the foregoing is true and correct to the best of my knowledge, information and belief.

DATE: _3 - 21 - 05_

_____
AUGUST SCHUPP, III