```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In Re

    VEECO INSTRUMENTS INC.           1:05 - md-1695 (CM)
    SECURITIES LITIGATION

_____x

This Document Relates to ALL ACTIONS

_____x

### DECISION AND ORDER SELECTING LEAD PLAINTIFF AND LEAD COUNSEL

McMahon, J.:

    These ten consolidated class actions alleging securities fraud are brought against Veeco Instruments, Inc., ("Veeco") and two of its officers, Edward H. Braun and John F. Rein Jr., (collectively "the Defendants"). Three different named plaintiffs and their counsel have moved for appointment as lead plaintiff and lead counsel, respectively.[1] They are: The Steelworkers Pension Trust ("Steelworkers"); the NECA-IBEW Pension Fund ("The Decatur Plan" or "Decatur"); and a group of unrelated individuals that calls itself The Capitanio Group. All three potential lead plaintiffs are represented by able counsel who both are well known to this Court and fully competent to serve as lead counsel. All three movants filed their motions within the time period set forth in the Private Securities Litigation Reform Act (PSLRA).

    For the reasons stated below, I designate the Steelworkers Pension Trust as lead plaintiff and appoint its chosen counsel, Berger & Montague, as lead counsel. For reasons having nothing whatever to do with the excellent qualifications of proposed liaison counsel, I decline to appoint liaison counsel in this matter.

#### Standard for Determining Lead Plaintiff Status under the PSLRA

    The PSLRA provides that, within 90 days after the publication of notice of the filing of a securities fraud class action, the Court shall consider any motion made by a class member for appointment as lead plaintiff and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of the

---

[1] Two other named plaintiffs, Joel Mandel and Ratan Lalchandani, have withdrawn their previously-filed motions for lead plaintiff status. Mandel has filed a notice of non-opposition to the motion of Steelworkers Pension Trust.

Copies ~~mailed~~ / ~~handed~~ / faxed to counsel 10/12/05

class members. 15 U.S.C. §78-u4(a)(3)(B)(I). In making this determination, the court is required to presume that the most adequate plaintiff is the person or group of persons with the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

The PSLRA, however, does not define the term "largest financial interest" and does not provide any explicit guidance about how to calculate that interest. Courts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (net shares being defined as the number of shares retained at the end of the class period); (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002).

**Analysis**

Under this four-prong standard, Steelworkers Pension Trust appears to be the clear winner. The record shows that it purchased 40,000 shares on May 19 and 20, 2004 – a date that falls within Steelworkers' proposed class period (April 26, 2004 through February 10, 2005). It held those 40,000 shares at the end of the proposed class period. It expended $941,269.75 during the proposed class period. And it claims a loss of $345,878.94 on those retained shares – that being the amount by which the value of its retained shares declined when Veeco announced, on February 10, 2005, that it would have to restate its earnings for the first three quarters of 2004.

The next closest competitor, The Decatur Plan, purchased only 9,671 during that same period (i.e., April 26, 2004 through February 10, 2005), at a cost of $207,298.93, and held not a single share on February 10, 2005, which all parties agree is the last day of whatever class period is eventually certified. It is debatable whether The Decatur Plan suffered any loss whatever on these shares that could be said to be caused by Veeco's alleged non-disclosure (see discussion below), but the loss it claims - $40,707.43 – is well below that claimed by Steelworkers.

Finally, The Captianio Group – which is an amalgam of nine relatively small shareholders – purchased only 2,343 shares (all of which it retained) during a longer proposed class period (see discussion below), at a cost of $51,442.45, for a loss of $16,566.36. Moreover, unlike the other two competitors, The Capitanio Group is not a large institutional investor. This is significant because the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.

Thus, Steelworkers is the presumptive lead plaintiff. That presumption may only be overcome by proof that Steelworkers either will not fairly and adequately represent the class or is subject to unique defenses that render it incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such evidence appears in the record before me.

There is no indication in this record that Steelworkers will not fairly and adequately represent the class. Adequacy of representation analysis generally focuses on the identity of class counsel. The firm of Berger & Montague, Steelworkers' attorneys, are well known and experienced class counsel.

The Decatur Plan and The Capitanio Group claim that Steelworkers is subject to the unique defense that it did not in fact suffer any loss on its Veeco shares. This argument rests on their contention (first advanced by plaintiff Ratan Lalchandani, who has since withdrawn his motion to serve as lead counsel) that the class period proposed by Steelworkers is too short. They argue that the class period should begin in November 2003, when Veeco purchased the subsidiary whose accounting practices were later discovered to be faulty, and whose inventory was later found to be overvalued. Steelworkers' complaint (as well as five of the other complaints filed to date) starts the class period on April 26, 2004, when Veeco announced the first earnings that were later restated.

