UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANDREW MCINTOSH, Individually and On  :
Behalf of All Others Similarly Situated, : Civil Action No.: 05-CV-889 (LDW)
 :
 : Senior-Judge Leonard D. Wexler
                Plaintiff, :
 :
- v. - :
 :
VEECO INSTRUMENTS, INC., EDWARD :
BRAUN and JOHN REIN, JR., :
 :
                Defendants. :
------------------------------------------------------------x

*(Additional captions on following pages)*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RATAN LALCHANDANI FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

```
-----------------------------------------------------------------x
BARRY LINZER, On Behalf of Himself and All        :
Others Similarly Situated,                         :   Civil Action No.: 05-CV-957 (DRH)
                                                   :
                                                   :   Senior-Judge Denis R. Hurley
              Plaintiff,                           :
                                                   :
       - v. -                                      :
                                                   :
VEECO INSTRUMENTS, INC., EDWARD H.                 :
BRAUN and JOHN F. REIN, JR.,                       :
                                                   :
              Defendants.                          :
-----------------------------------------------------------------x
BRUCE KANTOR, On Behalf of Himself and All         :
Others Similarly Situated,                         :   Civil Action No.: 05-CV- 967 (LDW)
                                                   :
                                                   :   Senior-Judge Leonard D. Wexler
              Plaintiff,                           :
                                                   :
       - v. -                                      :
                                                   :
VEECO INSTRUMENTS, INC., EDWARD H.                 :
BRAUN and JOHN F. REIN, JR.,                       :
                                                   :
              Defendants.                          :
-----------------------------------------------------------------x
GEORGE WALKER, Individually and On Behalf          :
of All Others Similarly Situated,                  :   Civil Action No.: 05-CV-1003 (JS)
                                                   :
                                                   :   Judge Joanna Seybert
              Plaintiff,                           :
                                                   :
       - v. -                                      :
                                                   :
VEECO INSTRUMENTS, INC., EDWARD                    :
BRAUN and JOHN REIN, JR.,                          :
                                                   :
              Defendants.                          :
-----------------------------------------------------------------x
```

```
-----------------------------------------------------------------x
PHILIP G. COLLINS, On Behalf of Himself and      :
All Others Similarly Situated,                   :   Civil Action No.: 05-CV-1277 (LDW)
                                                 :
                                                 :   Senior-Judge Leonard D. Wexler
                Plaintiff,                       :
                                                 :
        - v. -                                   :
                                                 :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD H.               :
BRAUN and JOHN F. REIN, JR.,                     :
                                                 :
                Defendants.                      :
-----------------------------------------------------------------x
SERVAAS HOLTHUIZEN, Individually and On          :
Behalf of All Others Similarly Situated,         :   Civil Action No.: 05-CV-1337 (LDW)
                                                 :
                                                 :   Senior-Judge Leonard D. Wexler
                Plaintiff,                       :
                                                 :
        - v. -                                   :
                                                 :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD H.               :
BRAUN and JOHN F. REIN, JR.,                     :
                                                 :
                Defendants.                      :
-----------------------------------------------------------------x
GERALD J. VOGT AND ELEANOR L. VOGT,              :
On Behalf of Themselves and All Others Similarly :   Civil Action No.: 05-CV-1430 (LDW)
Situated,                                        :
                                                 :   Senior-Judge Leonard D. Wexler
                                                 :
                Plaintiff,                       :
                                                 :
        - v. -                                   :
                                                 :
                                                 :
VEECO INSTRUMENTS, INC., EDWARD H.               :
BRAUN and JOHN F. REIN, JR.,                     :
                                                 :
                Defendants.                      :
-----------------------------------------------------------------x
```

```
---------------------------------------------------------------x
TIMOTHY JOE GROVE, On Behalf of Himself        :
and All Others Similarly Situated,             :   Civil Action No.: 05-CV-1552 (LDW)
                                               :
                                               :   Senior-Judge Leonard D. Wexler
                            Plaintiff,         :
                                               :
       - v. -                                  :
                                               :
VEECO INSTRUMENTS, INC., EDWARD H.             :
BRAUN and  JOHN F. REIN, JR.,                  :
                                               :
                            Defendants.        :
---------------------------------------------------------------x
```

**Preliminary Statement**

Ratan LalChandani ( "Movant" or "LalChandani") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for an order (i) consolidating the above-captioned and related actions; (ii) appointing Movant as Lead Plaintiff of the class of those who purchased or acquired during the class period, as defined below, the securities of Veeco Instruments, Inc. ("Veeco" or the "Company"), and (iii) approving Movant's selection of Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") and Schatz & Nobel, P.C. ("Schatz & Nobel") as Co-Lead Counsel for the class.

