UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ANDREW MCINTOSH, Individually and On : 
Behalf of All Others Similarly Situated, : 05 CV 889 (LDW)
 :
Plaintiffs, :
 :
vs. :
 :
VEECO INSTRUMENTS, INC., EDWARD :
BRAUN, and JOHN REIN, JR., :
 :
Defendants. :
------------------------------------------------------------X

[Additional Captions Set Forth Below]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
CAPITANIO GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

```
------------------------------------------------------------X
BARRY LINZER, on behalf of himself and all    :
others similarly situated,                    :        05 CV 957 (DRH)
                                              :
              Plaintiffs,                     :
                                              :
      vs.                                     :
                                              :
VEECO INSTRUMENTS, INC., EDWARD               :
BRAUN, and JOHN REIN, JR.,                    :
                                              :
              Defendants.                     :
------------------------------------------------------------X
BRUCE KANTOR, On Behalf of Himself and        :
All Others Similarly Situated,                :        05 CV 967 (LDW)
                                              :
              Plaintiffs,                     :
                                              :
      vs.                                     :
                                              :
VEECO INSTRUMENTS, INC., EDWARD               :
BRAUN, and JOHN REIN, JR.,                    :
                                              :
              Defendants.                     :
------------------------------------------------------------X
GEORGE F. WALKER, Individually And On         :
Behalf Of All Others Similarly Situated,      :        05 CV 1003 (JS)
                                              :
              Plaintiffs,                     :
                                              :
      vs.                                     :
                                              :
VEECO INSTRUMENTS, INC., EDWARD               :
BRAUN, and JOHN REIN, JR.,                    :
                                              :
              Defendants.                     :
------------------------------------------------------------X
```

------------------------------------------------------------X

| | | |
|---|---|---|
| PHILIP G. COLLINS, on behalf of himself and all others similarly situated, | : | 05 CV 1277 (LDW) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| VEECO INSTRUMENTS, INC., EDWARD BRAUN, and JOHN REIN, JR., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------X | | |
| SERVAAS HOLTHUIZEN, individually and on behalf of all others similarly situated, | : | 05 CV 1337 (LDW) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| VEECO INSTRUMENTS, INC., EDWARD BRAUN, and JOHN REIN, JR., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------X | | |
| GERALD J. VOGT AND ELEANOR L. VOGT, On Behalf Of Themselves and All Others Similarly Situated, | : | 05 CV 1430 (LDW) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| VEECO INSTRUMENTS, INC., EDWARD BRAUN, and JOHN REIN, JR., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------------X | | |
| TIMOTHY JOE GROVE, On Behalf of Himself | : | |

and All Others Similarly Situated,   :   05 CV 1552 (LDW)
                                             Plaintiffs,   :
                    vs.   :

VEECO INSTRUMENTS, INC., EDWARD BRAUN, and JOHN REIN, JR.,   :

                                            Defendants.   :
------------------------------------------------------------X

Movants Steven Capitanio, R. M. DeVane, Gerald and Eleanor Vogt, Robert E. Anderson, Bill McCurtain, Marcus McPhail, and Julie and Russell Jensen (the "Capitanio Group" or "Movants") hereby respectfully submit this memorandum of law in support of their motion for: (i) consolidation of the actions referenced in the instant captions (the "Actions"); (ii) appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Movants' selection of Lead Counsel.

## INTRODUCTION

The Actions are securities fraud class actions brought against Veeco Instruments, Inc. ("Veeco" or the "Company"), and Edward Braun and John Rein, Jr. (collectively referred to as the "Defendants") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, on behalf of all persons who purchased or otherwise acquired Veeco common stock at artificially inflated prices during the proposed Class Period (collectively, the "Class").

Movants purchased 2,343 shares of Veeco Common stock between April 26, 2004 and February 10, 2005 (the "Class Period"), and suffered estimated losses[1] of $16,566.36 as a result of Defendants' misconduct. Movants seek appointment as Lead Plaintiff and approval of their selection of Lead Counsel for plaintiffs and the Class as set forth herein. As discussed below, Movants have satisfied each of the requirements of the PSLRA and, therefore, are qualified for appointment as Lead Plaintiff.

