# EXHIBIT C

# EXHIBIT C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MORTON YATES, Individually and
On Behalf of All Others Similarly
Situated,

        Plaintiff,

    - against -

OPEN JOINT STOCK COMPANY
"VIMPEL-COMMUNICATIONS" (a/k/a
VYMPEL COMMUNICATII), ALEXANDER
IZOSIMOV and ELENA A. SHMATOVA,

        Defendants.

------------------------------------X
IRVIN HUSEBY, Individually and
On Behalf of All Others Similarly
Situated,

        Plaintiff,

    - against -

OPEN JOINT STOCK COMPANY "VIMPEL-
COMMUNICATIONS", ALEXANDER IZOSIMOV,
and ELENA A. SHMATOVA,

        Defendants.
------------------------------------X

MEMORANDUM
AND
O R D E R

04 Civ. 9742 (NRB)

04 Civ. 9973 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

MAY 0 3 2005

Plaintiff City of Westland Police & Fire Retirement System ("City of Westland") has moved for consolidation, for appointment of City of Westland as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934, and for appointment of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.  The cases are actions for securities fraud brought on behalf of a purported class of investors in American Depository Receipts ("ADRs") of VimpelCom who claim to have sustained losses as a result of a fraudulent scheme perpetrated by defendants in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5 promulgated thereunder.  Only the motion to appoint City of Westland as lead plaintiff is opposed, and only defendants oppose it.  For the following reasons, the motions are all granted.

## DISCUSSION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that a court "shall appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members," known as the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  A plaintiff is entitled to a presumption that it is the most adequate plaintiff

if, it (i) has brought the motion for lead counsel in response to the publication of notice; (ii) has the "largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted when it is shown that the presumptive lead plaintiff is subject to "unique defenses" that render the plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

Defendants assert that City of Westland sold its VimpelCom ADRs before the alleged fraud was revealed and that the fraud was therefore not a cause of City of Westland's losses. Exhibit B to Declaration of Mario Alba Jr. ("Pl. Decl. Ex. B"). Defendants argue that City of Westland is therefore not entitled to the presumption under the PSLRA that it is the most adequate plaintiff because it does not have the largest financial interest, and that City of Westland is subject to the unique defense that the alleged fraud was not the cause of its losses.

City of Westland responds that defendants lack standing to challenge a motion to appoint lead plaintiff. The PSLRA provides that, in appointing a lead plaintiff "the court shall consider any motion made by a purported class member," 15 U.S.C. § 78u-4(a)(3)(B)(i), and that the presumption that a plaintiff is the most adequate plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class." 15 U.S.C. § 78u-

-3-

4(a)(3)(B)(iii)(II). City of Westland cites to several cases outside the Second Circuit holding that this language indicates defendants lack standing to object to the appointment of a lead plaintiff. See, e.g., Richard NMI Bell v. Ascendant Solutions, Inc., 2002 WL 638571 at *2 (N.D. Tex. April 17, 2002); In re Waste Management, Inc. Sec. Litig., 128 F. Supp. 2d 401, 409 (S.D. Tex. 2000).

In the Southern District of New York, however, the two cases addressing this issue have held defendants do have standing to be heard during the appointment process. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co., 2004 WL 1179311 at *8-9 (S.D.N.Y. May 27, 2004); King v. Livent, Inc., 26 F. Supp. 2d 187, 190 (S.D.N.Y. 1999). In Kings, Judge Sweet noted that "nothing in the text of the [PSLRA] precludes or limits the right of defendants to be heard" on the issue of appointment of a lead plaintiff. 36 F. Supp. 2d at 190. Judge Sweet also remarked that "permitting defendants to make a limited facial challenge to a plaintiff's motion for appointment of lead plaintiff does not disrupt the statutory framework Congress set forth," is "consistent with the goal of alleviating the abuses of the class action device in securities litigation," and that "a therapeutic appointment process such as is envisaged by the PSLRA will work better with more information than less." Kings, 36 F. Supp. 2d at 190, 191

(quoting <u>Howard Gunty Profit Sharing v. Quantum Corp.</u>, Civ. No. 96-20711 SW, slip op. at 7 (N.D. Cal. Feb. 6, 1997)).

Defendants' concerns are, however, premature. An investor who seeks to be appointed as lead plaintiff only needs to make a preliminary showing that it satisfies the requirements of Fed. R. Civ. P. 23. <u>Welt v. Lee</u>, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). <u>See also</u> <u>In re Cendant Corp. Litigation</u>, 264 F.3d 201, 263 (3d Cir. 2001) (noting that "[t]he initial inquiry . . . should be confined to determining whether the movant has made a <u>prima facie</u> showing of typicality and adequacy."). Indeed, "a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." <u>Weinberg v. Atlas Air Worldwide Holdings, Inc.</u>, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (quotations and citations omitted).

Furthermore, although defendants argue City of Westland cannot have the largest financial interest in the relief sought by the class, they do not suggest that another plaintiff is a better candidate. Defendants also do not dispute that plaintiffs have published notice to the plaintiff class as required by 15 U.S.C. § 78u-4(a)(3)(A). The attorneys for plaintiffs Morton Yates and Irvin Huseby include lawyers from several firms with extensive expertise in securities class actions. If the attorneys for the other class members shared defendants' concern that appointing City

-5-


of Westland as lead plaintiff would jeopardize this case, they would have opposed City of Westland's motion and provided information about superior lead plaintiff candidates. Defendants' arguments are properly addressed at the class certification stage, not in the context of a motion to appoint lead counsel. For the foregoing reasons, we grant City of Westland's motions.

## CONCLUSION

Morton Yates v. Open Join Stock Company "Vimpel-Communications," 04 Civ. 9742, and Irvin Huseby v. Open Join Stock Company "Vimpel-Communications," 04 Civ. 9973 are consolidated into this action for all purposes to be captioned as follows:

```
------------------------------------X
In re OPEN JOINT STOCK              :    04 Civ. 9742 (NRB)
COMPANY "VIMPEL-COMMUNICATIONS"     :
SECURITIES LITIGATION               :
------------------------------------X
```

Furthermore, we appoint City of Westland lead plaintiff and approve their selection, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), of the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

**SO ORDERED.**

Dated:   New York, New York
         April 26, 2005

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Attorneys for Plaintiff Morton Yates:

Eric J. Belfi
Murray, Frank & Sailer LLP
275 madison Ave., Suite 801
New York, NY 10116

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

Attorneys for Plaintiff Irvin Huseby:

Steven G. Schulman
Peter E. Seidman
Milberg Weiss Bershad & Schulman, LLP
One Pennsylvania Plaza
New York, NY 10119

Charles J. Piven
Law Offices of Charles J. Piven
The World Trade Center - Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD 21202

Attorneys for City of Westland:

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747

Attorneys for Defendants:

Steven M. Pesner
Andrew J. Rossman
Deborah J. Newman
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022