**A CERTIFIED TRUE COPY**

**05 CV 7446**

AUG 2 2 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1695*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VEECO INSTRUMENTS INC. SECURITIES LITIGATION

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER    JUDGE McMAHON

This litigation currently consists of ten actions listed on the attached Schedule A and pending in two districts as follows: eight actions in the Eastern District of New York and two actions in the Southern District of New York. Before the Panel is a motion by defendants Veeco Instruments Inc. (Veeco), Edward H. Braun, and John F. Rein, Jr., for centralization, pursuant to 28 U.S.C. § 1407, of these actions in the latter district. All responding parties agree that Section 1407 centralization is appropriate. Disagreement exists, however, concerning selection of the transferee forum. Proposed lead plaintiff in actions in both districts, NECA-IBEW Pension Fund (The Decatur Plan), suggests the Eastern District of New York as an appropriate transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged misrepresentations or omissions concerning Veeco's financial condition and accounting practices. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. The Southern District of New York i) contains the first-filed action; and ii) has more favorable caseload statistics than the Eastern District of New York.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in the Eastern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Colleen McMahon

---

[*] Judge Motz took no part in the decision of this matter.

U.S. DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★  AUG 2 5 2005  ★

ENTERED

★———————★

A CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY *Jessica Doss*
DEPUTY CLERK

- 2 -

for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

A CERTIFIED TRUE COPY

FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1695 -- In re Veeco Instruments Inc. Securities Litigation

### Eastern District of New York

*Andrew McIntosh v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-889
*Barry Linzer v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-957
*Bruce Kantor v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-967
*George Walker v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-1003
*Philip G. Collins v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-1277
*Servaas Holthuizen v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-1337
*Gerald J. Vogt, et al. v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-1430
*Timothy Joe Grove v. Veeco Instruments Inc., et al.*, C.A. No. 2:05-1552

### Southern District of New York

*L.I.S.T., Inc. v. Veeco Instruments Inc., et al.*, C.A. No. 7:05-2189
*Roy P. Kershaw v. Veeco Instruments Inc., et al.*, C.A. No. 7:05-2929