# EXHIBIT B

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| IN RE VEECO INSTRUMENTS INC. ) <br> PRIVATE SECURITIES LITIGATION ) | MDL Docket No. _____ |

MEMORANDUM IN SUPPORT OF MOTION OF VEECO
INSTRUMENTS INC., EDWARD H. BRAUN, AND JOHN F. REIN, JR., TO
TRANSFER AND CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS

Defendants Veeco Instruments Inc. ("Veeco"), Edward H. Braun ("Braun"), and John F. Rein, Jr. ("Rein"), respectfully submit this memorandum in support of their motion for the transfer of ten putative class actions, currently pending in two federal district courts in New York, for coordinated pretrial proceedings in the United States District Court for the Southern District of New York.[1]

As set forth below, the actions filed against defendants call for the application of 28 U.S.C. § 1407 in order to consolidate pretrial proceedings. Each of the complaints raises virtually identical claims under the federal securities laws, is predicated on nearly identical allegations, and purports to assert claims on behalf of an almost identical class of plaintiffs.

---

[1] Pursuant to Panel Rule 7.2(a), a list of the ten actions that defendants Veeco, Braun, and Rein seek to consolidate for pretrial proceedings is attached as Schedule A to the Motion to Transfer and Consolidate Actions for Pretrial Proceedings. The complaints in each of those cases are reproduced as Exhibits 1 through 10 to the Declaration of Robert F. Serio ("Serio Decl.") and are submitted herewith.

Given the overwhelming duplication of common factual questions and relief requested, transfer and consolidation of these actions would significantly further the convenience of the parties and witnesses and would promote the just and efficient conduct of the actions.

In the interest of mitigating the obvious inefficiencies that would occur if similar cases were litigated in more than one jurisdiction, defendants respectfully submit that the private securities cases should be transferred to a single district for pretrial proceedings. Defendants also respectfully submit that the Southern District of New York is an appropriate forum for those proceedings for numerous reasons. First, the initial case filed against Veeco, *L.I.S.T., Inc. v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-02189, was filed in the Southern District of New York. Second, the Southern District of New York is convenient for the parties and witnesses because most of the parties' counsel are located there, and the company is located less than thirty miles away. Third, one group of plaintiffs has already expressed an intent to move to transfer all actions that were filed in the Eastern District of New York to the Southern District of New York. *See* Serio Decl. Ex. 13, at 2. Such a motion would require independent rulings by three different Eastern District of New York judges and could result in inconsistent decisions. Fourth, having multiple judges rule independently on plaintiffs' numerous lead-plaintiff motions could result in inconsistent rulings and the appointments of multiple lead plaintiffs. And fifth, as this Panel has recognized, the Southern District of New York is uniquely well equipped to manage the kind of complex securities litigation that these cases represent.

**BACKGROUND**

On February 15, 2003, plaintiffs began filing class action lawsuits against defendants Veeco, Braun, and Rein. All of the actions contain essentially identical allegations on behalf of purported classes consisting of persons who purchased or acquired Veeco common stock during

2

class periods between November 3, 2003, and February 10, 2005. All plaintiffs allege, in substance, that defendants violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder, by causing plaintiffs and other class members to purchase Veeco securities at artificially inflated prices. Each putative plaintiff class seeks damages for defendants' alleged misconduct in allegedly using manipulative and deceptive devices in connection with the sale of Veeco securities.

## ARGUMENT

### A. These Actions Should Be Transferred and Consolidated For Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

In relevant part, 28 U.S.C. § 1407(a) specifies that the Judicial Panel on Multidistrict Litigation may transfer and consolidate two or more civil cases for coordinated pretrial proceedings if (1) they involve one or more common questions of fact, (2) transfer will further the convenience of the parties, and (3) transfer will promote the just and efficient conduct of the actions. Pursuant to 28 U.S.C. § 1407(a), parties to duplicative litigation may request that this Panel designate a single forum for management of duplicative actions whenever cases pending in different districts threaten duplicative discovery, and whenever transfer to a single court and judge would "promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407. The pending multidistrict litigation involving alleged securities violations presents a classic case for multidistrict transfer under this framework.

