UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW MCINTOSH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>Defendants. | No.: 2:05-CV-00889 (LDW) (ETB) |
| BARRY LINZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>Defendants. | No.: 2:05-CV-00957 (DRH) (ETB) |
| BRUCE KANTOR, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>Defendants. | No.: 2:05-CV-00967 (LDW) (ETB) |

[CAPTION CONTINUES ON NEXT PAGE]

| | | |
|---|---|---|
| GEORGE WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 2:05-CV-01003 (JS) (ETB) |
| PHILIP G. COLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 2:05-CV-01277 (LDW) (ETB) |
| SERVAAS HOLTHUIZEN, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR.,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.: 2:05-CV-01337 (LDW) (ETB) |

[CAPTION CONTINUES ON NEXT PAGE]

| | |
|---|---|
| GERALD J. VOGT and ELEANOR L. VOGT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR., <br><br> Defendants. | No.: 2:05-CV-01430 (LDW) (ETB) |
| TIMOTHY JOE GROVE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VEECO INSTRUMENTS, INC., EDWARD H. BRAUN, and JOHN F. REIN, JR., <br><br> Defendants. | No.: 2:05-CV-01552 (LDW) (ETB) |

## NOTICE OF FILING

Please take notice that the undersigned has filed with the Judicial Panel on Multidistrict Litigation ("MDL Panel") a Reply Memorandum of Law in Support of its Motion to Transfer and Consolidate Actions ("Reply Memorandum") pursuant to 28 U.S.C. § 1407 on behalf of defendants Veeco Instruments Inc., Edward H. Braun, and John F. Rein, Jr. The Reply Memorandum is attached hereto as Exhibit A.

DATED: June 6, 2005

                                              Respectfully submitted,

                                              _____
                                              Robert F. Serio (RS-2479)
                                              John A. Herfort (JH-1460)
                                              Gibson, Dunn & Crutcher LLP
                                              200 Park Avenue
                                              New York, New York 10166
                                              (212) 351-4000

                                              ***Counsel for Defendants Veeco Instruments Inc., Edward H. Braun, and John F. Rein, Jr.***

# CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 6th day of June, 2005, I caused true and correct copies of a Notice of Filing of Defendants' Reply Memorandum of Law in Support of its Motion to Transfer and Consolidate Actions to be filed with the clerk of each district court in which an action is pending that will be affected by the Motion, and to be served by Federal Express on each of the following counsel:

*Ross Wallin*
J. Ross Wallin

| *Counsel for Actions Pending in E.D.N.Y.* | |
|---|---|
| Evan J. Smith, Esq.<br>Marc L. Ackerman, Esq.<br>**BRODSKY & SMITH, LLC**<br>240 Mineola Boulevard<br>Mineola, NY 11501<br>Tel: (516) 741-4977<br>Fax: (610) 667-9029<br>Email: Esmith@brodsky-Smith.com<br><br>*Counsel for Plaintiff Andrew McIntosh* | Marc A. Topaz, Esq.<br>Richard A. Maniskas, Esq.<br>**SCHIFFRIN & BARROWAY, LLP**<br>280 King of Prussia Rd.<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Fax: (610) 617-7056<br><br>*Counsel for Plaintiff Andrew McIntosh* |
| Marc C. Gardy, Esq.<br>**ABBEY GARDY, LLP**<br>212 East 39th Street<br>New York, NY 10016<br>Tel: (212) 889-3700<br>Fax: (212) 684-5191<br>Email: Mgardy@abbeygardy.com<br><br>*Counsel for Plaintiff Barry Linzer* | Samuel H. Rudman, Esq.<br>David H. Rosenfeld, Esq.<br>Mario Alba, Jr., Esq.<br>**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**<br>200 Broadhollow Road, Suite 406<br>Melville, NY 11747<br>Tel.: (631) 367-7100<br>Fax: (631) 367-1173<br>Email: Drosenfeld@lerachlaw.com<br><br>*Counsel for Plaintiff Bruce Kantor* |
| Charles J. Piven, Esq.<br>**LAW OFFICES OF**<br>**CHARLES J. PIVEN, P.A.**<br>The World Trade Center Baltimore<br>Suite 2525<br>401 East Pratt Street<br>Baltimore, MD 21202<br>Tel: (410) 332-0030<br>Fax: (410) 685-1300<br><br>*Counsel for Plaintiff George Walker* | Steven G. Schulman<br>Peter E. Seidman<br>Sharon M. Lee<br>**MILBERG WEISS BERSHAD**<br>**& SCHULMAN LLP**<br>One Pennsylvania Plaza – 49th Floor<br>New York, NY 10119<br>Tel: (212) 594-5300<br>Fax: (212) 868-1229<br><br>*Counsel for Plaintiff George Walker* |

