UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- x

PHILIP G. COLLINS, On Behalf of Himself and
All Others Similarly Situated,

        Plaintiff,

v.

VEECO INSTRUMENTS, INC., EDWARD H.
BRAUN, and JOHN F. REIN, JR.,

        Defendants.

------------------------------------- x

No. 05-CV-01277

Judge Leonard D. Wexler

**STIPULATION AND**
**PROPOSED ORDER**

WHEREAS, Plaintiff filed his Original Class Action Complaint alleging that Defendants committed violations of the Securities Exchange Act of 1934;

WHEREAS, other similar putative class actions alleging violations of the Securities Exchange Act of 1934 were filed against Defendants as follows:

1. *L.I.S.T., Inc. v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-02189 (filed Feb. 15, 2005)

2. *McIntosh v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-00889 (filed Feb. 16, 2005)

3. *Kantor v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-00967 (filed Feb. 18, 2005)

4. *Linzer v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-00957 (filed Feb. 18, 2005)

5. *Walker v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-01003 (filed Feb. 23, 2005)

6. *Holthuizen v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-01337 (filed Mar. 11, 2005)

7. *Kershaw v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-02929 (filed Mar. 16, 2005)

8. *Vogt v. Veeco Instruments, Inc. et al.*, Case No. 05-CV-01430 (filed Mar. 18, 2005);

WHEREAS, the *L.I.S.T., Inc.* and *Kershaw* actions were filed in the United States District Court for the Southern District of New York, and the remaining actions listed above were filed in the United States District Court for the Eastern District of New York;

WHEREAS, Plaintiff and Defendants expect that motions to consolidate these actions shall be filed, that motions for appointment of lead plaintiff and to approve selection of counsel to represent the putative class shall be filed, and that, thereafter, a consolidated amended complaint shall be filed; and

WHEREAS, in the interests of judicial economy and efficiency, Plaintiff and Defendants wish to extend Defendants' original deadline to answer, move, or otherwise respond to the complaint in this action until after a consolidated amended complaint is filed.

THEREFORE, Plaintiff and Defendants hereby agree and stipulate to the following:

1. Defendants shall have no obligation to move, answer, or otherwise respond to Plaintiff's Original Class Action Complaint.

2. Defendants shall be deemed to have accepted service of Plaintiff's Original Class Action Complaint.

3. Plaintiff shall have sixty (60) days from the date of appointment of lead plaintiff to file a consolidated amended complaint.

4. The date by which Defendants must move, answer, or otherwise respond to Plaintiff's amended consolidated complaint shall be extended until and through forty-five (45) days after the date on which such amended consolidated complaint is filed with the Court.

2

Dated: New York, New York
April 1, 2005

| COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By: *[signature]* Catherine A. Torell (CT-0905) | By: *[signature]* Robert F. Serio (RS-2479) |
| 150 East 52nd Street, 30th Floor<br>New York, New York 10022-6017<br>(212) 838-7797 | 200 Park Avenue, 47th Floor<br>New York, New York 10166<br>(212) 351-4000 |
| | *Counsel for Defendants* |

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.

Steven J. Toll
Daniel S. Sommers
Julie Goldsmith Reiser

1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
(202) 408-4600

*Counsel for Plaintiff*

**SO ORDERED:**

_____
The Honorable Leonard D. Wexler
United States District Court Judge

80324934_2.DOC

3