UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VEECO INSTRUMENTS INC.    :
SECURITIES LITIGATION        :    No. 7:05-MD-01695-CM

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:    :
ALL ACTIONS             :
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## ANSWER OF DEFENDANTS VEECO INSTRUMENTS INC., EDWARD H. BRAUN, JOHN F. REIN, JR., AND JOHN P. KIERNAN TO PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Veeco Instruments Inc. ("Veeco"), Edward H. Braun, John F. Rein, Jr., and

John P. Kiernan (collectively, the "Defendants"),[1] by their undersigned counsel, for their answer

to each of the allegations in the Consolidated Amended Class Action Complaint (the

"Complaint") state, upon personal knowledge as to their own actions and upon information and

belief as to the actions of others, as follows:

1.    Deny the allegations set forth in paragraph 1 of the Complaint, except admit that

the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of

purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve

all rights of appeal with respect to that decision.

2.    Deny the allegations set forth in paragraph 2 of the Complaint, except admit that

Veeco issued a press release on February 11, 2005 and refer to that press release for its contents.

3.    Deny the allegations set forth in paragraph 3 of the Complaint, except admit that

Veeco hosted a conference call on February 11, 2005 and refer to the transcript of that

---

[1]  Defendant R. Michael Weiss has not been served with a copy of the Amended Complaint.

conference call for its contents and to the public record for the prices of Veeco stock on February 10, 2005, February 11, 2005, and on the trading days between February 12, 2005 and March 15, 2005, and for the performance of the Dow Jones Industrial Average, Nasdaq Composite Index, and the S&P 600 Information Technology Index on February 11, 2005.

4.      Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Veeco issued a press release on March 16, 2005 and refer to that press release for its contents.

5.      Admit the allegations set forth in paragraph 5 of the Complaint.

6.      Deny the allegations set forth in paragraph 6 of the Complaint, except admit that Veeco issued a press release and filed a Form 10-K for the year ended December 31, 2004 on March 16, 2005 and refer to those documents for their contents, and state that they lack knowledge or information sufficient to form a belief as to whether confidential witnesses in fact made statements to Plaintiff.

7.      With respect to the allegations set forth in paragraph 7 of the Complaint, state that they lack knowledge or information sufficient to form a belief as to whether confidential witnesses in fact made statements to Plaintiff.

8.      Deny the allegations set forth in paragraph 8 of the Complaint.

9.      Deny the allegations set forth in paragraph 9 of the Complaint.

10.     Admit that Plaintiff purports to assert claims pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10-b promulgated thereunder (17 C.F.R. § 240.10b-5).

11.     Deny the allegations set forth in paragraph 11 of the Complaint, except admit that Plaintiff purports to establish the jurisdiction of this Court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

12.     Deny the allegations set forth in paragraph 12 of the Complaint, except admit that Plaintiff purports to establish proper venue in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), and that Veeco maintains its principle executive offices at 100 Sunnyside Boulevard, Suite B, Woodbury, New York, 11797.

13.     Deny the allegations set forth in paragraph 13 of the Complaint.

14.     Deny the allegations set forth in paragraph 14 of the Complaint.

15.     Admit the allegations set forth in paragraph 15 of the Complaint.

16.     Deny the allegations set forth in paragraph 16 of the Complaint, except admit that Edward H. Braun ("Braun") was Chairman and Chief Executive Officer of Veeco during the relevant time period.

17.     Deny the allegations set forth in paragraph 17 of the Complaint, except admit that John F. Rein ("Rein") was Executive Vice President, Chief Financial Officer, and Secretary of Veeco during the relevant time period.

18.     Deny the allegations set forth in paragraph 18 of the Complaint, except admit that John P. Kiernan was Vice President, Finance, and Corporate Controller of Veeco during the relevant time period.

19.     Deny the allegations set forth in paragraph 19 of the Complaint, except admit that R. Michael Weiss was an employee of a Veeco affiliate named Veeco Asia Pte Ltd. during the relevant time period.

20.     Admit the allegations set forth in paragraph 20 of the Complaint.

21.     Admit the allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision.

23.     Deny the allegations set forth in paragraph 23 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision, admit that Veeco's common stock was traded on NASDAQ at all relevant times, and refer to the public record for information concerning the number of Veeco shares outstanding at various times.

