USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────── x

In re VEECO INSTRUMENTS, INC.             05 MD 1695 (CM)
SECURITIES LITIGATION

───────────────────────────────── x

**ORDER AND DECISION DENYING DEFENDANTS' MOTION
FOR PARTIAL RECONSIDERATION**

McMahon, J.:

Defendants Veeco Instruments Inc. ("Veeco"), Edward H. Braun, John F. Rein, Jr. and John P. Kiernan (collectively "the defendants")[1] move this Court, pursuant to Local Civil Rule 6.3, for partial reconsideration of its March 21, 2006, Amended Order and Decision Denying Defendants' Motion to Dismiss and Granting Lead Plaintiff's Motion for Class Certification ("March 21 Order" or "Order"). In re Veeco Secs. Litig., 2006 WL 759751 (S.D.N.Y. March 21, 2006). Specifically, defendants challenge the Court's analysis of the Complaint's compliance with the *scienter* requirement, as well as the adequacy of certain factual arguments.[2]

For the reasons discussed below, defendants' motion for partial reconsideration is denied.[3]

---

[1] This motion is brought on behalf of all defendants, except for Michael Weiss.

[2] Familiarity with the March 21 Order, and the relevant facts discussed therein, is presumed.

[3] Because the Court was able to decide this motion on defendants' papers alone, the Court advised plaintiffs, by a letter dated April 7, 2006, that submission of responsive papers was unnecessary. See J. McMahon's Individual Practice Rules 2(g).

Copies mailed / handed / faxed to counsel 4/12/06

A.   Standard for Reconsideration

To prevail on a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). The court's review "is narrow and applies only to already-considered issues; new arguments and issues are not to be considered." See Morales v. Quintiles Transnat'l Corp., 25 F.Supp.2d 369, 372 (S.D.N.Y. 1998). A motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" See id. (citations omitted).

B.   The Group Pleading Doctrine

Defendants argue that the Court erred in assessing plaintiffs' *scienter* allegations under the group pleading doctrine. However, defendants misinterpret the Court's *scienter* analysis, which is consistent with the law in this Circuit. Accordingly, defendants' motion for reconsideration of this issue is denied.[4]

The Court's conclusion that plaintiffs adequately pled *scienter* was based on defendants' alleged *actual* knowledge, rather than knowledge imputed under the group pleading doctrine. Application of the group pleading doctrine was not necessary to the Court's holding.

---

[4] Defendants' reference to Catskill Development, L.L.C. v. Park Place Entertainment Corp., 154 F.Supp.2d 696 (S.D.N.Y. 2001), is both unavailing and misleading. Defendants cite Catskill Development as support for the proposition that, "[T]he Court erred in assessing plaintiffs' *scienter* allegations under the group pleading doctrine." (Def. Mot. For Recons. at 7). However, Catskill Development was not a securities fraud action, and the cited decision does not address *scienter*, let alone the group pleading doctrine. Aside from demonstrating this Court's recognition that it has the authority to reconsider a prior decision, Catskill Development is inapplicable to defendants' motion. If it was cited to tickle the Court's vanity, it had the opposite

In its March 21 Order, the Court spent more than four pages detailing, *inter alia*, the following allegations of recklessness and/or conscious misbehavior, as alleged in the Complaint: defendants Braun and Rein refused (and directed Kiernan to refuse) to permit Veeco's financial statements to reflect charges to income required to fairly reflect accruals for warranty losses; defendants Braun, Rein and Kiernan refused to write down more than $5 million in nonsaleable inventory in violation of GAAP and Veeco's internal inventory accounting policy, despite knowledge of the inventory buildup in 2004; defendant Kiernan, at the direction of Rein, instructed CW3 to delay adjustment of Veeco's overstatement of income in connection with the TSA so as to bury it with other adjustments in the fourth quarter. See In re Veeco Secs. Litig., 2006 WL 759751 at *9. As the Court emphasized, "CW3 maintains that defendants Braun, Rein, and Kiernan had *actual* knowledge of Veeco's alleged accounting improprieties." Id. at *11 (emphasis added). Based on these and other allegations outlined in the March 21 Order, the Court concluded that plaintiffs "alleg[ed] facts [] constitute[ing] strong circumstantial evidence of conscious misbehavior or recklessness" on the part of the individual defendants. See Novak v. Kasaks, 216 F.3d 300, 307 (2d Cir. 2000).

The Court went on to say that, even under the group pleading doctrine (by which knowledge of the falsity of Veeco's financial statements was properly imputed to Braun, Rein and Kiernan), plaintiffs sufficiently alleged recklessness. While I continue to believe this analysis is correct, it is merely an alternative rationale for the ultimate holding. Were the discussion of the group pleading doctrine to be eliminated from the Opinion, I would still hold the *scienter* requirement satisfied. Thus, there is nothing to reconsider.

---

effect.

