USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
In re VEECO INSTRUMENTS, INC.        :    Case No.: 7:05-md-1695 (CM)
SECURITIES LITIGATION                :
------------------------------------------------ x
------------------------------------------------ x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
------------------------------------------------ x

## STIPULATED PROTECTIVE ORDER

1.  This Stipulated Protective Order ("Order") governs the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party during pretrial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, summaries and by-products thereof.

2.  The above-captioned securities litigation may involve the production of voluminous documents. Some of the documents and other discovery materials of each of the parties are confidential or privileged within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

3.  The parties agree this Order is appropriate and advisable, and request that the Court approve the Order to prohibit the disclosure of certain confidential material and information.

4.  Pursuant to Fed. R. Civ. P. 26(c)(7), if, in the course of this litigation, any party or Third Party undertakes to produce or is caused to disclose what they in good

1

faith believe embodies confidential information, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Order.

5. **Definitions**

    a. **Discovery Material.** "Discovery Material" means any information, document or tangible thing, deposition testimony or transcript, and any other similar materials, or portions thereof, produced or obtained through any formal discovery device provided by the Federal Rules of Civil Procedure.

    b. **Confidential Material.** Confidential Material means any Discovery Material designated as "Confidential" in accordance with Paragraphs 6 and 8 below. Discovery Material may be designated as "Confidential" if the designating party in good faith believes that the Discovery Material is a trade secret or other confidential or proprietary financial, operational, technical (including research and development), customer, supplier, or commercial information, or information subject to a legally protected right of privacy. Confidential Material shall not consist of information which has been produced, disclosed or made available to the public or otherwise available for public access, provided, however, that confidential compilations of information shall not be deemed to have been so produced or disclosed merely because some or all of the component data have been so produced or disclosed other than in such compilation.

    c. **Highly Confidential Material.** Highly Confidential Material means any Discovery Material designated as "Highly Confidential" in accordance with Paragraphs 6 and 8 below. Discovery Material may be designated as "Highly Confidential" if the designating party in good faith believes that the Discovery Material is of a proprietary business or technical nature that might reasonably be of value to a

competitor or potential customer of the party or nonparty holding the proprietary rights thereto, or might reasonably result in commercial disadvantage to the producing party.

      d.    **Third Party.** "Third Party" means any individual, corporation or other entity not a party to this case from whom Discovery Material is sought or obtained. The parties agree to notify all third parties from whom Discovery Material is sought after entry of this Protective Order of the existence of the Protective Order and to provide them with a copy of it prior to the production of any Discovery Material.

    6.    Counsel for any party or third party to this litigation shall designate documents or information as Confidential Material or Highly Confidential Material prior to actual production of the document or information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on every page of each document so designated. In the case of confidential information disclosed in a non-paper medium, (e.g., video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be affixed to the outside of the medium or its container. Inadvertent failure to designate a document as Confidential Material or Highly Confidential Material may be corrected by supplemental written notice given as soon as practicable.

    7.    Any receiving party may at any time request that the designating party cancel the designation of documents, objects or information as Confidential or Highly Confidential. Such request shall be written, shall be served on counsel for the designating party, and shall identify the designated Confidential or Highly Confidential Material that the receiving party contends is not Confidential or Highly Confidential and the reasons supporting its contentions. If the designating party does not agree that the

documents or information should no longer be considered Confidential or Highly Confidential Material under this Order, then the designating and requesting parties shall confer in a good faith effort to resolve the dispute. If after timely notice and conference the parties fail to resolve their dispute, the party contending for such non-confidentiality ("the requesting party") may move the Court for an order determining whether or not such document is Confidential Material or Highly Confidential Material. If the Court grants the requesting party's motion in whole or in part, such ruling shall not take effect until ten (10) court days after it is made. The requesting party shall not make any disclosure while a motion to allow or to bar such disclosure is pending or while any appeal or request for review or reconsideration pertaining to such a motion is pending.

8. Counsel for any party shall have the right to exclude from oral depositions, other than a person who qualifies under paragraph 9, and the deponent and the deponent's counsel, any person who is not authorized by this Order to receive documents or information designated as Confidential or Highly Confidential. Such right of exclusion shall be applicable only during periods of deposition examination or deposition testimony directed to or comprising Confidential of Highly Confidential Material.

