USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.      :     MDL No.: 7:05-md-01695-CM
    SECURITIES LITIGATION          :
---------------------------------------------------------- x
---------------------------------------------------------- x
THIS DOCUMENT RELATES TO:          :     **REQUEST FOR INTERNATIONAL**
    ALL ACTIONS                    :     **JUDICIAL ASSISTANCE (LETTER**
---------------------------------------------------------- x     **ROGATORY)**

The United States District Court for the Southern District of New York presents its compliments to the Appropriate Judicial Authority of Singapore and respectfully requests international judicial assistance to effect Service of Process to be used in a Civil proceeding before this court in the above captioned matter. All discovery in this matter is scheduled to be completed December 22, 2006.

**I.    REQUEST**

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Singapore effect Service of Process of a Summons in a Civil Case and a Consolidated Amended Class Action Complaint on:

**R. Michael Weiss**

at his place of business:

**Veeco Asia Pte Ltd.**
**11 Biopolis Way #10-05/08**
**The Helios, Singapore, 138667**

The Appropriate Judicial Authority of Singapore is respectfully requested to serve the above mentioned documents by personal service into the hands of R. Michael Weiss or another person authorized to accept service, or in a manner of service consistent with the laws of Singapore.

## II. FACTS OF THE CASE

This is a federal securities fraud class action on behalf of purchasers of the securities of Veeco Instruments, Inc. between April 26, 2004 through February 10, 2005, inclusive, seeking to pursue remedies under the Securities Exchange Act of 1934. Plaintiffs allege that Defendants Veeco and several of its high ranking officers, including Edward H. Braun, John F. Rien, Jr., John P. Kiernan and R. Michael Weiss, made material misrepresentations and omissions regarding, *inter alia*, Veeco's earnings and the profitability of its TurboDisc division, thereby causing the price of Veeco stock to become artificially inflated. Defendant Weiss was the Vice President and General Manager of Veeco's Asia Pacific Region during the Class Period, and Plaintiffs allege, *inter alia*, that Mr. Weiss was involved in Veeco's improper premature recognition of revenue from the sale of TurboDisc MODVD reactors under a contract with Fujian Quanzhou Sanan Group Ltd., which is based in Fujian Province, China, within Veeco's Asia Pacific Region.

On February 11, 2005 Veeco announced that would postpone the release of audited financial results for the 2004 fourth quarter and full year 2004, pending the completion of an internal investigation of "improper accounting transactions" at its TurboDisc division. Following this announcement, shares of Veeco fell $1.90 per share, or 10.07 percent, from $18.86 at the close of trading on February 10, 2005, to $16.96 per share at the close of trading on February 11, 2005, thereby damaging Plaintiffs. On March 16, 2005, Veeco announced that it had completed its internal investigation and determined that it had overstated its pre-tax earnings for the first three quarters of 2004 by $10.2 million and that it would restate the financial statements for the those three quarterly periods and nine months ended September 30, 2004.

Plaintiffs allege violations of § 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, and § 20(a) of the Securities Exchange Act. On March 21, 2006, this Court denied a motion to dismiss the Consolidated Amended Class Action Complaint filed by Defendants Veeco, Edward H. Braun, John F. Rein and John P. Kiernan and granted Lead Plaintiff's motion to certify the action as a class action, for the period April 26, 2004 through February 10, 2005. On April 14, 2004 this Court denied a motion for partial reconsideration of the March 21, 2006 decision.

## III. RECIPROCITY

The Court expresses its willingness to provide similar assistance, in the future, to the judicial authorities of Singapore.

## IV. REIMBURSEMENT FOR COSTS

The Court also expresses its willingness to have plaintiffs reimburse the appropriate judicial authorities of Singapore for costs incurred in executing the attached Letters Rogatory with a ceiling of $500. If costs should exceed $500 (U.S. currency), the Court would simply request that Plaintiffs' counsel be notified at the following address before any additional expenditures are made:

> Phyllis M. Parker
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA 19103-6305
> United States of America
> 009 1 215 875-4647 (tel)
> 009 1 215 875-4674 (fax)
> pparker@bm.net
> Lead Counsel for the Class

## V.     TIME TO RESPOND

In acknowledgment of the additional time which is needed to prepare and file a response to the attached documents, the time period for responding is extended to 45 days after service.

Dated this 19 day of May, 2006

*[signature]*

Hon. Colleen McMahon
United States District Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601-4150
United States of America

[Court Seal]