EXHIBIT A

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193

(212) 351-4000

www.gibsondunn.com

rserra@gibsondunn.com

July 27, 2006





Direct Dial
(212) 351-3917

Client No.
T 94625-00001

Fax No.
(212) 351-5246

### *VIA FACSIMILE*

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
300 Quarropas Street, Room 533
White Plains, New York 10601

Re:  *In re Veeco Instruments Inc. Securities Litigation, MDL No. 7:05-MD-01695 (CM); Huncke v. Braun, et al., No. 7.05-CV-10224 (CM); Schupp v. Braun, et al., No. 7:05-CV-10225 (CM); Altman v. Braun, et al., No. 7:05-CV-10226 (CM)*

Dear Judge McMahon:

We write to inform Your Honor that the parties have scheduled a mediation in this action. The parties have selected retired United States District Court Judge Nicholas Politan as the mediator. The mediation has been scheduled for October 11-12, 2006.

The parties have consulted with each other and believe that an adjournment of the current schedule would greatly increase the likelihood of a successful mediation. The defendants expect to complete production of documents within the first three weeks of August. The parties will then need time to study the documents and prepare written submissions in advance of the mediation on October 11, 2006. In addition, the defendants' insurance carrier will utilize this time period to analyze the facts bearing on insurance issues in order to be in a position to participate in the mediation.

In light of the scheduled mediation, the parties respectfully request that the Court amend its April 6, 2006 Scheduling Order (which we have attached to this letter for the Court's convenience) as follows:

# GIBSON, DUNN & CRUTCHER LLP

The Honorable Colleen McMahon
July 27, 2006
Page 2

| Task | Current Schedule (per April 6, 2006 Order) | [Proposed] Amended Schedule |
|---|---|---|
| Deadline to complete document production | July 31, 2006 | August 21, 2006 |
| Deadline to complete mediation | | October 13, 2006 |
| Deadline to complete fact discovery (depositions) | October 27, 2006 | January 31, 2007 |
| Deadline to identify experts and submit expert reports | November 13, 2006 | February 15, 2007 |
| Deadline to submit rebuttal or supplemental expert reports | December 1, 2006 | March 2, 2007 |
| Deadline to complete expert discovery (depositions) | December 22, 2006 | March 23, 2007 |

In the event the mediation is unsuccessful, the parties will be prepared, as reflected in the proposed schedule above, to expeditiously complete fact and expert discovery.

The parties have attached a draft order reflecting this revised schedule and appreciate the Court's consideration of this request.

Respectfully submitted,

Robert F. Serio
**Gibson, Dunn & Crutcher LLP**

*Counsel for Defendants*

# GIBSON, DUNN & CRUTCHER LLP

The Honorable Colleen McMahon
July 27, 2006
Page 3

Sherrie R. Savett (c-1)

Sherrie R. Savett
**Berger & Montague, P.C.**

**Lead Counsel for Securities Class Action
Plaintiffs**

Robert I. Harwood (c-1)

Robert I. Harwood
**Wechsler Harwood LLP**

**Counsel for Derivative Plaintiffs**

# EXHIBIT B

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rwallin@gibsondunn.com

October 26, 2006

**Direct Dial**
(212) 351-5395
**Fax No.**
(212) 351-6223

**Client No.**
T 94625-00001

VIA FEDERAL EXPRESS AND EMAIL

Phyllis M. Parker, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6305

Re:    *In re Veeco Instruments Inc. Securities Litigation,*
Case No. 7:05-MDL-1695 (CM)(GAY)

Dear Phyllis:

Please find enclosed electronic copies of documents responsive to plaintiffs' document request, Bates stamped VECO 0513631 – VECO 0514091. Upon further review, these documents are responsive and should have been included in Defendants' earlier document productions.

In addition, please note that the privilege log that we sent to you on September 14, 2006 remains current.

Sincerely,

Ross Wallin

Enclosures

# GIBSON, DUNN & CRUTCHER LLP

Phyllis M. Parker, Esq.
October 26, 2006
Page 2


cc:     Robert I. Harwood, Esq.
        Paul Scarlato, Esq. (w/o encls.)
        Nadeem Faruqi, Esq. (w/o encls.)
        John A. Herfort, Esq. (w/o encls.)
        Robert F. Serio, Esq. (w/o encls.)

