UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
IN RE VEECO INSTRUMENTS INC.          :   No. 7:05-MD-01695-CM-GAY
SECURITIES LITIGATION                 :
                                      :
---------------------------------------x
THIS DOCUMENT RELATES TO:             :
                                      :
---------------------------------------x
AUGUST SCHUPP, III, derivatively on behalf :
of VEECO INSTRUMENTS, INC.,           :
                                      :   No. 7:05-CV-10225-CM
           Plaintiff,                 :
    v.                                :
EDWARD H. BRAUN, et al.,              :
                                      :
           Defendants.                :
---------------------------------------x
DAVID ALTMAN, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,           :
                                      :   No. 7:05-CV-10226-CM
           Plaintiff,                 :
    v.                                :
EDWARD H. BRAUN, et al.,              :
                                      :
           Defendants.                :
---------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
DERIVATIVE PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINE**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Phone: (212) 351-4000
Fax: (212) 351-4035
*Attorneys for Defendants*

January 12, 2007

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. Derivative Plaintiffs' Motion to Extend the Discovery Deadline Should Be Denied Because Derivative Plaintiffs Have Not Pursued Discovery With Alacrity and Have No Other Basis for Requesting an Extension | 2 |
|     A. Defendants Have Not Been Dilatory in Producing Documents | 3 |
|     B. Derivative Plaintiffs Must Obtain Leave of Court to Take an Additional Ten Depositions | 3 |
|     C. Derivative Plaintiffs' Motion to Amend Their Complaint Is Not a Factor | 5 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page**

### Cases

*Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284 (D. Mass 2000) ..................................... 4

*Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996) ............................................................................ 4

### Rules

Fed. R. Civ. P. 30 ................................................................................................................. 2, 3, 4, 5

Defendants respectfully submit this memorandum of law in opposition to Derivative Plaintiffs' motion to extend the discovery deadline from January 31, 2007 to April 30, 2007.

## **PRELIMINARY STATEMENT**

Derivative Plaintiffs' motion for an extension of the discovery deadline should be denied for the simple fact that there is no reason Derivative Plaintiffs cannot conclude discovery in accordance with the existing schedule set by this Court. As the timeline set forth below makes clear, the derivative actions have been proceeding for nearly two years and there is no reason for Derivative Plaintiffs to be seeking an extension of the discovery schedule at this late stage, just weeks before the close of fact discovery:

- the first action, *Huneke v. Braun*, 05-CV-1384, was filed on March 15, 2005 in the United States District Court for the Eastern District of New York;

- Derivative Plaintiffs' Consolidated Amended Verified Shareholder Derivative Complaint (the "Complaint") was filed in the Eastern District on September 26, 2005;

- the derivative actions were transferred by Order of the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York and assigned to this Court on November 30, 2005 (*see* Declaration of J. Ross Wallin ("Wallin Decl.") Ex. A);

- on April 27, 2006, the Court ordered that the derivative actions proceed on the same discovery schedule as the securities actions;

- on June 14, 2006, the Court denied Defendants' motion to dismiss the Complaint.

- Derivative Plaintiffs, Defendants, and securities action plaintiffs jointly signed a proposed amended pretrial schedule that was endorsed by the Court on July 28, 2006 that established, among other things, that fact discovery was to be completed by January 31, 2007 (*see* Wallin Decl. Ex. B);

- by August 23, 2006, Derivative Plaintiffs had received approximately 174,000 of the 181,000 total pages of documents produced by Defendants in this case (*see* Wallin Decl. ¶ 2);

- on October 11-12, 2006, Derivative Plaintiffs, Defendants, and securities action plaintiffs participated in a mediation (*see* Wallin Decl. ¶ 3);

1

- on December 11, 2006, Derivative Plaintiffs served their first notice of depositions (*see* Wallin Decl. Ex. C), evidencing an intent to exceed the ten-deposition limit applicable under Federal Rule of Civil Procedure 30(a)(2)(A) to the securities action plaintiffs and Derivative Plaintiffs' "side" of this matter (*see* Fed. R. Civ. P. 30 advisory committee's notes (1993) ("One aim of [Federal Rule 30(a)(2)(A)] is to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties.")); and

- on January 3, 2007, Derivative Plaintiffs filed a motion before this Court to extend the fact discovery deadline from January 31, 2007 to April 30, 2007.

As soon as the mediation concluded on October 12, 2006, Derivative Plaintiffs were free to notice depositions. Instead, they waited until December 11, 2006 – two months later – to serve their first notice and to disclose their intent to exceed the ten-deposition limit mandated by Federal Rule 30(a)(2)(A). The Court should not reward the Derivative Plaintiffs by further extending the fact discovery deadline by three months at great burden and expense to the Defendants in this litigation.

## ARGUMENT

I. **Derivative Plaintiffs' Motion to Extend the Discovery Deadline Should Be Denied Because Derivative Plaintiffs Have Not Pursued Discovery With Alacrity and Have No Other Basis for Requesting an Extension**

The thrust of Derivative Plaintiffs' argument to extend the discovery deadline is that Defendants have been dilatory in their document production and have refused to set a deposition schedule with Derivative Plaintiffs. Derivative Plaintiffs also maintain that if their pending motion to amend their complaint is granted, Derivative Plaintiffs will need to pursue additional discovery. These arguments are insufficient, and are set forth by Derivative Plaintiffs as pretexts solely to excuse their lack of alacrity in pursuing discovery.

