UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x
                                            :
In re VEECO INSTRUMENTS, INC.               :    05-MD-1695 (CM) (GAY)
SECURITIES LITIGATION                       :
                                            :
                                            :
—————————————————————————x
DAVID ALTMAN, derivatively on behalf of     :
VEECO INSTRUMENTS, INC.,                     :    05-CV-10225 (CM) (GAY)
                                            :
                Plaintiff(s),               :
                                            :
        vs.                                 :
                                            :
EDWARD H. BRAUN, et al.,                     :
                                            :
                Defendant(s),               :
                                            :
—————————————————————————x
AUGUST SCHUPP, III, derivatively on behalf of :
VEECO INSTRUMENTS, INC.,                       :    05-CV-10226 (CM) (GAY)
                                            :
                Plaintiff(s),               :
                                            :
        vs.                                 :
                                            :
EDWARD H. BRAUN, et al.,                     :
                                            :
                Defendant(s).               :
—————————————————————————x

**DERIVATIVE PLAINTIFFS' REPLY MEMORANDUM IN
SUPPORT OF THEIR MOTION TO EXTEND DISCOVERY DEADLINE**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................... ii

PRELIMINARY STATEMENT .................................................. 1

ARGUMENT .............................................................. 2

    A.   Plaintiffs Seek To Take Ten Depositions .................................... 2

    B.   Plaintiffs Proposed New Allegations Require More Time ....................... 4

CONCLUSION ........................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                        **Page**

*Advanced Sterilization Prods. v. Jacob,*
    190 F.R.D. 284 (D. Mass. 2000) ........................................................................ 3

*Andrews v. Fowler,*
    98 F.3d 1069 (8th Cir. 1996) ........................................................................ 3, 4

*Bell v. Fowler,*
    99 F.3d 262 (8th Cir. 1996) ........................................................................ 3

*Hawk Indus., Inc. v. Bausch & Lomb, Inc.,*
    59 F.R.D. 619 (S.D.N.Y. 1973) ........................................................................ 3

*In re Comverse Tech., Inc. Derivative Litig.,*
    No. 06-CV-1849 (NGG)(RER), 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006) .............. 3

*Kamerman v. Steinberg,*
    113 F.R.D. 511 (S.D.N.Y. 1986) ........................................................................ 3

*Ruggiero v. America Bioculture, Inc.,*
    56 F.R.D. 93 (S.D.N.Y. 1972) ........................................................................ 3

*Ryan v. Aetna Life Insurance Co.,*
    765 F. Supp. 133 (S.D.N.Y. 1991) ........................................................................ 3

*State Mut. Life Assurance Co. v. Peat, Marwick, Mitchell & Co.,*
    49 F.R.D. 202 (S.D.N.Y. 1969) ........................................................................ 2

*Whittingham v. Amherst College,*
    163 F.R.D. 170 (D. Mass. 1995) ........................................................................ 4


**Statutes and Regulations**

7 *Moore's Federal Practice* (Matthew Bender 3d ed.) ............................................. 2, 3

Federal Rule of Civil Procedure Rule 30(a)(2)(A) ................................................. 1, 2

## PRELIMINARY STATEMENT

Defendants seek to invent new codes of conduct by which discovery in complex civil litigation in federal courts is regulated. For example:

- Coordinated shareholder derivative and securities class actions are limited to the ten-deposition rule under Federal Rule 30(a)(2)(A), in the aggregate, because plaintiffs in both actions are considered a "side." *See* Def. Br. at 2.

- If defendants' subpoena to a non-party, core witness precedes those subpoenae served by the securities and derivative plaintiffs, respectively, then the defendants can co-opt the time to examine the witness and refuse to bring him back for further examination.

- Defendants can refuse to acknowledge that the derivative plaintiffs ("Plaintiffs") have a separate action with distinct claims and elements of proof from the securities plaintiffs, and thereby refuse to meet-and-confer and produce witnesses for deposition seven weeks prior to the January 31, 2007 merit discovery cut-off date.

- According to defendants, dates set by the Court in its July 28, 2006 scheduling order (*see* Wallin Decl. at Ex. B) are not set in stone but flexible guideposts allowing them to produce documents *willy-nilly* four months after the cut-off date. Moreover, according to defendants, the Court allegedly *consolidated* the securities and derivative actions in addition to coordinating them for discovery purposes. Def. Br. at 3. To the contrary, the Court ordered the two actions to coordinate discovery for the reasons complex actions are often coordinated, to avoid duplicating efforts to avoid wasting legal and judicial resources.