Steelworkers admits that it purchased a total of 40,000 shares of Veeco stock between December 4, 2000 and September 25, 2003, and that it sold those shares at a profit on January 6, 2004. However, it argues, applying the "first in, first out" (FIFO) methodology to match purchases and sales, that it actually lost money on its Veeco holdings, even over the longer period.[2]

I agree that FIFO is the appropriate methodology to apply in matching purchases and sales for the purpose of considering the financial stake of a movant for lead plaintiff status, just as it is the well-settled methodology for computing losses on securities for tax purposes. Thompson v. Shaw Group, Inc., 2004 WL 2988503 (E.D. La. Dec. 14, 2004); In re Cardinal Health, Inc., Sec. Litig., 226 F.R.D. 298 (S.D. Ohio 2005); Plumbers and Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc., No C01-20418-JW (N.D. Cal. May 27, 2004); In re Schering Plough Corp. Sec. Litig., Master File No. 01-CV- 0829 (D.N.J. Oct. 10, 2003). If there was a fraud here, Steelworkers has a claim that it suffered a loss of at least $122,000 as a result of that fraud, and perhaps up to three times more (depending on the contours of the class period). No other applicant for lead plaintiff status even approaches that number.

I do not conclude that Steelworkers has in any way misled the court concerning its losses. This highly speculative allegation was first raised by former proposed lead plaintiff Ratan Lalchandani, who seems to have forgotten to tell his counsel about his California fraud conviction. Considering the source, I do not find the allegation particularly convincing.

The Decatur Plan would be no more representative of persons during the longer class period than Steelworkers. For one thing, Decatur first purchased Veeco shares on July 29, 2004 – well after April 26, 2004, when the proposed short class period began. For another, Decatur sold all its stock in January 2005, prior to the issuance of the curative disclosure on February 10, 2005. Under the reasoning of the United States Supreme Court in Dura Pharmaceuticals, Inc. v. Broudo, 125 S. Ct. 1627 (2005), I question whether Decatur Plan can prove loss causation – or, for that matter, loss. The Decatur Plan is, at the very least, subject to a unique defense to which

---

[2] The January 2004 sale appears to have netted Steelworkers a gain of approximately $223,776. Subtracting that gain from the paper loss (i.e., the decline in value) in the shares Steelworkers purchased in May 2004 and retained until Veeco's earnings were restated still gives Steelworkers an overall loss of $122,102 during the longer class period. That is still substantially above the value of The Decatur Plan's losses during the same period.

Steelworkers is not subject. Decatur's bare bones suggestion at oral argument that word of the alleged fraud began to leak into the market earlier than February 10, 2005, is not supported by any record evidence that would, at this point, undermine this conclusion.

The Capitanio Group is one of those "amalgamated" groups of unrelated persons who band together in the hope of thereby becoming the biggest loser for PSLRA purposes. Courts (including this one) view such aggregations of individual shareholders with disapproval. In re Star Gas Sec. Litig., 2005 WL 818617 (D. Conn. 2005). The total aggregate loss of its members is insignificant – only $16,555 – compared to that of Steelworkers, whether looked at over the longer or the shorter period. Moreover, according to the information filed in support of the Group's motion, no member of this artificial group purchased his or her shares prior to April 26, 2004, which means that anything that occurred in the putative "longer" period is of no relevance to the claims of its members.

In short, Steelworkers is presently best positioned to represent the class of investors in Veeco. If, when class certification motions are made, it seems appropriate to certify a class dating back to November 2003, and if it also seems that Steelworkers for any reason cannot represent everyone in the expanded class, I will consider whether there is some other person who might be added as a named class plaintiff. It is not clear to me whether either The Decatur Plan or The Capitanio Group would qualify as that person.

Ordinarily, the lead plaintiff's choice of counsel is selected to serve as lead counsel. I have no quarrel with Berger & Montague serving as lead class counsel; no one has suggested any reason why that firm should not run the case.

However, I see no need for liaison counsel in this case and I decline to appoint liaison counsel. While Berger and Montague is a Philadelphia law firm, it frequently litigates in this Court. The attorneys from Berger & Montague who are appearing in this action have been admitted *pro hac vice* as temporary members of the Bar of this Court. As the Court communicates with counsel by fax, and as this is an electronic filing case, there is little if any need for an "on the scene" lawyer to perform any on the scene coordination or to messenger material to and from the court. Finally, this is, in the world of Multi-District Litigation, a very small case, involving fewer than a dozen actions. While no one has suggested how much money might be at stake here, the small number of filings, and the fact that largest institutional shareholders in defendant has shown much interest in the case, tells me that the recovery (if any) is unlikely to set any records in this District. This Court is not willing to deplete any recovery (should there be any recovery) by the value of fees incurred by two law firms when one can get the job done.

Accordingly, I hereby ORDER that Steelworkers Pension Trust be designated as lead plaintiff in this action, and that the firm of Berger & Montague serve as lead class counsel in this action. The lead plaintiff motions of Joel Mandel and Ratan Lalchandani are withdrawn. The lead plaintiff motions of NECA-IBEW Pension Fund (The Decatur Plan) and The Capitanio Group are denied. This disposes of all pending motions. The Clerk of the Court should so note.

Dated: October 12, 2005

_____
U.S.D.J.

BY FAX TO ALL COUNSEL