**The Movant**

Movant, an individual investor, purchased Veeco shares during the class period, as defined below, and suffered losses of approximately $299,695 on such purchases as a result of the defendants' acts as alleged in the above-styled and related actions. *See* Certification and Loss Analysis of Ratan LalChandani, annexed to the Declaration of Christopher Keller ("Keller Decl.") as Exhibit A. Thus, Movant has a significant financial interest in the outcome of the actions and should be appointed lead plaintiff.

**The Claims Asserted**

The actions against Veeco are filed on behalf of a class of investors who purchased or acquired the securities of Veeco between November 3, 2003 and February 10, 2005, inclusive

5

(the "Class Period")[1], seeking to pursue remedies under the federal securities laws. Veeco is a provider of metrology and process equipment solutions used in the manufacturing industries of data storage, semiconductor, and compound semiconductor/wireless.

The above-captioned cases allege that during the Class Period, defendants failed to disclose that the Company had improperly accounted its 2004 pre-tax earnings. This $8.1 million restatement was related to adjustments to inventory, accruals, and accounts payable. These transactions occurred in the company's TurboDisc division.

Through further investigative efforts on the part of Movant's Counsel, it has been learned that the Company attempted to cover up the fact that it did not comply with the regulations set forth by the United States Department of Commerce ("USDOC") as it pertains to the required licenses for shipping sensitive equipment to certain countries, in particular Malaysia and Hong Kong (China). Defendants then attempted to seek approval after the fact for the shipment of the goods by omitting material information from its applications to the USDOC. The Company failed to disclose to the investing public that its financial status was in jeopardy due to the improper shipments.

On the news of the restatement, the price of the Company's securities reacted negatively. Plaintiff and other class members were damaged when they purchased Company securities during the Class Period at prices that were inflated by virtue of the defendants' acts.

---

[1] Other complaints filed against Veeco allege differing class periods than the one used herein. Since the issue as to what time period is the correct one is not one to be determined at this stage of the litigation, the court-appointed Lead Plaintiff will file a consolidated amended complaint to resolve those differences. See In re Waste Mgmt., Sec. Litig., 128 F. Supp. 2d 401, 407 (S.D. Tex. 2000) (The proper class period will be determined only after lead plaintiff is appointed, lead counsel is approved, and an amended complaint is filed).

**ARGUMENT**

A.      **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA, which applies to this case, requires the Court to consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff. <u>See</u> Exchange Act § 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The "PSLRA" also provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions[,]" the Court shall determine consolidation prior to appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). "[C]ourts have taken the view that considerations of judicial economy favor consolidation," <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1285 (2d Cir.), <u>cert. denied</u>, 498 U.S. 920 (1990). "In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." <u>Werner v. Satterlee, Stephens, Burke & Burke</u>, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (internal quotation marks omitted).

Presently pending in this District are the following nine related securities class actions:

7

| Abbreviated Case Name | Civil Action Number | Date Filed |
|---|---|---|
| *McIntosh v. Veeco Instruments* | 05-CV-889 (LDW) | 2/16/2005 |
| *Linzer v. Veeco Instruments* | 05-CV-957 (DRH) | 2/18/2005 |
| *Kantor v. Veeco Instruments* | 05-CV- 967 (LDW) | 2/18/2005 |
| *Walker v. Veeco Instruments* | 05-CV-1003 (JS) | 2/23/2005 |
| *Collins v. Veeco Instruments* | 05-CV-1277 (LDW) | 3/9/2005 |
| *Holthuizen v. Veeco Instruments* | 05-CV-1337 (LDW) | 3/11/2005 |
| *Vogt & Vogt v. Veeco Instruments* | 05-CV-1430 (LDW) | 3/18/2005 |
| *Grove v. Veeco Instruments* | 05-CV-1552 (LDW) | 3/24/2005 |

Because these actions are essentially identical in their factual and legal bases, consolidation is appropriate and will effectively streamline discovery and general case management[2].

### B. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION

#### 1. The Procedure Mandated by the PSLRA For Appointment Of Lead Plaintiff

The PSLRA amended the Exchange Act by adding new Section 21D to the Exchange Act, codified as 15 U.S.C. § 78u-4. This section establishes a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

*First*, the plaintiff who files the first action shall publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice was published on February 15, 2005. *See* Keller Decl. Ex. B.