---

[1] The estimated losses suffered by Movants are determined based on the certifications required under Section 21D of the Exchange Act and based on information concerning the current market for the Company's common stock. See Declaration of Aaron L. Brody, April 18, 2005, Ex. C. ("Brody Decl.").

1

## PROCEDURAL BACKGROUND

On or about February 15, 2005, the plaintiff in the L.I.S.T. action[2] filed a complaint on behalf of a class consisting of all persons and entities who purchased Veeco common stock at artificially inflated prices during the proposed Class Period. On February 15, 2005, notice was published over PR Newswire, advising members of the proposed class of their right to move the Court to serve as lead plaintiff within the requisite period from the date of publication of the notice. See Brody Decl., Ex. A.

## STATEMENT OF FACTS

Veeco designs, manufactures, markets and services a line of equipment primarily used by manufacturers in the data storage, semiconductor, compound semiconductor/wireless and high-brightness light emitting diode industries.[3] ¶ 17. Veeco's line of products allows customers to improve time-to-market of their products. ¶ 17. The Company offers two principal product lines: process equipment and metrology. ¶ 17.

The Class Period starts on April 26, 2004 at which time, Veeco issued a press release announcing purportedly positive results on a Generally Accepted Accounting Principles ("GAAP") basis, which included, inter alia, an increase in orders, revenue and earnings. ¶ 18. Veeco issued similar press releases touting positive results on July 26, 2004 and October 25, 2004. ¶¶ 20, 22, 23.

On May 3, 2004, August 3, 2004 and November 9, 2004 Veeco filed quarterly reports with the SEC on Forms 10-Q. ¶¶ 19, 21, 24. The Company's Forms 10-Q were signed by

---

[2] L.I.S.T., Inc. v. Veeco Instruments, Inc. et al., 05 CV 02189 (CM) (S.D.N.Y. Feb. 15, 2005).

[3] References to complaints for purposes of this memorandum will be to the action entitled Vogt v. Veeco, 05 CV 1430 (LDW) (E.D.N.Y. Mar. 18, 2005) (referred to as "¶ __").

defendants Braun and Rein and reaffirmed the Company's previously announced financial results. ¶¶ 19, 21, 24. Additionally, the defendants, in Veeco's Forms 10-Q filed on May 3, 2004, August 3, 2004 and November 9, 2004, represented the following: "In the opinion of management, all adjustments considered necessary for a fair presentation (consisting of normal recurring accruals) have been included." ¶¶ 19, 21, 24.

The statements contained in ¶¶18-24 were materially false and misleading when made because defendants failed to disclose or indicate the following: (1) that improper accounting procedures were in place at the Company's TurboDisc division; (2) that these improper accounting procedures caused the Company to materially overstate its net revenue for the first three quarters of 2004 by at least $7.5 million; (3) that the Company's financial statements were not prepared in accordance with GAAP; (4) that the Company lacked adequate internal controls and was therefore unable to ascertain the true financial condition of the Company; and (5) that as a result, the value of the Company's net income and financial results were materially overstated at all relevant times. ¶ 25.

On February 11, 2005, before the market opened, Veeco announced that it would postpone the release of audited results for the fourth quarter and full year 2004 pending completion of an internal investigation of improper accounting transactions at its TurboDisc division. ¶ 26. Veeco expected to complete its investigation and year-end audit and to file its Annual Report on Form 10-K for the year ended December 31, 2004 on or before March 16, 2005. ¶ 26. News of Veeco's false and misleading financial statements, which were not prepared in accordance with GAAP, shocked the market. ¶ 27. Shares of Veeco fell $1.90 per share, or 10.07 percent, to close at $16.96 per share on unusually high trading volume. ¶ 27.

3

## ARGUMENT

### POINT I

**The Actions Should Be Consolidated**

The above-captioned actions involve class action claims on behalf of purchasers of Veeco common stock that assert essentially similar and overlapping class claims. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42 (a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1989), cert. denied, 498 U.S. 920 (1990). Accordingly, as the Veeco actions currently pending before this Court and other courts all involve common questions of law and fact, the actions should be consolidated.