#### 1. The Actions Involve One or More Common Questions of Fact

The various actions against Veeco, Braun, and Rein are premised on the same core of factual allegations. As a result, they will surely involve duplicative discovery, including shared witnesses and documents. On this basis alone, the Panel has repeatedly recognized that creation of a centralized multidistrict litigation forum is highly appropriate. *See, e.g., In re Merrill Lynch*

3

*& Co., Inc. Research Reports Sec. Litig.*, 223 F. Supp. 2d 1388, 1389 (J.P.M.L. 2002) (holding that consolidation for pretrial before a single judge of actions alleging that broker failed to disclose conflicts of interest with issuers is "necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . and conserve the resources of the parties"); *In re Nortel Networks Corp. Sec. & "ERISA" Litig.*, 269 F. Supp. 2d 1367, 1368 (J.P.M.L. 2003) (centralizing duplicative litigation in which defendants were alleged to have "breached fiduciary duties" through improper investment of retirement fund assets in a given stock); *In re Unumprovident Corp. Sec. Deriv. & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003) (transferring duplicative class and derivative shareholder allegations that defendant engaged in a common set of "improper claims handling" practices); *In re AOL Time Warner Inc. Sec. Litig.*, 235 F. Supp. 2d. 1380, 1381 (J.P.M.L. 2002) (holding transfer appropriate where "all actions share factual questions arising out of alleged misrepresentations or omissions . . . concerning accounting practices"); *In re Alert Income Partners Sec. Litig.*, 788 F. Supp. 1230, 1231 (J.P.M.L. 1992) (holding that common questions of fact concerning alleged misrepresentations and omissions of information justify transfer).

There can be no question that the simultaneous pendency and active prosecution of all of these actions would risk precisely the kind of duplicative and inconsistent pretrial demands on parties and witnesses as well as the potential for inconsistent discovery, class certification and other pretrial rulings that Section 1407 was designed to avoid. *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) (centralization is intended "to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re*

4

*Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098, 1100 (J.P.M.L. 1992) (same).

### 2. Consolidation Will Further The Convenience Of The Parties And Witnesses

Consolidation of these actions will also serve the "convenience of the parties and witnesses." 28 U.S.C. § 1407(a). Most fundamentally, transfer of these actions to a single district will permit the formulation of a rational and properly sequenced pretrial program that will streamline discovery, minimize witness inconvenience and overall discovery expense, and permit parties, through cooperation and pooling of resources, to benefit from the "economies of scale" that consolidated and centralized pre-trial proceedings uniquely facilitate. *See, e.g., In re Diet Drug (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious."); *In re Stirling Homex Corp. Sec. Litig.*, 405 F. Supp. 314, 316 (J.P.M.L. 1975) ("[W]e are confident that Section 1407 treatment will allow the *Fernon* plaintiffs to experience a net savings of time, effort and expenses through pooling their resources with other plaintiffs in the transferee district who share similar interests."). Given the nearly identical factual issues raised by the parties in each action, extensive discovery is likely to be duplicated if the actions are not consolidated. In addition, absent consolidation numerous executives and employees may have to appear for several depositions on the same topics.

### 3. Consolidation Will Promote The Just And Efficient Conduct Of The Actions

In addition to preventing duplicative discovery, consolidation will prevent conflicting pretrial rulings and will facilitate a consistent resolution of class action issues. Many of the same pretrial issues, such as the scope of discovery, motions to dismiss, and determinations of class certification, are likely to arise in each case.

Centralization of these actions will mitigate the risk of inconsistent pretrial rulings that could affect the rights of plaintiffs and defendants Veeco, Braun, and Rein. For example, several pending actions seek certification of substantially overlapping national classes of Veeco securities holders. As this Panel has consistently held, "the existence of and the need to eliminate" even the "possibility" of "inconsistent class determinations" "presents a highly persuasive"—indeed, "crucial[]"—"reason for favoring transfer under Section 1407." *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974); *see also In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994) ("[c]entralization under Section 1407 is necessary in order . . . to prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgments)"); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations").