| | |
|---|---|
| Sherrie R. Savett<br>Phyllis M. Parker<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>Fax: (215) 875-4604<br><br>*Counsel for Plaintiff George Walker* | Catherine A. Torell, Esq.<br>**COHEN, MILSTEIN, HAUSFELD<br>& TOLL, P.L.L.C.**<br>150 East 52nd Street, 30th Floor<br>New York, NY 10022-6017<br>Tel.: (212) 838-7797<br>Fax: (212) 838-7745<br>Email: Ctorell@cmht.com<br><br>*Counsel for Plaintiff Phillip G. Collins* |
| Steven J. Toll, Esq.<br>Daniel S. Sommers, Esq.<br>Julie Goldsmith Reiser, Esq.<br>**COHEN, MILSTEIN, HAUSFELD<br>& TOLL, P.L.L.C.**<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, D.C. 20005-3964<br>Tel: (202) 408-4600<br>Fax: (202) 408-4699<br>Email: Stoll@cmht.com<br><br>*Counsel for Plaintiff Phillip G. Collins* | Fred T. Isquith, Esq.<br>Christopher S. Hinton, Esq.<br>**WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP**<br>270 Madison Avenue, 11th Floor<br>New York, NY 10016<br>Tel: (212) 545-4600<br>Fax: (212) 545-4653<br>Email: Isquith@whafh.com<br><br>*Counsel for Plaintiff Servaas Holthuizen* |
| Brian M. Felgoise, Esq.<br>**LAW OFFICES OF BRIAN M.<br>FELGOISE, P.C.**<br>261 Old York Road – Suite 423<br>Jenkintown, PA 19046<br>Tel: (215) 886-1900<br>Fax: (215) 886-1909<br>Email: FelgoiseLaw@aol.com<br><br>*Counsel for Plaintiff Servaas Holthuizen* | Marc Henzel, Esq.<br>**LAW OFFICES OF MARC HENZEL**<br>273 Montgomery Avenue, Suite 202<br>Bala Cynwd, PA 19004<br>Tel: (610) 660-8000<br>Fax: (610) 660-8080<br>Email: mhenzel182@aol.com<br><br>*Counsel for Plaintiff Servaas Holthuizen* |

| | |
|---|---|
| Jules Brody, Esq.<br>Aaron Brody, Esq.<br>Tzvia Brody, Esq.<br>**STULL, STULL & BRODY**<br>6 East 45th Street<br>New York, NY 10017<br>Tel: (212) 687-7230<br>Fax: (212) 490-2022<br>Email: Ssbny@aol.com<br><br>*Counsel for Plaintiffs Gerald J. Vogt and Eleanor L. Vogt* | Joseph H. Weiss, Esq.<br>**WEISS & LURIE**<br>551 Fifth Avenue<br>New York, NY 10176<br>Tel: (212) 682-3025<br>Fax: (212) 682-3010<br><br>*Counsel for Plaintiffs Gerald J. Vogt and Eleanor L. Vogt* |
| Curtis V. Trinko, Esq.<br>**LAW OFFICES OF**<br>**CURTIS V. TRINKO, LLP**<br>16 West 46th Street, 7th Floor<br>New York, NY 10036<br>Tel: (212) 490-9550<br>Fax: (212) 986-0158<br>Email: Ctrinko@trinko.com<br><br>*Counsel for Plaintiff Timothy Joe Grove* | Alfred G. Yates, Esq.<br>**LAW OFFICES OF**<br>**ALFRED G. YATES, JR.**<br>519 Allegheny Building<br>429 Forbes Avenue<br>Pittsburgh, PA 15219<br>Tel: (412) 391-5164<br>Fax: (412) 471-1033<br>Email: Yateslaw@aol.com<br><br>*Counsel for Plaintiff Timothy Joe Grove* |
| *Counsel for Actions Pending in S.D.N.Y.* | |
| Jonathan M. Plasse, Esq.<br>Christopher J. Keller, Esq.<br>Shelly Thompson, Esq.<br>**GOODKIND LABATON RUDOFF**<br>**& SUCHAROW LLP**<br>100 Park Avenue<br>New York, NY 10017-5563<br>Tel: (212) 907-0700<br>Fax: (212) 818-0477<br>Email: jplasse@glrslaw.com<br><br>*Counsel for Plaintiff L.I.S.T., Inc. - No. 05-cv-2189 (S.D.N.Y.)* | Eric J. Belfi, Esq.<br>**MURRAY, FRANK & SAILOR LLP**<br>275 Madison Avenue, 8th Floor<br>New York, NY 10016<br>Tel: (212) 682-1818<br>Fax: (212) 682-1892<br>Email: ebelfi@murrayfrank.com<br><br>*Counsel for Plaintiff Roy P. Kershaw - No. 05-cv-2929 (S.D.N.Y.)* |