24.     Deny the allegations set forth in paragraph 24 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision.

25.     Deny the allegations set forth in paragraph 25 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision.

26.     Deny the allegations set forth in paragraph 26 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision.

27.     Deny the allegations set forth in paragraph 27 of the Complaint, except admit that the Court issued a decision on March 21, 2006 certifying this case as a class action on behalf of purchasers of Veeco common stock between April 26, 2004 and February 10, 2005, and reserve all rights of appeal with respect to that decision.

28.     Admit the allegations set forth in paragraph 28 of the Complaint.

29.     Deny the allegations set forth in paragraph 29 of the Complaint, except admit that Veeco manufactured epitaxial process equipment products during the relevant time period that were capable of depositing thin films and that were used in the manufacture of compound semiconductor/wireless devices, and admit that Veeco's molecular beam epitaxy operations were based in St. Paul, Minnesota during the relevant time period.

30.     Deny the allegations set forth in paragraph 30 of the Complaint, except admit that Veeco acquired the TurboDisc Metal Organic Chemical Vapor Deposition ("MOCVD") business from Emcore Corporation ("Emcore") and issued a press release concerning that acquisition on November 3, 2003, and refer to that press release for its contents.

4

31.     Deny the allegations set forth in paragraph 31 of the Complaint, except admit that Veeco issued press releases on October 27, 2003 and November 3, 2003 and refer to those press releases for their contents and to the public record for the price of Veeco stock on November 2, 2003, November 3, 2003, and between November 4, 2003 and January 20, 2004.

32.     Deny the allegations set forth in paragraph 32 of the Complaint, except admit that Veeco acquired the TurboDisc MOCVD business from Emcore and issued a press release and held a conference call concerning that acquisition on November 3, 2003, and refer to that press release and the transcript of that conference call for their contents.

33.     Deny the allegations set forth in paragraph 33 of the Complaint, except admit that, during the relevant time period, Veeco's TurboDisc operations were based in Somerset, New Jersey, and its MBE operations were based in St. Paul, Minnesota.

34.     Deny the allegations set forth in paragraph 34 of the Complaint, except admit that Veeco manufactured certain parts for its products during the relevant time period.

35.     Deny the allegations set forth in paragraph 35 of the Complaint, except admit that Veeco built certain reactors to forecast during the relevant time period.

36.     Deny the allegations set forth in paragraph 36 of the Complaint, except admit that Veeco entered into a Transition Services Agreement with Emcore, and refer to that agreement for its contents, and admit that Veeco filed a Form 10-Q/A for each of the quarterly periods ended March 31, 2004, June 30, 2004 and September 30, 2004 and refer to those documents for their contents.

37.     Deny the allegations set forth in paragraph 37 of the Complaint.

38.     Deny the allegations set forth in paragraph 38 of the Complaint.

39.     Deny the allegations set forth in paragraph 39 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

40.     Deny the allegations set forth in paragraph 40 of the Complaint, except admit that Veeco issued a press release on February 11, 2005 and refer to that press release for its contents

and refer to the public record for the price of Veeco stock on February 10, 2005, February 11, 2005, and from February 12, 2005 to March 15, 2005.

41.    Deny the allegations set forth in paragraph 41 of the Complaint, except admit that Veeco issued a Form 10-K for the year ended December 31, 2003 on March 12, 2004 and refer to that document for its contents.

42.    Deny the allegations set forth in paragraph 42 of the Complaint, except admit that Braun and Rein participated in a March 16, 2005 conference call and refer to the transcript of that conference call for its contents.

43.    Deny the allegations set forth in paragraph 43 of the Complaint, except admit that Braun participated in a March 16, 2005 conference call and refer to the transcript of that conference call for its contents.

44.    Deny the allegations set forth in paragraph 44 of the Complaint, except admit that Braun and Rein participated in a March 16, 2005 conference call and refer to the transcript of that conference call for its contents.

45.    Deny the allegations set forth in paragraph 45 of the Complaint, except admit that there was a November 3, 2003 conference call concerning the TurboDisc acquisition and refer to the transcript of that conference call for its contents, and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning conference calls hosted by Emcore.