C.  The Sanan Group Contract and Inventory Stockpile

Defendants also contend that the Court ignored their arguments relating to plaintiffs' purported failure to plead *scienter* with respect to Veeco's alleged premature recognition of revenue from the Sanan Group and alleged accumulation of nonsaleable TurboDisc reactors. However, the Court did not overlook these arguments—indeed, it considered them but ultimately found them unpersuasive. Accordingly, there is no basis for reconsideration.

First, defendants claim that the Court failed to consider the date the Sanan Group Contract was executed. Specifically, they argue that the Contract was signed in October 2003 and, therefore, that Veeco's recognition of $3,624,000 of revenue during the first quarter of 2004 was not premature.

However, in their Consolidated Amended Class Action Complaint, plaintiffs allege that the Sanan Group Contract was not signed or announced until late April 2004. (Cplt. ¶¶ 59, 132). Plaintiffs further note that the purported Sanan Group Contract that was executed in October 2003 (attached as Defendants' Exhibit I), was signed by Emcore, but not Veeco, from which one could infer that it was not the Contract mentioned in the Complaint.

On a motion to dismiss, "The court assumes that all factual allegations in the Complaint are true, and draws all reasonable inferences in the plaintiff's favor." In re Veeco Secs. Litig., 2006 WL 759751 at *3 (citing EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000)). Plaintiffs' factual averment that the relevant Contract was signed and announced in April 2004, is sufficient. It may or may not be true, but now is not the time to deal with that issue.

Second, defendants maintain that the Court overlooked their argument that plaintiffs

failed to describe CW3 with sufficient particularity.[5] However, as the Court explained in its March 21 Order, "[T]here is no requirement that [confidential sources] be named, provided they are described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." In re Veeco Instruments Secs. Litig., 2006 WL 759751 at *7 (citing Novak, 216 F.3d at 314; In re NTL, Inc. Sec. Litig., 347 F.Supp.2d 15, 24 (S.D.N.Y. 2004)). Furthermore, "Plaintiffs are not required to plead specific job titles, describe the sources' responsibilities and duties in detail or allege access to specific company documents." In re Atlas Air Worldwide Holdings, Inc. Sec. Litig., 324 F.Supp.2d 474, 489 (S.D.N.Y. 2004).

Plaintiffs identify CW3 as "a former Veeco employee who was a high level accounting officer at Veeco during the Class Period." (Cplt. ¶ 7). Plaintiffs further indicate that CW3 regularly participated in teleconference meetings and one-on-one discussions with defendant Braun, Veeco's Chairman and Chief Executive Officer. (Cplt. ¶ 139). The Court concluded that as (1) a high level officer, (2) in the accounting department, (3) who worked closely with the CEO, it is likely that CW3 would have been knowledgeable about Veeco's alleged accounting improprieties and defendants' knowledge thereof. See In re Veeco Instruments Secs. Litig., 2006 WL 759751 at *7-8 (citing In re NTL, Inc. Sec. Litig., 347 F.Supp.2d at 24); see also In re BISYS Secs. Litig., 379 F.Supp.2d 430, 442 (S.D.N.Y. 2005).

Defendants' reliance on In re Flag Telecom Holdings, Ltd. Securities Lititigation is

---

[5] Plaintiffs also rely on statements made by two other confidential witnesses, CW1 and CW2. However, defendants do not challenge plaintiffs' description of these witnesses, presumably because plaintiffs rely on their statements only for background and not as direct evidence of fraud or *scienter*.

misplaced, as the confidential source in that case was identified only as "a former FLAG Network Planner," with no other information. 308 F.Supp.2d 249, 261-2 (S.D.N.Y. 2004); see also In re BISYS Secs. Litig., 379 F.Supp.2d at 442. In contrast, CW3 is described with enough identifying information to render him/her reliable.

Moreover, the Complaint satisfies the heightened pleading requirement as interpreted by a recent line of cases in this district, which have adopted a broader interpretation of the pleading requirement, holding that plaintiffs need not identify documentary or personal sources at all as long as their factual allegations are sufficiently detailed. See, e.g., In re Philip Servs. Corp. Secs. Litig., 383 F.Supp.2d 463, 477-80 (S.D.N.Y. 2004).

Last, even if plaintiffs' reliance on CW3 was proper (which it was), defendants argue that plaintiffs fail to allege facts tending to establish that defendants knew the stockpiled inventory was worthless. However, defendants offer no reason why the Court should reconsider the sufficiency with which plaintiffs pled *scienter* in connection with the accumulation of nonsaleable inventory. Having already addressed this precise issue in its March 21 Order, see In re Veeco Instruments Secs. Litig., 2006 WL 759751 at *9-10, the Court declines to entertain a second round of arguments simply because defendants are not happy with the Court's original holding.

For the foregoing reasons, defendants' motion for partial reconsideration is denied.

This constitutes the Order and Decision of the Court.

Dated: April 12, 2006.

_____
U.S.D.J.