If during the course of any deposition, and not later than thirty (30) days after the receipt of a written transcript of such deposition, the witness, counsel for the witness, or counsel for any of the parties in this action notifies counsel for the parties in writing that the deposition transcript or any portion thereof or any exhibits to the deposition is subject to designation as Confidential or Highly Confidential, such transcript or portion thereof shall be treated as provided by this Order for documents designated as Confidential or

Highly Confidential. Confidential or Highly Confidential documents that are used as exhibits shall remain Confidential or Highly Confidential. Any deposition that has any portion of the transcript or exhibits designated as Confidential or Highly Confidential shall indicate that it contains Confidential or Highly Confidential Material. A party which objects to the designation shall have the rights set forth in paragraph 7. Any deposition transcript shall be deemed Highly Confidential until at least 30 days after the deponent or his or her counsel has received a final written deposition transcript. Within such 30 day period, counsel for any party may notify other counsel in writing of a permanent designation (subject to the terms herein) of all or part of the transcript as Confidential or Highly Confidential.

When depositions or portions of depositions are designated Confidential or Highly Confidential, counsel shall use such Confidential or Highly Confidential information only as provided for in this Order. All persons present at the taking of such depositions when such Confidential Material or Highly Confidential Material is involved are enjoined from disclosing to any other person the testimony of the deponent regarding such material, except as permitted herein.

9.  Documents or information designated as Confidential, copies thereof and the information contained therein may be disclosed only to the following persons:

   a.  Lead Plaintiffs or class representative plaintiffs in this litigation;
   b.  Defendants in this litigation;

c.  Outside and in-house counsel for the parties, including such counsel's paralegals, secretarial and clerical personnel who are working on this litigation;

d.  A witness at a deposition or at trial if there is a good faith reason to believe that the witness (or the employer of such witness if upon Rule 30(b)(6) deposition) (1) has previously seen the document or (2) is familiar with the subject matter of the document and likely has knowledge of relevant information regarding the document or information designated as Confidential or Highly Confidential;

e.  Non-testifying experts and their support staff and consultants and their support staff who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action, to the extent that such disclosure is necessary for purposes of this litigation;

f.  Testifying experts and their support staff retained by counsel for the parties for assistance with respect to this action, or persons that counsel in good faith expect to retain as testifying experts, to the extent that such disclosure is necessary for purposes of this litigation;

g.  The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court; and any mediator or arbitrator appointed or approved by the Court in the course of this litigation;

h.  Court reporters, including stenographers and video technicians transcribing proceedings in this action;

i.  Third party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in

6

relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Order is prohibited; and

    j.    any other person hereafter designated by written stipulation of the parties or by further Order of the Court.

10.    Except as otherwise provided in this Order, documents or information designated as Highly Confidential, copies thereof and the information contained therein may be disclosed only to the persons described in subparagraphs (c), (d), (e), (f), (g), (h), and (i) of Paragraph 9 above. Plaintiffs may disclose Highly Confidential Material pursuant to this paragraph to a person described in subparagraph (e) of Paragraph 9 above only if such person i) has received in excess of $2000 for his or her expert or consulting services; and ii) is not an employee or consultant for a competitor, supplier or customer of Veeco.

11.    In addition to the limitations specified in Paragraphs 9 and 10, Confidential Material or Highly Confidential Material may be disclosed to the persons described in Paragraph 9 only to the extent necessary for purposes of this action, and each person described in subparagraphs (a), (b), (d), (e), and (f) of Paragraph 9 shall, prior to such disclosure, first have signed a counterpart of the Confidentiality Agreement attached hereto as Exhibit A, acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information to anyone else except as permitted herein, and will not use such material for any purpose other than trial preparation, trial, or appeal of this action. Each such counterpart of Exhibit A shall be

maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto at the conclusion of the litigation. The parties reserve the right to request access to executed Exhibit As prior to the conclusion of the litigation. The parties likewise reserve the right to object to providing such access prior to the conclusion of the litigation on the grounds of attorney-client privilege or the work product doctrine or any other privilege. Any such assertion of privilege shall be made by redacting the name of the person executing the Exhibit A and any other identifying or confidential information prior to providing Exhibit A to the requesting party. The parties likewise reserve the right to contest any such assertion of privilege.

Disclosure of confidential documents or information to an expert or consultant under Paragraphs 9 and 10 shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

12. Confidential Material and Highly Confidential Material subject to this Order, including all copies, extracts, and summaries thereof and all documents containing information taken there from, shall remain in the custody of counsel and shall not be provided to other persons except as necessary for purposes of this litigation, pursuant to Paragraphs 9 and 10 above.

13. No party shall submit Confidential Material or Highly Confidential Material to the Court except in a separate envelope or other appropriate container, sealed and labeled with the caption of this case and the notation "Filed Under Seal". The Clerk shall maintain the confidentiality of these documents. Such materials shall be made available only to (a) the Court; (b) court personnel; and (c) counsel for the parties to this action. Prior to using any Confidential Material or Highly Confidential Material in

connection with an in-court presentation, Counsel will meet and confer with the party producing the Confidential or Highly Confidential Material to discuss whether the use of the material can be avoided. Any disputes will be resolved by the Court.