EXHIBIT C

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

cyoung@gibsondunn.com

December 1, 2006

Direct Dial
(212) 351-2351

Fax No.
(212) 351-6327

Client No.
T 94625-00001

FEDERAL EXPRESS

Robert I. Harwood
Wechsler Harwood LLP
488 Madison Avenue
New York, New York 10022

Re:    *In re Veeco Instruments Inc. Securities Litigation,*
       Case No. 7:05-MDL-1695 (CM)(GAY)

Dear Mr. Harwood:

Enclosed are documents bearing the bates range VECO 0159622 – VECO 0160191. After further review, we have determined that these documents are responsive and were inadvertently omitted from defendants' earlier document productions.  Please let us know if you have any trouble reading the disk.

Best regards,

Colin Young

CRY/cry
Enclosure

cc:    Phyllis M. Parker, Esq. (without enclosure)

# EXHIBIT D

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rwallin@gibsondunn.com

December 12, 2006

Direct Dial
(212) 351-5395

Fax No.
(212) 351-6223

Client No.
T 94625-00001

<u>BY EMAIL</u>

Robert I. Harwood, Esq.
Wechsler Harwood LLP
488 Madison Avenue
New York, New York 10022

Re:    *In re Veeco Instruments Inc. Securities Litigation,*
Case No. 7:05-MDL-1695 (CM)(GAY)

Dear Mr. Harwood:

I write with respect to Derivative Plaintiffs' Notice of Taking Depositions, dated December 11, 2006, in which you notified us of your intention to take nine depositions between now and January 31, 2007.

Under Rule 30 of the Federal Rules of Civil Procedure, a party must obtain leave of court if a proposed deposition would result in more than ten depositions being taken by the plaintiffs or by the defendants, or if a person to be examined has already been deposed in the case.

As you noted in your letter of December 11, 2006, accompanying the above-mentioned notice, the derivative action is coordinated with the securities action for the purpose of discovery. Accordingly, the derivative plaintiffs and the securities action plaintiffs are limited to a total of ten depositions.

In addition, we take issue with your delay in noticing these depositions. The mediation concluded two months ago. Counsel for the securities action plaintiffs notified you three weeks ago, on November 21, 2006, that they intended to take nine depositions. Nevertheless, you waited until yesterday – barely six weeks before the close of fact discovery on January 31, 2007 – to notice an additional nine depositions.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

GIBSON, DUNN & CRUTCHER LLP

Robert I. Harwood, Esq.
December 12, 2006
Page 2


We trust that you will work expeditiously with counsel for the securities action plaintiffs to decide on which ten depositions you collectively wish to take, and to avoid deposing any person more than once.

Sincerely,

Ross Wallin

cc:    Sherrie R. Savett, Esq.
       Shane T. Rowley, Esq.
       Paul J. Scarlato, Esq.