2

### A. **Defendants Have Not Been Dilatory in Producing Documents**

Defendants have produced approximately 181,000 pages of documents in this case. *See* Wallin Decl. ¶ 2. Approximately 174,000 of those pages were produced on or before August 23, 2006. *Id.* All but approximately 2,750 pages were produced prior to the mediation held on October 11-12, 2006. *Id.* ¶ 4. Although Defendants regret not identifying and producing those 2,750 pages (which were produced on October 26, December 1, and December 12 (*see id.*)) earlier, the post-mediation document productions were of minimal volume, did not inconvenience Derivative Plaintiffs, and are not the reason that Derivative Plaintiffs are seeking to extend the discovery deadline. Derivative Plaintiffs waited until December 11, 2006 before serving their first notice of depositions in this case, which was two months after the mediation ended, and only about one and one-half months before fact discovery was scheduled to end.

### B. **Derivative Plaintiffs Must Obtain Leave of Court to Take an Additional Ten Depositions**

The consolidated cases present garden-variety securities and derivative claims, all arising from an approximately $10 million earnings restatement. Defendants' refusal to schedule depositions in excess of the ten-deposition limit is not a reason to grant Derivative Plaintiffs additional time to conduct discovery. Federal Rule of Civil Procedure 30(a)(2)(A) clearly states that a party must obtain leave of court if a proposed deposition "would result in more than ten depositions being taken . . . by the plaintiffs, or by the defendants . . . ."

The Judicial Panel on Multidistrict Litigation ("J.P.M.L.") transferred these actions to this Court on November 30, 2005, because they involved "questions of fact which are common to the [securities] actions [that were] previously transferred." *See* Wallin Decl. Ex. A. It is equally clear that both the J.P.M.L. and this Court directed discovery in all of the Veeco actions to proceed on a common track. The J.P.M.L.'s August 22, 2005 Order assigned the Veeco actions

3

to this Court for coordinated pretrial proceedings "in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings . . . , and conserve the resources of the parties, their counsel and the judiciary." *See* Wallin Decl. Ex. D. In a telephone conference held on April 27, 2006, this Court ordered that the derivative actions "proceed on the same discovery schedule as the class action suit." Moreover, Defendants, Derivative Plaintiffs, and securities action plaintiffs jointly signed a proposed amended pretrial schedule that was endorsed by the Court on July 28, 2006. That schedule established, among other things, that fact discovery was to be completed by January 31, 2007, and evidenced that the parties did not intend to deviate from the Federal Rules of Civil Procedure that govern discovery – including, in particular, Rule 30(a)(2)(A). *See* Wallin Decl. Ex. B. ¶ 3. Further, aside from Derivative Plaintiffs' allegations regarding export controls, the derivative and securities actions share a substantial factual nexus relating to allegations concerning Veeco's financial statements and accounting practices.

Consequently, the Derivative Plaintiffs and the securities action plaintiffs are limited to a cumulative total of ten depositions. The Federal Rules plainly require a party to obtain leave of court if a proposed deposition would result in more than ten depositions being taken by that party's side. *See* Fed. R. Civ. P. 30 advisory committee's notes (1993) ("One aim of [Federal Rule 30(a)(2)(A)] is to assure judicial review under the standards stated in Rule 26(b)(2) before any *side* will be allowed to take more than ten depositions in a case without agreement of the other parties.") (emphasis added); *see also Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284, 286 (D. Mass 2000) ("[I]n the absence of a stipulation, a party seeking to take more than ten depositions must explicitly seek and obtain leave of court before that party can commence any depositions in excess of the ten deposition limit"); *Andrews v. Fowler*, 98 F.3d 1069, 1080 (8th Cir. 1996) (in affirming denial of motion to take depositions that would exceed the ten-

4

deposition limit, the court counted depositions taken jointly for both the instant and a related case).

Derivative Plaintiffs had fair warning of the discovery deadlines and ample time to prepare for and conduct their discovery. They should not be rewarded and accommodated for waiting until December 11 to serve their first notice of depositions and to evidence their intent to exceed the ten-deposition limit imposed by Federal Rule of Civil Procedure 30(a)(2)(A).

### C. Derivative Plaintiffs' Motion to Amend Their Complaint Is Not a Factor

Finally, that Derivative Plaintiffs' motion for leave to amend their complaint is pending before Magistrate Judge Yanthis should be of no consequence to the Court as it considers Derivative Plaintiffs' motion for an order extending the fact discovery deadline. Derivative Plaintiffs waited until November 2006, or twenty months after filing suit and nearly three months after the close of document discovery in August 2006, to seek leave to amend. All of the information on which Derivative Plaintiffs rely for their proposed new claims was publicly available in Veeco's SEC filings and thus available to Derivative Plaintiffs at the time they filed their original complaints and their First Amended Complaint in 2005.

Derivative Plaintiffs' motion seeks leave to add *eight* new defendants and *eight* new claims based on entirely different facts over a period spanning *eight years*. It would severely impede the Court's case management efforts to permit plaintiffs to add entirely unrelated claims against new defendants covering a different time period into an existing litigation so late in the discovery process. Those claims should not be added to this case, and Derivative Plaintiffs' motion should not be a reason for extending discovery.

Magistrate Judge Yanthis is aware of that motion and will address it in due course. If that motion were granted, the Court could hold a scheduling conference at that time. It would be premature to create or modify the existing schedule in advance of that ruling.

## CONCLUSION

For all these reasons, defendants respectfully request that this Court deny Derivative Plaintiffs' motion to extend the discovery deadline and award such other and further relief as the Court deems appropriate.

Dated: New York, New York
       January 12, 2007

                                                GIBSON, DUNN & CRUTCHER LLP

                                        By: _____
                                               John A. Herfort (JH-1460)
                                               Robert F. Serio (RS-2479)
                                               J. Ross Wallin (JW-3911)

                                               200 Park Avenue
                                               New York, New York 10166-0193
                                               Phone: (212) 351-4000
                                               Fax: (212) 351-4035

                                               *Attorneys for Defendants*