The obvious objective of defendants' reinvented guidelines is to prevent Plaintiffs from using the discovery process to groom their claims for trial.

Plaintiffs have been prepared to cooperate with defendants since this Court denied their motion to dismiss on June 14, 2006, two months after it ordered that the derivative and securities plaintiffs coordinate discovery. Plaintiffs seek an order extending the time for merit discovery to pursue their discovery objectives.[1]

---

[1] On January 19, 2007, defendants wrote to securities plaintiffs offering a new set of deposition dates. *See* Declaration of Robert I. Harwood at Exhibit A. Interestingly, the schedule now proposed by defendants contemplates extending the current fact-discovery deadline another three weeks. Thus, while opposed to the instant motion, defendants nonetheless concede the necessity for an extension.

## ARGUMENT

### A.    Plaintiffs Seek To Take Ten Depositions

Under Federal Rule of Civil Procedure ("FRCP") 30(a)(2)(A), "A party must obtain leave of court to take a deposition if the proposed deposition would result in more than 10 depositions being taken . . . ." 7 *Moore's Federal Practice*, § 30.05[1][b](Matthew Bender 3d ed.) ("*Moore's Treatise*"). This limit is intended to be "presumptive" and applies to each "side" or "position." *Id.* (internal quotations omitted). Plaintiffs constitute a side in this action and, accordingly, have the right to the presumptive limit of ten depositions.

Defendants argue that both derivative and securities plaintiffs, *jointly*, constitute a side in the litigation. Defendants are wrong. Merely because the interests of both plaintiffs groups are adverse to defendants in their respective actions does not act to equate the relief they each seek for the injuries suffered by their clients, the class or the nominal defendant, Veeco Instruments, Inc., as a result of defendants' alleged misconduct. Nor do the respective litigative positions *against defendants* act to relinquish Plaintiffs' right to serve discovery so long as it is, in accordance with the Court's directive, coordinated with securities plaintiffs. To contend otherwise is to confuse the complexities inherent in both types of litigation.[2]

The critical difference between shareholder derivative actions and class actions brought under the Private Securities Litigation Reform Act of 1995 is best illustrated through the relief sought by both sets of plaintiffs. Plaintiffs in the securities action, as individuals and class representatives,

_____

[2]    *See, e.g., State Mut. Life Assurance Co. v. Peat, Marwick, Mitchell & Co.*, 49 F.R.D. 202, 297 (S.D.N.Y. 1969) (distinguishing federal court's power to consolidate as "not unharnessed" and "extraordinary" from "other, more conventional avenues" like a "coordinated discovery program providing for the common use of depositions) (citation omitted). Defendants' effort to conflate the two should not be accepted.

seek damages from the corporation and other defendants. Plaintiffs in this derivative action seek a
recovery on behalf of the corporation itself. *See Ryan v. Aetna Life Insurance Co.*, 765 F. Supp.
133, 137 (S.D.N.Y. 1991).[3] For this very reason, courts have not permitted the same counsel to
represent both kinds of plaintiffs in the same action. *See Kamerman v. Steinberg*, 113 F.R.D. 511,
516 (S.D.N.Y.1986); *Hawk Indus., Inc. v. Bausch & Lomb, Inc.*, 59 F.R.D. 619, 624 (S.D.N.Y.
1973); *Ruggiero v. Am. Bioculture, Inc.*, 56 F.R.D. 93, 95 (S.D.N.Y. 1972).

Given the inherent complexities of both actions, it is especially important in multi-party cases
where the parties "on any side are expected to confer and agree" (*Moore's Treatise* § 30.05[1][b])
on a discovery plan so that, to the extent possible, the parties have a sense of what to expect and
witnesses minimally taxed, if at all. "The 10-deposition rule can create a significant obstacle for
discovery in multi-party cases, such as when the lawsuit involves multiple plaintiffs" or "more than
10 defendants are sued by a single plaintiff." *Id.* The purpose of the presumptive limit "is to
encourage counsel to develop a mutual cost-effective plan for discovery in every case." *Id.*

The cases relied upon by defendants in their opposition to this motion are mis-cited. Def.
Br. at 4.[4] In neither case were the parties seeking relief attempting to notice their first ten

---

[3]    *See also In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849
(NGG)(RER), 2006 WL 3761986, at *3 n.6 (E.D.N.Y. Sept. 22, 2006) (signaling that the critical
difference between cases brought under the PSLRA and derivative cases inherent in the relief
sought).