*Second*, within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member

---

[2] Additionally, two cases have been filed in the Southern District of New York, and Movant is filing a motion for consolidation of related actions, appointment as lead plaintiff, and approval of proposed lead plaintiff's selection of lead counsel concurrently in that district as well.

8

and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a … presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); See In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 44 (S.D.N.Y. 1998). As set forth below, LalChandani is the "most adequate plaintiff."

### 2. Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA

#### a) Movant Has Complied With the Procedural Requirements of the PSLRA

The 60-day period under the PSLRA in which motions for appointment as lead plaintiff must be filed expires on April 18, 2005. With this motion, Movant has moved within the statutory 60-day period.

As required by the PSLRA, LalChandani has provided a Certification that sets forth his transactions in Veeco securities during the Class Period. See Certification and Loss Analysis, Keller Decl. Ex. A. This Certification indicates that Movant has reviewed a complaint filed in the actions, understands the responsibilities of serving as lead plaintiff and is willing to serve as a

representative party on behalf of the class. Id. In addition, Movant has retained competent and experienced counsel. See Firm Resumes, Keller Decl. Ex. C. As amply demonstrated in their resumes Goodkind Labaton and Schatz & Nobel are reputable law firms with a history of achieving positive results for their clients.

      b)      Movant Has The Largest Financial Interest In The Relief Sought By the Class

Movant is presumptively the most adequate plaintiff because, to counsel's knowledge, he has the largest financial interest in the relief sought of any class member that has come forward or will come forward as a proposed lead plaintiff. During the proposed Class Period, Movant purchased shares of Veeco as reflected in the certification and Loss Analysis, and Movant's losses, as limited by the PSLRA, are approximately $299,695. See Certification and Loss Analysis, Keller Decl. Ex A. As indicated by his certification, LalChandani is aware of the obligations and responsibilities of serving as lead plaintiff, and is prepared to participate in the litigation effectively and monitor counsel throughout the litigation. See Certification, Keller Decl. Ex. A. As of the date hereof, neither Movant nor counsel have received any motion or other notice by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here. Accordingly, Movants satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act.

      c)      Movant Otherwise Satisfies the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only Rule 23 prerequisites that are relevant in appointing the lead plaintiff. In re Oxford Health Plans, 182 F.R.D. at 49. This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movant purchased Veeco securities during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and suffered damages thereby. Thus, Movant meets the typicality requirement, since questions of liability are common to all proposed class members. See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"), cert. dismissed, 506 U.S. 1088 (1993).

Movant and his attorneys are capable and willing to pursue this litigation and neither has a conflict of interest with the other class members; therefore, Movant is an adequate class representative. Drexel Burnham, 960 F.2d at 291.

### C. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the class. Movant has selected and retained Goodkind Labaton and Schatz & Noble as Co-Lead Counsel in this case.

Goodkind Labaton and Schatz & Noble have had leading roles in numerous important actions on behalf of defrauded investors. In particular, Goodkind Labaton served as lead counsel for the Connecticut Retirement Plans and Trust Funds in the Waste Management securities litigation which resulted in a settlement of $457 million in cash, one of the largest common-fund securities class action settlements ever achieved and the largest ever achieved in the Fifth Circuit.

*See* Firm Resume, Keller Decl. Ex. C; see also In re Waste Mgmt.,Inc. Sec. Litig., 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Goodkind Labaton "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").

Schatz & Nobel, P.C. also has extensive experience representing investors in securities class action litigation and has been appointed as Lead or Co-Lead Counsel in numerous securities class actions as set forth in the attached firm resume. *See* Firm Resume, Keller Decl. Ex. C. The Court should therefore approve Movant's selection of Co-Lead counsel.

**Conclusion**

For the foregoing reasons, Movant respectfully requests that this Court (i) consolidate all related actions; (ii) appoint LalChandani as lead plaintiff in the consolidated action and (iii) approve Movant's selection of Goodkind Labaton and Schatz & Nobel to serve as co-lead counsel for the class.

Dated: April __, 2005

Respectfully submitted,

**GOODKIND LABATON RUDOFF & SUCHAROW LLP**


s/ Christopher Keller
Jonathan Plasse (JP-7515)
Christopher J. Keller (CK-2347)
Shelley Thompson (MT-4109)
100 Park Avenue
New York, New York 10017
Tel: (212) 907-0700
Fax: (212) 818-0477

Andrew Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
**SCHATZ & NOBEL, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Tel.: 860-493-6292
Fax: 860-493-6290

*Attorneys for Movant and*
*Proposed Co-Lead Counsel for the Class*