### POINT II

**Movants Should Be Appointed Lead Plaintiff**

A. **The Procedure Required By The PSLRA**

The PSLRA establishes a procedure governing the appointment of a lead plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On February 15, 2005, notice of the first Veeco action was published over PR Newswire. See Brody Decl., Ex. A.

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines the most adequate to represent the interests of

4

the class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that - -
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii). See generally Greebel v. FTP Software, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B. Movants Satisfy The PSLRA's "Lead Plaintiff" Requirements

#### 1. Movants Have Complied with the PSLRA in Timely Seeking Appointment as Lead Plaintiff

The time period in which class members may move to be appointed as lead plaintiff herein under 15 U.S.C. § 78u-4 (a)(3)(A) and (B) expires on April 18, 2005. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 15, 2005), Movants timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movants have duly signed and filed certifications stating that they have reviewed the complaint filed in the action and are willing to serve as a representative party on behalf of the Class. See Brody Decl., Ex. B. In addition, Movants have selected and retained experienced and competent counsel to represent them and the class. See Brody Decl., Ex. D.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and their

5

selection of counsel, as set forth herein, considered and approved by the court.

## 2. Movants Have The Largest Financial Interest In The Relief Sought By The Class

According to 15 U.S.C. § 21(a)(3)(B)(iii), the court shall appoint the lead plaintiff who represent the largest financial interest in the relief sought by the action. During the Class Period, as evidenced by, among other things, the accompanying signed certifications, collectively, Movants purchased 2,343 shares of Veeco common stock and suffered estimated losses of $16,566.36 as a result of Defendants' misconduct. See Brody Decl., Ex. C. Therefore, Movants herein have a significant financial interest in this case. Moreover, Movants have not received notice of any other competing applicant for lead plaintiff that has sustained greater financial losses in connection with the purchase of Veeco securities.

Therefore, Movants satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

## 3. Movants Otherwise Satisfy the Requirements of Federal Rules of Civil Procedure Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only typicality and adequacy directly

address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Lax v. First Merchants, 1997 U.S. Dist. LEXIS 11866 at *20 (N.D. Il. Aug. 6, 1997); Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997).

Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise[] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F. 2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

Bishop v. New York City Dept. Of Housing Preservation and Development, 141 F.R.D. 229, 238 (2d Cir. 1992).

Movants seek to represent a class of purchasers of Veeco common stock who have identical, non-competing and non-conflicting interests. Movants satisfy the typicality requirement, because they: (i) purchased or otherwise acquired Veeco common stock; (ii) at market prices allegedly artificially inflated as a result of Defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims

7

asserted by Movants arise "from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members, and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. Garfinkel v. Memory Metals, Inc., 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Here, Movants are adequate representatives of the class. As evidenced by the injury suffered by Movants, who purchased Veeco common stock at prices allegedly artificially inflated by Defendants' violations of the federal securities laws, the interests of Movants are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants' interests and those of the other members of the class. In addition, as shown below, Movants' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movants prima facie satisfy the typicality and adequacy requirements of Rule 23.

## POINT III

### The Court Should Approve Movants' Choice of Lead Counsel

Pursuant to 15 U.S.C. § 78u-4 (a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. In that regard, Movants have selected Stull, Stull & Brody to serve as Lead Counsel. Stull, Stull & Brody has extensive experience in successfully prosecuting shareholder and securities class

8

actions and has frequently appeared in major actions in this and other courts. See Brody Decl., Ex. D.

## CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (i) consolidate the actions referenced in the instant captions; (ii) appoint Movants as Lead Plaintiff in the Actions; and (iii) approve Movants' selection of Lead Counsel as set forth herein.

Dated: April 18, 2005

Respectfully submitted,

**STULL, STULL & BRODY**

By: /s/ Aaron Brody
Jules Brody (JB-9151)
Aaron L. Brody (AB-5850)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Proposed Lead Counsel For
Plaintiffs and The Class**

9