Finally, additional actions could be filed against or served upon Veeco, Braun, and Rein in the coming weeks, underscoring the necessity for prompt consolidation before duplicative litigation commences in earnest. The achievement of coordination through consolidation is particularly important in these cases to allow one federal court to preside over the selection of lead plaintiff(s), lead counsel, and other procedural requirements imposed by the Private Securities Litigation Reform Act. *See* 15 U.S.C. § 77z-1; 15 U.S.C. § 78u-4.

In short, this private securities litigation, involving as it does the threat of duplicative discovery, overlapping putative classes, conflicting pretrial rulings, and burgeoning multidistrict litigation, presents a textbook case for Section 1407 transfer.

### B.    These Actions Should Be Transferred To The United States District Court For The Southern District Of New York

The Southern District of New York is best situated to accomplish centralization of the private securities actions at a minimum of cost and disruption to all concerned for five reasons.

First, as noted, the initial action filed against Veeco, *L.I.S.T., Inc. v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-02189, was filed in the Southern District of New York. So far, all of the cases pending in the Southern District of New York have been assigned to the Honorable Colleen McMahon.

Second, the Southern District of New York represents a convenient forum of choice for all parties. Counsel for all defendants are based in the Southern District of New York as are counsel for the majority of plaintiffs whose cases are currently pending. In addition, most of Veeco's potential witnesses and documents are physically located at Veeco's offices in Woodbury, New York, and Somerset, New Jersey, both of which are within thirty miles of the Southern District.

Third, one group of plaintiffs has already expressed an intent to move to transfer all actions that were filed in the Eastern District of New York to the Southern District of New York. *See* Serio Decl. Ex. 13, at 2 ("[T]he first-filed action, *L.I.S.T., Inc. v. Veeco Instruments, Inc., et al.*, 7:05-cv-02189-CM (S.D.N.Y.), filed February 15, 2005, was filed in [the Southern District of New York]. Therefore, the related cases pending in the Eastern District of New York should all be transferred to this District . . . ."). Such a motion would require independent rulings by three different Eastern District of New York judges and could result in inconsistent decisions.

7

Fourth, different judges ruling independently on plaintiffs' numerous lead plaintiff motions could result in inconsistent rulings and the appointments of multiple lead plaintiffs. *See In re AOL Time Warner Inc. Sec. Litig.*, 235 F. Supp. 2d 1380, 1381 (J.P.M.L. 2002) ("[c]entralization under Section 1407 is necessary in order to . . . prevent inconsistent pretrial rulings"). Four such motions were filed in the Southern District of New York (*see* Serio Decl. Exs. 11, 13, 16, 18), and five were filed in the Eastern District of New York (*see* Serio Decl. Exs. 12, 14, 15, 17, 19). Multiple judges in two different districts will be ruling on these motions. The potential for inconsistent rulings is obvious and problematic, and thus the achievement of coordination through consolidation is particularly important.

Finally, transfer of these actions to the Southern District of New York would accord with the longstanding practice of this Panel, which has repeatedly recognized that the Southern District is especially well-equipped to handle complex multidistrict securities litigation. *See, e.g., In re AOL Time Warner Inc. Sec. Litig.*, 235 F. Supp. 2d at 1381 (where either of suggested federal districts "would be an appropriate forum," Panel favors litigation of complex securities fraud claims in the Southern District of New York, which "possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require"); *In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1386 (J.P.M.L. 2002) (preferring the Southern District of New York because it is best suited to handle "pretrial matters that this complex docket is likely to require").

## CONCLUSION

For the foregoing reasons, transfer of the various private securities litigations against Veeco, Braun, and Rein to a single, centralized federal forum would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28

8

U.S.C. 1407(a). Therefore, Veeco, Braun, and Rein respectfully request that this Panel enter an order transferring these actions to the Southern District of New York for coordinated pretrial proceedings.

Dated: New York, New York
April 29, 2005

Respectfully submitted,

*Robert F. Serio /cjs*

Robert F. Serio (RS-2479)
John A. Herfort (JH-1460)
J. Ross Wallin (JW-3911)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

***Counsel for Defendants Veeco Instruments Inc.,
Edward H. Braun, and John F. Rein, Jr.***