# EXHIBIT A

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE VEECO INSTRUMENTS INC. SECURITIES LITIGATION | ) ) ) ) | MDL Docket No. 1695 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS VEECO INSTRUMENTS INC., EDWARD H. BRAUN, AND JOHN F. REIN, JR.'S MOTION TO TRANSFER AND CONSOLIDATE ACTIONS FOR PRETRIAL PROCEEDINGS

Defendants Veeco Instruments Inc. ("Veeco"), Edward H. Braun ("Braun"), and John F. Rein, Jr. ("Rein"), respectfully submit this reply memorandum of law in support of their motion to consolidate and transfer pursuant to 28 U.S.C. § 1407 to the United States District Court for the Southern District of New York.

### PRELIMINARY STATEMENT

All parties concede that the ten putative class actions should be consolidated. Thus, the question before the Panel is whether the Southern District of New York (the "Southern District") is the appropriate transferee forum.

While Defendants agree with Lead Plaintiff Movant NECA-IBEW Pension Funds ("NECA") that the Panel should consider "the convenience of the parties and witnesses," 28 U.S.C. § 1407(a), in deciding which district would be the superior transferee forum, it is the

Southern District, and not the Eastern District, that is the more convenient district on virtually all counts. The Southern District is the superior forum because it is the most convenient forum for all parties under the facts and circumstances here:

- A large portion of relevant documents are located in Somerset, New Jersey, and not in Woodbury, New York, and the Southern District provides much better access to them.

- Most relevant parties and counsel are located in the Southern District or geographical areas to which the Southern District is more easily accessible than the Eastern District.

- The preference of the parties is to transfer to the Southern District, as NECA is the only party opposing such transfer.

- The first-filed action was in the Southern District.

- This Panel has routinely recognized that the Southern District is uniquely well-equipped to handle complex multidistrict securities litigation.

- Contrary to NECA's suggestion, the Southern District has a track record of considerably shorter median times from filing to disposition in civil cases than the Eastern District.

- Finally, not only is NECA the only party opposing transfer to the Southern District, but it *advocated* transfer to the Southern District a mere few weeks ago in its Motion to Appoint NECA as Lead Plaintiff.

In sum, transfer to the Southern District would best further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a).

2

# ARGUMENT

### A. The Southern District Provides Better Access to the Bulk of Relevant Documents

NECA maintains that the Eastern District is the more convenient forum because Veeco's headquarters are there. The location of Veeco's headquarters is worthy of weight only to the extent that it has a bearing where discovery will take place. NECA has made no such showing here.[1] A large portion of the relevant documents are located not in Veeco's headquarters in Woodbury, New York, but rather at Veeco's TurboDisc business unit in Somerset, New Jersey, which was the entity where an internal investigation resulted in Veeco's announcement of a restatement of its financials on February 11, 2005. Thus, the bulk of the relevant documents are most easily accessible from the Southern District, which is centrally located between Woodbury and Somerset.[2] This fact alone is sufficient to warrant consolidating the actions in the Southern District of New York. *See In re Gen. Motors Corp. Dex-Cool Prod. Liab. Litig.*, 293 F. Supp. 2d 1381, 1382 (J.P.M.L. 2003) (designating as the transferee forum the district that was more "centrally located in relation to the parties, anticipated documents, and witnesses . . . ."); *In re Amtel, Inc. Sec. Litig.*, 447 F. Supp. 466, 467 (J.P.M.L. 1978) (transferring actions to the Southern District of New York instead of the District of Rhode Island because the Southern