46.    Deny the allegations set forth in paragraph 46 of the Complaint, except admit that Veeco entered into a Transition Services Agreement with Emcore and refer to that agreement for its contents, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

47.    Deny the allegations set forth in paragraph 47 of the Complaint, except admit that Veeco entered into a Transition Services Agreement with Emcore, and refer to that agreement for its contents.

48.     Deny the allegations set forth in paragraph 48 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

49.     Deny the allegations set forth in paragraph 49 of the Complaint, except admit that certain Emcore employees became Veeco employees on or around November 3, 2003, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

50.     Deny the allegations set forth in paragraph 50 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

51.     Deny the allegations set forth in paragraph 51 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

52.     Deny the allegations set forth in paragraph 52 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

53.     Deny the allegations set forth in paragraph 53 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

54.     Deny the allegations set forth in paragraph 54 of the Complaint, except admit that Veeco had discussions during the relevant time period concerning amounts owed between Veeco and Emcore, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

55.     Deny the allegations set forth in paragraph 55 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph, and refer to APB Opinion No. 20, Accounting Changes, for its contents.

56.     Deny the allegations set forth in paragraph 56 of the Complaint, except refer to APB Opinion No. 28, Internal Financial Reporting, for its contents.

57.     Deny the allegations set forth in paragraph 57 of the Complaint, except admit that Veeco issued a press release on April 26, 2004 and refer to that press release for its contents.

58.     Deny the allegations set forth in paragraph 58 of the Complaint.

59.     Deny the allegations set forth in paragraph 59 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

60.     Deny the allegations set forth in paragraph 60 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

61.     Deny the allegations set forth in paragraph 61 of the Complaint, except admit that Veeco issued a March 31, 2004 Form 10-Q/A, a June 30, 2004 Form 10-Q/A, and a September 30, 2004 Form 10-Q/A, and refer to those documents for their contents.

62.     Deny the allegations set forth in paragraph 62 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

63.     Deny the allegations set forth in paragraph 63 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

64.     Deny the allegations set forth in paragraph 64 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

65.     Deny the allegations set forth in paragraph 65 of the Complaint, except admit that Veeco manufactured certain parts for its products during the relevant time period and that Veeco considered various strategic options relating to its TurboDisc operations.

66.    Deny the allegations set forth in paragraph 66 of the Complaint, except admit that Veeco manufactured certain parts for its products during the relevant time period.

67.    Deny the allegations set forth in paragraph 67 of the Complaint, except admit that Emcore purchased certain parts from outside vendors prior to November 3, 2003.

68.    Deny the allegations set forth in paragraph 68 of the Complaint, except admit that Emcore purchased certain parts from outside vendors prior to November 3, 2003.

69.    Deny the allegations set forth in paragraph 69 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

70.    Deny the allegations set forth in paragraph 70 of the Complaint, except admit that Braun participated in a conference call on March 16, 2005 and refer to the transcript of that conference call for its contents, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

71.    Deny the allegations set forth in paragraph 71 of the Complaint, except admit that Veeco conducted periodic divisional reviews, refer to FASB Statement No. 5, Accounting for Contingencies, for its contents, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

72.    Deny the allegations set forth in paragraph 72 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

73.    Deny the allegations set forth in paragraph 73 of the Complaint, except admit that Veeco manufactured GaNzilla MOCVD reactors during the relevant time period, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

74.    Deny the allegations set forth in paragraph 74 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

75.    Deny the allegations set forth in paragraph 75 of the Complaint, except admit that Veeco built certain reactors to forecast during the relevant time period, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

76.    Deny the allegations set forth in paragraph 76 of the Complaint, except refer to Veeco's published financial statements and Accounting Research Bulletin No. 43, Restatement and Revision of Accounting Research Bulletins, for their contents, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

77.    Deny the allegations set forth in paragraph 77 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

78.    Deny the allegations set forth in paragraph 78 of the Complaint, except admit that Veeco issued a press release on November 3, 2003 and refer to that press release for its contents.

79.    Admit the allegations set forth in paragraph 79 of the Complaint.

80.    Deny the allegations set forth in paragraph 80 of the Complaint, except admit that Veeco hosted a conference call on November 3, 2003 and refer to the transcript of that conference call for its contents.

81.    Deny the allegations set forth in paragraph 81 of the Complaint, except admit that Veeco issued a press release on November 3, 2003 and refer to that press release for its contents, and admit that Veeco hosted a conference call on November 3, 2003 and refer to the transcript of that conference call for its contents.