14. All documents and information designated as Confidential or Highly Confidential shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or generally in connection with this litigation, and for no other purpose whatsoever. Without limitation, no person receiving confidential information shall use such confidential information in any other action or proceeding. Material designated as confidential shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

15. The terms of this order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of third parties, or (b) to raise or assert any objections heretofore or hereafter raised or asserted including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished subject hereto. The inadvertent disclosure of any document or information shall not operate as a waiver of any discovery privilege or exception, including without limitation the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information. A party which has received inadvertently disclosed documents or information subject to a claim of

privilege shall, immediately upon discovery of the same or upon the request of the producing party, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

16.  Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a disclosing entity hereunder.

17.  Upon final termination of this action (including all appeals) with respect to any party receiving any non-public information through discovery, including without limitation any Confidential Material or Highly Confidential Material, the receiving party shall, within thirty (30) days of such termination, return to the designating party or destroy all non-public information obtained through discovery, including without limitation any information designated as Confidential or Highly Confidential which is in its possession, excepting only attorney-generated memoranda and pleadings which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order including the restriction that Discovery Material be used solely for the purpose of litigating this lawsuit. In either event, upon request of the party who produced or supplied the information, the receiving party shall certify the return or destruction of all such information.

18.  If Confidential or Highly Confidential Material is called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information as Confidential or Highly Confidential and shall not

produce the documents until the earlier of 15 days after providing notice or the return date of the subpoena or other process.

19.  The parties agree that this Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all pre-trial proceedings in this matter, including materials produced at any time after commencement of this case.

20.  Nothing in this Order shall (a) prevent a party from any use of its own Confidential or Highly Confidential Material; or (b) prevent Defendants from disclosing Confidential or Highly Confidential Material produced by Veeco's auditors, vendors, suppliers or customers to Veeco's current officers, directors or employees, to the extent that such disclosure is necessary for the purposes of this litigation.

21.  The parties to this action reserve all rights to apply to the Court for an order or orders modifying or amending this Order.

22.  Nothing in this Order shall prevent any person from petitioning the Court for a separate order governing disclosure of its information.

23.  The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 17 hereof) after final disposition of this action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties or third parties.

24.  Any person not a party to this action from whom discovery is sought may obtain the benefits of this Stipulation and Order by signing, or having duly authorized counsel sign, a copy of this Stipulation and Order and giving notice thereof to counsel for

the parties. Any documents, deposition testimony and other information produced upon discovery by such person and designated as Confidential or Highly Confidential by such person shall be treated accordingly.

AGREED TO AND CONSENTED BY,

Dated: 5/15/06

**BERGER & MONTAGUE, P.C.**

By: _____
Sherrie R. Savett (# 17646)
Phyllis M. Parker (#77336)
Jeffrey L. Osterwise (#201859)
1622 Locust Street
Philadelphia, PA 19103
Tel. (215) 875-3000
Fax (215) 875-4604
*Lead Counsel for Lead Plaintiff Steelworkers Pension Trust and the Class*

**GIBSON, DUNN & CRUTCHER, LLP**

Dated: 5|12|06

By: _____
John A. Herfort (JH-1460)
Robert F. Serio (RS-2479)
J. Ross Wallin (JW-3911)
200 Park Avenue
New York, NY 10166
Tel. (212) 351-4000
Fax (212) 351-6223

*Counsel for Defendants*

Dated: May 16, 2006
White Plains, NY

SO ORDERED:

_____
Honorable Colleen McMahon
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.        :   Case No.: 7:05-md-1695 (CM)
SECURITIES LITIGATION                :
------------------------------------------------------- x
------------------------------------------------------- x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
------------------------------------------------------- x

**EXHIBIT "A"**

**CONFIDENTIALITY AGREEMENT**

I, _____ , hereby acknowledge that:

(a)  I have received a copy of the Stipulated Protective Order ("Order") entered in this action by the United States District Court for the Southern District of New York;

(b)  I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

(c)  I understand the terms of the Order and agree to comply with and to be bound by such terms;

(d)  I may receive documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and restrictions of the Order;

(e)  I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order;

(f)     To the extent I serve as a non-testifying expert or consultant for Plaintiffs (as defined in Paragraph 9(e) of this Order), I affirm that it is a violation of this Order for me to receive information designated under this Order as Highly Confidential if I am an employee or consultant for a competitor, supplier or customer of Veeco; and

(g)     I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for resolution of any matters pertaining to the Order.

Date: _____       Signature: _____