100131141_1.DOC

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------x
In Re VEECO INSTRUMENTS, INC.,       :    05-MD-1695 (CM)
SECURITIES LITIGATION                :
--------------------------------x
THIS DOCUMENT RELATES TO:            :
--------------------------------x
DAVID ALTMAN, derivatively on behalf of :  05-CV-10225 (CM)
VEECO INSTRUMENTS, INC.,             :
                                     :
              Plaintiff,             :
                                     :
        v.                           :
                                     :
EDWARD H. BRAUN, et al.,             :
                                     :
              Defendants,            :
--------------------------------x
AUGUST SCHUPP, III, derivatively on behalf of : 05-CV-10226 (CM)
VEECO INSTRUMENTS, INC.,             :
                                     :
              Plaintiff,             :
                                     :
        v.                           :
                                     :
EDWARD H. BRAUN, et al.,             :
                                     :
              Defendants.            :
--------------------------------x
```

## DERIVATIVE PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

**TO:    All Counsel on the attached service list:**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of

Civil Procedure, plaintiffs Daniel Altman and August Schupp, III's ("Derivative Plaintiffs")

counsel will take oral depositions of each of the persons listed below, before a Notary Public or

some other qualified officer, commencing at the dates and times at the locations listed below.

The depositions will be recorded stenographically.

You are invited to attend the depositions in accordance with the Federal Rules.

| **Deponent** | **Date/Time/Location** |
|---|---|
| Walter J. Scherr | December 21, 2006, at 10:00 a.m.<br>FARUQI & FARUQI LLP<br>320 East 39th Street<br>New York, NY |
| Marlin Braun | January 10, 2007, at 10:00 a.m.<br>WECHSLER HARWOOD LLP<br>488 Madison Avenue<br>New York, NY |
| Jack Rein | January 11, 2007, at 10:00 a.m.<br>THE WEISER LAW FIRM, P.C.<br>121 N. Wayne Avenue, Ste. 1200<br>Wayne, PA |
| David Hopmann | January 17, 2007, at 10:00 a.m.<br>GOLDMAN SCARLATO &<br>KARON, P.C.<br>101 West Elm Street, Ste. 360<br>Conshohocken, PA |
| Cathy Cantasano | January 19, 2007, at 10:00 a.m.<br>FARUQI & FARUQI LLP<br>320 East 39th Street<br>New York, NY |
| Frances Scally | January 22, 2007, at 10:00 a.m.<br>THE WEISER LAW FIRM, P.C.<br>121 N. Wayne Avenue, Ste. 1200<br>Wayne, PA |
| Joel A. Elftman | January 24, 2006, at 10:00 a.m.<br>WECHSLER HARWOOD LLP<br>488 Madison Avenue<br>New York, NY |
| Heinz K. Fridrich | January 30, 2006, at 10:00 a.m.<br>THE WEISER LAW FIRM, P.C.<br>121 N. Wayne Avenue, Ste. 1200<br>Wayne, PA |

Paul R. Low

January 31, 2006, at 10:00 a.m.
GOLDMAN SCARLATO &
    KARON, P.C.
101 West Elm Street, Ste. 360
Conshohocken, PA

Dated:  December 11, 2006

WECHSLER HARWOOD LLP

By:    _Robert R Harwood_
       Robert I. Harwood
       Samuel K. Rosen
       Jennifer K. Hirsh
       488 Madison Avenue
       New York, NY 10022
       Telephone:  (212) 935-7400
       Facsimile:  (212) 753-3630

3

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2006, a true and correct copy of the forgoing

Derivative Plaintiffs' Notice Of Taking Depositions was served upon the following Counsel via

electronic mail.

Robert J. Serio, Esq.
J. Ross Wallin, Esq.
Colin R. Young, Esq.
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

**Counsel for Defendants**

Nadeem Faruqi, Esq.
Shane T. Rowley, Esq.
Jamie R. Mogil, Esq.
FARUQI & FARUQI LLP
320 East 39th Street
New York, NY 10016

Paul Scarlato, Esq.
GOLDMAN SCARLATO & KARON, P.C.
101 West Elm Street
Conshohocken, PA 19428

**Counsel for Derivative Plaintiffs**

Jennifer K. Hirsh

# EXHIBIT F

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

rwallin@gibsondunn.com

December 12, 2006

Direct Dial
(212) 351-5395
Fax No.
(212) 351-6223

Client No.
T 94625-00001

BY EMAIL

Robert I. Harwood, Esq.
Wechsler Harwood LLP
488 Madison Avenue
New York, New York 10022

Re:    *In re Veeco Instruments Inc. Securities Litigation,*
Case No. 7:05-MDL-1695 (CM)(GAY)

Dear Mr. Harwood:

I write with respect to Derivative Plaintiffs' Notice of Taking Depositions, dated December 11, 2006, in which you notified us of your intention to take nine depositions between now and January 31, 2007.

Under Rule 30 of the Federal Rules of Civil Procedure, a party must obtain leave of court if a proposed deposition would result in more than ten depositions being taken by the plaintiffs or by the defendants, or if a person to be examined has already been deposed in the case.

As you noted in your letter of December 11, 2006, accompanying the above-mentioned notice, the derivative action is coordinated with the securities action for the purpose of discovery. Accordingly, the derivative plaintiffs and the securities action plaintiffs are limited to a total of ten depositions.