[4]    In *Advanced Sterilization Prods. v. Jacob*, 190 F.R.D. 284 (D. Mass. 2000),
plaintiffs sought an enlargement of time to take two depositions over the ten-deposition limit
without simultaneously seeking relief from the presumptive limit itself.

Defendants' reliance on *Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996), is irrelevant.
*Andrews* and its companion action, *Bell v. Fowler*, 99 F.3d 262 (8th Cir. 1996), involved two
sexual assault victims, represented by the same counsel, suing the same defendants for identical
federal civil rights conspiracy and state law violations stemming from assaults by a police officer.

depositions.   Moreover, it would be inappropriate for Plaintiffs to do so at this time.   *See*

*Whittingham v. Amherst College*, 163 F.R.D. 170 (D. Mass. 1995).  The time to seek leave of court

with respect to wanting to take additional depositions to which defendants do not agree would be

near the time of the tenth deposition.  *See id.* at 171 (permitting plaintiff to reapply for leave to take

additional depositions after reaching the limit).  Plaintiffs do not rule out seeking leave at a future

date if the facts gathered at their first ten depositions leads them to believe that more examinations

will be necessary.

A party must present definitive reasons for calling additional witnesses, and theoretically, the

discovery obtained to date affords the good cause necessary to obtain such relief.  *See id.*  Plaintiffs

do not seek that relief, here, because they merely seek more time to take the ten depositions that are

within their right, but which defendants have willfully forestalled.

### B.    Plaintiffs Proposed New Allegations Require More Time

As set forth in their opening brief,  *sub judice* before Judge Yanthis is Plaintiffs' motion to

amend their complaint to add new allegations regarding backdated, or otherwise manipulated, option

grants to certain senior executives and directors at Veeco.  If the motion to amend is granted,

Plaintiffs will pursue additional discovery related to those allegations.  Plaintiffs contemplate that

the requested short extension will be sufficient to complete discovery of both their current and

proposed new claims, thus allowing the matter to proceed in a coordinated fashion.

---

Under these circumstances, the district and circuit courts found that *more than* ten depositions
were sufficient.  Here, there are different plaintiffs and defendants, different counsel, different
legal theories and causes of action, and defendants are seeking to limit both the securities and
derivative plaintiffs to no more than 10 depositions in the aggregate.  The distinctions between
this action and *Andrews* are blatant.

4

# CONCLUSION

For all the foregoing reasons, the motion to extend fact discovery until April 30, 2007 should be granted.

DATED:  January 22, 2007          HARWOOD FEFFER LLP

 /s/ Robert I. Harwood
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone:  (212) 935-7400

FARUQI & FARUQI LLP
Shane T. Rowley
Jamie R. Mogil
320 East 39th Street
New York, New York 10016
Telephone:  (212) 983-9330

GOLDMAN SCARLATO & KARON
Paul J. Scarlato
Brian P. Penny
101 West Elm Street
Conshohocken, Pennsylvania 19428
Telephone:  (484) 342-0700

THE WEISER LAW FIRM, P.C.
Robert B. Weiser
Brett D. Stecker
121 North Wayne Avenue
Wayne, Pennsylvania 19087
Telephone:  (610) 225-2677

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Cary Savitz, hereby certify that I am over the age of 18 years, am employed by the law firm of Harwood Feffer LLP and that on January 22, 2007, the foregoing **DERIVATIVE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND DISCOVERY DEADLINE** and **DECLARATION OF ROBERT I. HARWOOD IN SUPPORT OF DERIVATIVE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND DISCOVERY DEADLINE** were served in accordance with the Federal Rules of Civil Procedure, and/or the Court's Local Rules, by First Class Mail, postage prepaid, and/or the Rules on Electronic Service, upon the following:

John A. Herfort, Esq.
Robert J. Serio, Esq.
J. Ross Wallin, Esq.
Colin R. Young, Esq.
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Counsel for Defendants.*

Sherrie R. Savett, Esq.
Phyllis M. Parker, Esq.
**Berger & Montague, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365

*Counsel for Securities Plaintiffs*

_____
Cary Savitz