---

[1] In contrast to this case, the cases cited by NECA involved circumstances where a company's headquarters was the focal point of discovery. *See In re Foundry Resins Antitrust Litig.*, 342 F. Supp. 2d 1346, 1347 (J.P.M.L. 2004) (considering the location of defendants' headquarters only because the bulk of "relevant witnesses and documents [would] likely be found there"); *In re Unumprovident Corp. Sec., Derivative, & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1380 (J.P.M.L. 2003) (same).

[2] TurboDisc is located in Somerset, New Jersey, which is approximately 40 miles southwest of midtown Manhattan. Veeco's offices in Woodbury, New York, are approximately 30 miles east of midtown Manhattan.

3

District was where many documents relevant to the litigation could be found, despite that many defendants were headquartered or resided in or near Rhode Island); *In re Stirling Homex Corp. Sec. Litig.*, 388 F. Supp. 567, 569 (J.P.M.L. 1975) (transferring the actions to the Southern District of New York instead of the Western District of New York because the Southern District was where the majority of documents would be found, despite that Stirling Homex and its officers and directors were located in the Western District).

The Southern District likewise is the more convenient forum in which to conduct depositions. Defendants' counsel, as well as most of the lead plaintiff movants and their counsel, are located in the Southern District.[3] Regardless of whether the case goes forward in the Eastern District or the Southern District, most of the depositions will take place in the Southern District.

In sum, the Southern District is the most convenient location for document discovery and depositions. The Southern District is midway between the two locations most likely to contain relevant documents – Veeco's corporate headquarters in Woodbury, New York, and the offices of its TurboDisc business unit in Somerset, New Jersey – and is the most easily accessible forum for the vast majority of interested parties. For these reasons, the Southern District is the superior transferee forum.

---

[3] Certain of the Lead Plaintiff Movants and their counsel are located in Connecticut and Pennsylvania. Given the abundance of travel options into Manhattan, the Southern District also is a more convenient forum for these parties and their counsel.

4

### B. NECA is the Only Party that Opposes Transfer to the Southern District

Of the ten parties that filed a putative class action against Defendants, and the five lead-plaintiff movants, only one party, NECA, opposes transfer to the Southern District.[4] The Panel has repeatedly considered the preferences of the parties in deciding which transferee forum is most appropriate. *See In re Currency Conversion Fee Antitrust Litig.*, 176 F. Supp. 2d 1379, 1381 (J.P.M.L. 2001) (noting that "the responding defendants and at least some plaintiffs concur on transfer to [the Southern District of New York]," in consolidating eleven actions, six of which were filed in the Eastern District of Pennsylvania, two of which were filed in the Northern District of California, and three of which were filed in the Southern District); *In re Amtel, Inc. Sec. Litig.*, 447 F. Supp. 466, 467 (J.P.M.L. 1978) (transferring actions to the Southern District of New York instead of the District of Rhode Island because the Southern District was "the choice of plaintiffs in four of the seven actions in the litigation and all of the defendants, including those defendants who [were] headquartered or reside[d] in or near Rhode Island").

Further, because a majority of actions are pending in a particular district does not make that district the more appropriate transferee forum. The Panel has regularly transferred actions to forums where less than a majority or plurality of actions were pending, or to forums where no actions were pending at all. *See, e.g., In re Elec. Carbon Prod. Antitrust Litig.*, 259 F. Supp. 2d 1374 (J.P.M.L. 2003) (transferring six of nine total actions from the Eastern District of Pennsylvania to the District of New Jersey); *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec.*

---

[4] Under the Panel's Rules of Procedure, the "[f]ailure of a party to respond to a motion shall be treated as that party's acquiescence to the action requested in the motion." R.P.J.P.M.L. 7.2(c), 199 F.R.D. 425 (2001).

*Litig.*, 130 F.R.D. 475, 476 (J.P.M.L. 1990) (transferring nine of ten actions to the District of Arizona because most documents and witnesses were likely to be found there).

In sum, that none of the ten plaintiffs and only one of the five lead plaintiff movants opposes transfer to the Southern District is another important factor to be considered by the Panel that favors granting Defendants' requested action.