82.     Deny the allegations set forth in paragraph 82 of the Complaint, except admit that Veeco filed a Form 10-K for the year ended December 31, 2003 on March 12, 2004 and refer to that document for its contents.

83.     Deny the allegations set forth in paragraph 83 of the Complaint, except admit that Veeco filed a Form 10-K for the year ended December 31, 2003 on March 12, 2004 and refer to that document for its contents.

84.     Deny the allegations set forth in paragraph 84 of the Complaint, except admit that Veeco issued a press release on April 26, 2004 and refer to that press release for its contents.

85.     Deny the allegations set forth in paragraph 85 of the Complaint, except admit that Veeco issued a press release on April 26, 2004 and refer to that press release for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

86.     Deny the allegations set forth in paragraph 86 of the Complaint, except admit that Veeco issued a press release on April 26, 2004 and refer to that press release for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

87.     Deny the allegations set forth in paragraph 87 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

88.     Deny the allegations set forth in paragraph 88 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document for its contents.

89.     Deny the allegations set forth in paragraph 89 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

90.     Deny the allegations set forth in paragraph 90 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document for its contents.

91.     Deny the allegations set forth in paragraph 91 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

92.     Deny the allegations set forth in paragraph 92 of the Complaint, except admit that Veeco filed a Form 10-K for the year ended December 31, 2004 on March 16, 2005 and refer to that document for its contents.

93.     Deny the allegations set forth in paragraph 93 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document and SEC Staff Accounting Bulletin No. 101 for their contents.

94.     Deny the allegations set forth in paragraph 94 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended March 31, 2004 and refer to that document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended March 31, 2004 and refer to that document for its contents.

95.     Deny the allegations set forth in paragraph 95 of the Complaint, except admit that Veeco issued a press release on July 26, 2004 and refer to that press release for its contents.

96.     Deny the allegations set forth in paragraph 96 of the Complaint, except admit that Veeco issued a press release on July 26, 2004 and refer to that press release for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended June 30, 2004 and refer to that document for its contents.

97.     Deny the allegations set forth in paragraph 97 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended June 30, 2004 and refer to that document

for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended June 30, 2004 and refer to that document for its contents.

98.    Deny the allegations set forth in paragraph 98 of the Complaint, except admit that Veeco filed Forms 10-Q for the quarterly periods ended March 31, 2004 and June 30, 2004 and refer to those documents for their contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended June 30, 2004 and refer to that document for its contents.

99.    Deny the allegations set forth in paragraph 99 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended June 30, 2004 and refer to that document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended June 30, 2004 and refer to that document for its contents.

100.    Deny the allegations set forth in paragraph 100 of the Complaint, except admit that Braun addressed a Smith Barney Citigroup Technology Conference on September 8, 2004 and refer to that presentation for its contents.

101.    Deny the allegations set forth in paragraph 101 of the Complaint, except admit that Braun addressed a Smith Barney Citigroup Technology Conference on September 8, 2004 and refer to that presentation for its contents.

102.    Deny the allegations set forth in paragraph 102 of the Complaint, except admit that Veeco issued a press release on October 12, 2004 and refer to that press release for its contents.

103.    Admit the allegations set forth in paragraph 103 of the Complaint.

104.    Deny the allegations set forth in paragraph 104 of the Complaint, except admit that Veeco issued a press release on October 12, 2004 and refer to that press release for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

105.    Deny the allegations set forth in paragraph 105 of the Complaint, except admit that Veeco issued a press release on October 12, 2004 and refer to that press release for its contents.

106.    Deny the allegations set forth in paragraph 106 of the Complaint, except admit that Veeco issued a press release on October 25, 2004 and refer to that press release for its contents.

107.    Admit the allegations set forth in paragraph 107 of the Complaint.

108.    Deny the allegations set forth in paragraph 108 of the Complaint, except admit that Veeco issued press releases on October 12, 2004 and October 25, 2004 and refer to those press releases for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

109.    Deny the allegations set forth in paragraph 109 of the Complaint, except admit that Veeco issued a press release on October 25, 2004 and refer to that press release for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

110.    Deny the allegations set forth in paragraph 110 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended September 30, 2004 and refer to that document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

111.    Deny the allegations set forth in paragraph 111 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended September 30, 2004 and refer to that document for its contents.