In addition, we take issue with your delay in noticing these depositions. The mediation concluded two months ago. Counsel for the securities action plaintiffs notified you three weeks ago, on November 21, 2006, that they intended to take nine depositions. Nevertheless, you waited until yesterday – barely six weeks before the close of fact discovery on January 31, 2007 – to notice an additional nine depositions.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

# GIBSON, DUNN & CRUTCHER LLP

Robert I. Harwood, Esq.
December 12, 2006
Page 2

We trust that you will work expeditiously with counsel for the securities action plaintiffs
to decide on which ten depositions you collectively wish to take, and to avoid deposing any
person more than once.

Sincerely,

Ross Wallin

Ross Wallin

cc:    Sherrie R. Savett, Esq.
       Shane T. Rowley, Esq.
       Paul J. Scarlato, Esq.

100131141_1.DOC

# EXHIBIT G

## WECHSLER HARWOOD LLP
### 488 MADISON AVENUE
### NEW YORK, NEW YORK 10022

TELEPHONE: (212) 935-7400
TELECOPIER: (212) 753-3630

December 14, 2006

<u>By Email</u>

Ross Wallin, Esq.
Gibson, Dunn & Crutcher
200 Park Avenue, 47th FL
New York, New York  10166-0193

> Re:  *In re Veeco Instruments Inc. Securities
>      Litigation*, Case No. 7:05-MDL-1695 (CM)(GAY),
>      *Altman v. Braun*, et al., 05-CV-10225 (CM),
>      05-CV-10226 (CM) *(Veeco Instruments, Inc.
>      Derivative Litigation)*

Dear Ross:

        I write in response to your letter of December 12, 2006
with respect to Derivative Plaintiffs' Notice of Taking Depositions
("Notice"), served on December 11, 2006, and to remind you about the
posture of the related Securities ("Securities Action") and this
Shareholder Derivative ("Derivative Action").

        The Actions are coordinated for discovery purposes.  To
the extent the Actions involve common questions of fact, such
coordination has been implemented for the purpose and convenience
of the parties and witnesses and to promote the efficient conduct
of both litigations.  This does not mean that the Securities Action
and the Derivative Action are consolidated into one action, nor
could they be.  The purpose of coordinating the Actions is to allow
the Judge and parties to together devise a pretrial structure so
that discovery of all non-common issues may proceed concurrently
with respect to all common issues.

        As you know, the Actions involve different claims,
different defendants and, most importantly, different elements of
proof.  If counsel for Defendants takes issue with each Action
noticing not more than ten fact deponents, even while Plaintiffs'
counsel for the Securities and Derivative Actions have worked to
coordinate their efforts with respect to all overlapping witnesses,
it is defendants' burden to take the issue up with the Court.

WECHSLER HARWOOD LLP

Ross Wallin, Esq.
December 14, 2006
Page 2

Absent that, we are available to discuss mutually agreeable dates
for scheduling the examinations noticed in the Derivative Action.

The timing of service of the Derivative Action Notice is
of no moment here. Defendants are still producing documents at this
date, long after the production deadline has passed and barely six
weeks before the close of fact discovery. Moreover, the bulk of the
depositions noticed by plaintiffs in the Securities Action have yet
to be scheduled.

Finally, so as to avoid future misunderstandings, be
advised that Derivative counsel intend to appear at the depositions
noticed by the Securities plaintiffs and conduct non-duplicative
cross-examination as appropriate.

I am available to discuss these and any other issues at
a time that is mutually convenient.

Yours very truly,

Robert I. Harwood

RIH:ggc

cc:  Phyllis Parker, Esq. (By email)
     Nadeem Faruqi, Esq. (By email)
     Shane T. Rowley, Esq. (By email)
     Paul J. Scarlato, Esq. (By email)
     Robert B. Weiser, Esq. (By email)

EXHIBIT H

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193

(212) 351-4000

www.gibsondunn.com

rwallin@gibsondunn.com

December 27, 2006

Direct Dial                                                                                     Client No.
(212) 351-5395                                                                          T 94625-00001
Fax No.
(212) 351-6223

<u>BY EMAIL</u>

Robert I. Harwood, Esq.
Wechsler Harwood LLP
488 Madison Avenue
New York, New York 10022

Re:     *In re Veeco Instruments Inc. Securities Litigation,*
          Case No. 7:05-MDL-1695 (CM)(GAY)

Dear Mr. Harwood:

I write in response to your letter of December 14, 2006 regarding Derivative Plaintiffs'
Notice of Taking Depositions ("Notice"), dated as of December 11, 2006.

To reiterate some of the points raised to you in my letter of December 12, 2006, Federal
Rule of Civil Procedure 30(a)(2) clearly dictates that a party must obtain leave of court if a
proposed deposition "would result in more than ten depositions being taken . . . by the plaintiffs,
or by the defendants," or if a person to be examined has already been deposed in the case.  As