### C. The First-Filed Action was in the Southern District

The first-filed action, *L.I.S.T., Inc. v. Veeco Instruments, Inc.*, 05-cv-2189 (filed Feb. 15, 2005, Am. Compl. filed Apr. 14, 2005), was in the Southern District. The Panel has routinely transferred actions to the forum of the first-filed action. *See, e.g., In re GMAC Ins. Mgmt. Corp. Overtime Pay Litig.*, 342 F. Supp. 2d 1357, 1357 (J.P.M.L. 2004) (transferring actions to district where first-filed action was pending); *In re Mosaid Techs., Inc., Patent Litig.*, 283 F. Supp. 2d 1359, 1361 (J.P.M.L. 2003) (same). Furthermore, NECA's assertion that the first-filed L.I.S.T. Action and the Kershaw Action were filed in the Southern District "by mistake" is pure conjecture. NECA Opp. Mem. at 5-6.[5] If the plaintiffs in those actions in fact had mistakenly filed in the Southern District, they likely would have voluntary dismissed their complaints and refiled in the Eastern District. They have not done so. Moreover, NECA's speculation that L.I.S.T., Inc. intended to file its action in the Eastern District is particularly unpersuasive in light of the fact that counsel for L.I.S.T., Inc. filed an amended complaint in the Southern District on April 14, 2005, *almost two months after* it filed its initial complaint.

---

[5] References to "NECA Opp. Mem. at __" are to Memorandum of Law in Opposition to Defendants Veeco Instruments Inc., Edward H. Braun and John F. Rein, Jr.'s Motion to Transfer and Consolidate Actions for Pretrial Proceedings, dated May 24, 2005.

6

### D. The Southern District is Uniquely Well Equipped to Handle Complex Multidistrict Securities Litigation

As Defendants noted in their opening memorandum, the Southern District of New York's competence in handling complex multidistrict securities litigations is unparalleled. *See, e.g., In re Global Crossing Ltd. Sec. & "ERISA" Litig.*, 223 F. Supp. 2d 1384, 1386 (J.P.M.L. 2002) (transferring actions to the Southern District of New York, despite that the plurality of actions were pending in the Central District of California, because the Southern District "possesse[d] the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket [would likely require]," and because it was "conveniently located for many parties and witnesses"). In addition, NECA's assertion that consolidation in the Eastern District will "give rise to a faster moving case" is baseless. NECA Opp. Mem. at 6. According to statistics published by the Federal Judicial Center, the median time from filing to disposition in civil cases over the last five years is 10.2 months in the Eastern District, as compared to 7.4 months in the Southern District. Judicial Caseload Profile Report, http://www.uscourts.gov/cgi-bin/cmsd2004.pl.

### E. NECA Previously Advocated Transfer to the Southern District

In its Memorandum of Law in Support of Motion to Appoint NECA as Lead Plaintiff, counsel for NECA advocated transferring and consolidating all of the pending actions in the Southern District. Mem. Supp. Lead Pl. Mot. at 2 ("[T]he first-filed action, *L.I.S.T., Inc. v. Veeco Instruments, Inc., et al.*, 7:05-cv-02189-CM (S.D.N.Y.), filed February 15, 2005, was filed in [the Southern District of New York]. Therefore, the related cases pending in the Eastern District of New York should all be transferred to this District . . . ."). NECA offers no explanation for its newfound preference for litigating in the Eastern District. The facts pointing in favor of the Southern District as the more appropriate and convenient forum remain the same

7

-- only NECA's preference has changed. NECA's sudden and inexplicable change in position suggests that it is motivated more by forum shopping rather than by genuine concern about whether the Southern District is an appropriate and convenient forum.

## CONCLUSION

For the foregoing reasons, transfer of the various actions against Defendants Veeco, Braun, and Rein to the Southern District would most adequately further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Accordingly, Defendants' motion to transfer these actions to the Southern District should be granted.

Dated: New York, New York
       June 6, 2005

Respectfully submitted,

_____
John A. Herfort (JH-1460)
Robert F. Serio (RS-2479)
J. Ross Wallin (JW-3911)
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Counsel for Defendants Veeco Instruments Inc., Edward H. Braun, and John F. Rein, Jr.*

8