112.    Deny the allegations set forth in paragraph 112 of the Complaint.

113.    Deny the allegations set forth in paragraph 113 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended September 30, 2004 and refer to that document for its contents.

114.    Deny the allegations set forth in paragraph 114 of the Complaint.

115.    Deny the allegations set forth in paragraph 115 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended September 30, 2004 and refer to that

document for its contents, and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

116.    Deny the allegations set forth in paragraph 116 of the Complaint, except admit that Veeco filed a Form 10-Q for the quarterly period ended September 30, 2004 and refer to that document for its contents,and admit that Veeco filed a Form 10-Q/A for the quarterly period ended September 30, 2004 and refer to that document for its contents.

117.    Deny the allegations set forth in paragraph 117 of the Complaint, except admit that Veeco issued a press release on February 11, 2005 and refer to that press release for its contents.

118.    Admit the allegations set forth in paragraph 118 of the Complaint.

119.    Deny the allegations set forth in paragraph 119 of the Complaint, except admit that Veeco issued a press release on March 16, 2005 and refer to that press release for its contents.

120.    Paragraph 120 omitted in the Complaint.

121.    Paragraph 121 omitted in the Complaint.

122.    Paragraph 122 omitted in the Complaint.

123.    Paragraph 123 omitted in the Complaint.

124.    Deny the allegations set forth in paragraph 124 of the Complaint, except refer to Veeco's published financial statements for their contents.

125.    Deny the allegations set forth in paragraph 125 of the Complaint, except state that they lack knowedge or information as to whether the SEC submitted an amicus curiae brief in *In re: Sunbeam Securities Litigation*, 98-8258-Civ. (S.D. Fl.).

126.    Deny the allegations set forth in paragraph 126 of the Complaint.

127.    Since paragraph 127 of the Complaint is a contention of law, no response is required, except to refer to SEC Securities Act Release No. 6349 for its contents.

128.    Deny the allegations set forth in paragraph 128 of the Complaint.

129.    Deny the allegations set forth in paragraph 129 of the Complaint, except refer to the published accounting literature for information concerning Generally Accepted Accounting Principles.

130.    Deny the allegations set forth in paragraph 130 of the Complaint, except refer to Regulation S-X for its contents.

131.    Deny the allegations set forth in paragraph 131 of the Complaint.

132.    Deny the allegations set forth in paragraph 132 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

133.    Deny the allegations set forth in paragraph 133 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

134.    Deny the allegations set forth in paragraph 134 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

135.    Deny the allegations set forth in paragraph 135 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statement alleged in the paragraph.

136.    Deny the allegations set forth in paragraph 136 of the Complaint, except admit that Veeco filed a Form 10-K for the year ended December 31, 2004 on March 16, 2005 and refer to that document for its contents, and state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

137.    Deny the allegations set forth in paragraph 137 of the Complaint, except admit that Veeco held a conference call on November 3, 2003, and refer to the transcript of that conference call for its contents.

138.    Deny the allegations set forth in paragraph 138 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

139.    Deny the allegations set forth in paragraph 139 of the Complaint, except state that they lack knowledge or information sufficient to form a belief as to whether a confidential witness in fact made the statements alleged in the paragraph.

140.    Deny the allegations set forth in paragraph 140 of the Complaint.

141.    Deny the allegations set forth in paragraph 141 of the Complaint, except admit that Veeco filed a Form 10-K for the year ended December 31, 2003 on March 12, 2004 and refer to that document for its contents.

142.    Deny the allegations set forth in paragraph 142 of the Complaint.

143.    Deny the allegations set forth in paragraph 143 of the Complaint.

144.    Deny the allegations set forth in paragraph 144 of the Complaint.

145.    Deny the allegations set forth in paragraph 145 of the Complaint.

146.    Deny the allegations set forth in paragraph 146 of the Complaint.

147.    Deny the allegations set forth in paragraph 147 of the Complaint.

148.    Deny the allegations set forth in paragraph 148 of the Complaint, except refer to Defendants' answers to the allegations set forth above.

149.    Deny the allegations set forth in paragraph 149 of the Complaint.

150.    Deny the allegations set forth in paragraph 150 of the Complaint, except admit that Plaintiff purports to assert claims pursuant to Section 10(b) of the Exchange Act and Rule 10b-5.