you acknowledge in both your December 14 letter and your letter of December 11, 2006 in cover
of your Notice, the derivative actions are coordinated with the securities actions for the purpose
of discovery.  As you must recall, the derivative actions were transferred to the Southern District
of New York and assigned to Judge McMahon on November 30, 2005, because they involved
"questions of fact which are common to the [securities] actions [that were] previously
transferred." Order of the Judicial Panel on Multidistrict Litigation, dated Nov. 14, 2005.  All
actions were centralized and assigned to Judge McMahon for coordinated pretrial proceedings
"in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . , and
conserve the resources of the parties, their counsel and the judiciary." Order of the Judicial
Panel on Multidistrict Litigation, dated Aug. 22, 2005.

# GIBSON, DUNN & CRUTCHER LLP

Robert I. Harwood, Esq.
December 27, 2006
Page 2

Subsequently, in a telephone conference held on April 27, 2006, Judge McMahon ordered that the derivative actions proceed on the same discovery schedule as the securities actions. Moreover, defendants, derivative action plaintiffs, and securities action plaintiffs jointly signed a proposed amended pretrial schedule that was endorsed by the Court on July 28, 2006. That schedule established, among other things, that fact discovery was to be completed by January 31, 2007, and evidenced that the parties did not intend to deviate from the Federal Rules of Civil Procedure that govern discovery – including, in particular, Rule 30(a)(2). Further, aside from derivative plaintiffs' allegations regarding export controls, the derivative and securities actions share a substantial factual nexus relating to allegations concerning Veeco's financial statements and accounting practices.[1]

Consequently, the derivative action plaintiffs and the securities action plaintiffs are limited to a cumulative total of ten depositions. The Federal Rules plainly require a party to obtain leave of court if a proposed deposition would result in more than ten depositions being taken by that party's side. *See Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284, 286 (D. Mass 2000) ("[I]n the absence of a stipulation, a party seeking to take more than ten depositions must explicitly seek and obtain leave of court before that party can commence any depositions in excess of the ten deposition limit"). *See also Andrews v. Fowler*, 98 F.3d 1069, 1080 (8th Cir. 1996) (in affirming denial of motion to take depositions that would exceed the ten-deposition limit, the court counted depositions taken jointly for both the instant and a related case).[2]

---

[1] In addition, neither of the operative complaints in the securities and derivative actions includes allegations about stock options. We do not anticipate that this will change when the Court rules on your motion to amend.

[2] Moreover, in the December 11 cover letter accompanying your Notice, you stated that you intended to attend and examine deponents noticed by the securities plaintiffs. In other words, you have expressed an intent to take eighteen depositions. Thus, even if you were correct – which you are not – that the sides were entitled to ten depositions for each of the consolidated derivative and securities actions, you would still be in violation of Rule 30 if you failed to obtain leave of court.

GIBSON, DUNN & CRUTCHER LLP

Robert I. Harwood, Esq.
December 27, 2006
Page 3


     Accordingly, we intend to instruct our clients not to attend the depositions that you
noticed on December 11, and expect you to coordinate with the securities plaintiffs and decide
on which ten depositions you collectively wish to take.  If you wish to take a deposition that,
when combined with the depositions being taken by the securities plaintiffs, exceeds the ten-
deposition limit, then we expect you to abide by Rule 30 and seek to obtain leave of court before
doing so.

                      Sincerely,

                      Ross Wallin (cy)

                      Ross Wallin


cc:    Sherrie R. Savett, Esq.
         Shane T. Rowley, Esq.
         Paul J. Scarlato, Esq.

# EXHIBIT I

**Robert Harwood**

| | |
|---|---|
| **From:** | Wallin, J. Ross [rwallin@gibsondunn.com] |
| **Sent:** | Tuesday, December 26, 2006 5:04 PM |
| **To:** | Jennifer Hirsh; Herfort, John A.; Serio, Robert F.; Young, Colin R. |
| **Cc:** | Phyllis Parker (E-mail); Jeff Osterwise (E-mail); Brett Stecker (E-mail); Brian D. Penny (E-mail); Jamie Mogil (E-mail); Paul Scarlato (E-mail); Robert B. Weiser (E-mail); Shane T. Rowley (E-mail); Robert Harwood |

**Subject:** RE: Veeco Derivative

Dear Counsel:

As you know, by Order of the Court dated July 28, 2006, the deadline to complete document production -- and thereby to make requests for production of documents -- was August 21, 2006.  We therefore consider your request for production of documents dated December 18, 2006 -- almost four months after the Court's deadline -- to be a nullity.

Regards,

Ross Wallin