151.    Deny the allegations set forth in paragraph 151 of the Complaint, except refer to Regulation S-X and other SEC regulations for their contents.

152.    Deny the allegations set forth in paragraph 152 of the Complaint.

153.    Deny the allegations set forth in paragraph 153 of the Complaint.

154.    Deny the allegations set forth in paragraph 154 of the Complaint.

155.    Deny the allegations set forth in paragraph 155 of the Complaint.

156.    Deny the allegations set forth in paragraph 156 of the Complaint.

157.    Deny the allegations set forth in paragraph 157 of the Complaint.

158.    Refer to Defendants' answers to the allegations set forth above, and admit that Plaintiff purports to assert Section 20(a) claims against the Individual Defendants.

159.    Deny the allegations set forth in paragraph 159 of the Complaint.

160.    Deny the allegations set forth in paragraph 160 of the Complaint.

161.    Deny the allegations set forth in paragraph 161 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon plaintiffs.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted and fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part for lack of standing.

### THIRD DEFENSE

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact on which Plaintiff relied and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact by others.

## FOURTH DEFENSE

Defendants are not liable because any alleged misstatements by Defendants were forward-looking and contained sufficient cautionary language and disclosure of risks, and any alleged misstatements by Defendants further are not actionable under the "bespeaks caution" doctrine.

## FIFTH DEFENSE

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiff bases its claims were not material.

## SIXTH DEFENSE

Defendants are not liable because the alleged misrepresentations or omissions by Defendants were based on the good faith, and in reasonable reliance upon the work, opinions, information, representations and advice, of others upon whom Defendants were entitled to rely.

## SEVENTH DEFENSE

Defendants are not liable because Defendants did not breach any duty to disclose information allegedly misrepresented or omitted in Defendants' statements to Plaintiff.

## EIGHTH DEFENSE

Defendants are not liable because Plaintiff's losses (if any) were not caused by Defendants.

## NINTH DEFENSE

Defendants are not liable because Defendants did not act with scienter.

## TENTH DEFENSE

Defendants are not liable because Defendants did not participate in any device, scheme or artifice to defraud in connection with the purchase or sale of any Veeco security.

### ELEVENTH DEFENSE

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of unlawful misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Veeco securities.

### TWELFTH DEFENSE

Defendants are not liable because the alleged misrepresentations and omissions alleged in the Complaint did not affect the market price of Veeco securities.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because none of the Individual Defendants were either a controlling or a culpable participant in any party's primary violation of the federal securities laws, and cannot be held liable for aiding and abetting another party's violation.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted at all times in good faith and without knowledge or intent to commit fraud and did not directly or indirectly participate in, or induce, any unlawful acts.

### FIFTEENTH DEFENSE

This action may not be properly maintained as a class action.

### SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part by Plaintiff's failure to mitigate its alleged damages.

### SEVENTEENTH DEFENSE

Defendants deny that Plaintiff was injured to the nature and extent suggested in the Complaint and contest damages.

### EIGHTEENTH DEFENSE

The damages sought by Plaintiff exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule or regulation.

### NINETEENTH DEFENSE

Defendants expressly reserve the right to amend and/or supplement their answer, defenses and all other pleadings.

### TWENTIETH DEFENSE

Defendants reserve the right to raise any additional defenses not asserted herein of which they became aware through discovery or other investigation.

WHEREFORE Defendants Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr.

and John P. Kiernan demand judgment dismissing the Complaint against them and respectfully

request that the Court award Defendants reasonable attorneys' fees and expenses and such other

and further relief as the Court deems just and proper.


Dated:   New York, New York
         April 10, 2006

                              GIBSON, DUNN & CRUTCHER LLP

                              By:   _____
                                    John A. Herfort (JH-1460)
                                    Robert F. Serio (RS-2479)
                                    J. Ross Wallin (JW-3911)


                              200 Park Avenue
                              New York, New York 10166-0193
                              Phone: (212) 351-4000
                              Fax: (212) 351-4035


                              Attorneys for Defendants
                              Veeco Instruments Inc., Edward H. Braun,
                              John F. Rein, Jr. and John P. Kiernan

80358823_2.DOC