UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re VECCO INSTRUMENTS, INC.
SECURITIES LITIGATION                           **MEMORANDUM DECISION**
                                                                         **AND ORDER**

THIS DOCUMENT RELATES TO              05 MD 1695 (CM) (GAY)
ALL ACTIONS
-------------------------------------------------------X

Presently before this Court is plaintiffs' motion to compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure ("FRCP"), wherein plaintiffs seek an Order directing defendants to produce all documents related to the investigation of TurboDisc accounting and the restatement of Vecco's financials. Defendants assert, *inter alia*, that the Kaye Scholer and Jefferson Wells investigative reports, along with the documents prepared in support of said reports, constitute privileged work product. Plaintiffs contend, *inter alia*, that the work product privilege is inapplicable because the documents at issue were not prepared in anticipation of litigation and, in any event, plaintiffs have demonstrated substantial need for the documents. Plaintiffs also argue that defendants' "public disclosure" of the information constituted a waiver of any work product privilege. For the following reasons, plaintiffs' motion to compel is denied.

    A.  *The Work Product Privilege*

Pursuant to the work product doctrine, materials prepared in anticipation of litigation are not discoverable absent a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the equivalent without undue hardship. See FRCP 26(b)(3). As to the "anticipation of litigation" requirement, the Second Circuit has held that a document which is privileged work product "does not lose

work-product protection merely because it is intended to assist in the making of a business decision influenced by the likely outcome of the anticipated litigation. Where a document was created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of that litigation, it falls within Rule 26(b)(3)." United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998). The party claiming the privilege has the burden of demonstrating that the privilege exists and that it has not been waived. See von Bulow v. von Bulow, 811 F.2d 136, 144 (2d Cir. 1987).

In opposition to plaintiffs' assertion that the documents at issue were not prepared in anticipation of litigation, defendants proffer the Declaration of Rory A. Greiss, a partner at Kaye Scholer, who avers the following:

Kaye Scholer has served as outside securities counsel to Vecco Instruments, Inc. since 1993. After Vecco's internal auditing personnel discovered potentially erroneous or improper accounting transactions in Vecco's TurboDisc business division, members of Vecco's management contacted Greiss for the purpose of obtaining legal advice. Greiss believed that a financial restatement might be required, which Greiss expected would likely subject Vecco to litigation. Vecco authorized Kaye Scholer to conduct an internal investigation and to retain Jefferson Wells, a forensic accounting firm, to assist in the investigation. Greiss, and other members of Kaye Scholer, supervised and directed the work of Jefferson Wells, all of which was done for the purpose of assisting Kaye Scholer in providing legal advice to Vecco regarding its financial statements, past and future disclosures and possible litigation arising therefrom.

Defendants also proffer the Affidavit of John F. Rein, Vecco's Executive Vice President, Chief Financial Officer and Secretary, who avers that the documents at issue were prepared because of the anticipated litigation and "would not have been prepared by Vecco in the ordinary course of business, nor would Vecco prepare work in a form substantially similar to that prepared by Kaye Scholer and Jefferson Wells." (¶ 11.)

Based upon the Greiss Declaration and the Rein Affidavit, I conclude that the documents at issue are eligible for protection under Rule 26(b)(3). Further, plaintiffs have failed to demonstrate a substantial need necessary to overcome the privilege, given that defendants have already produced voluminous amounts of non-privileged accounting-related documents, including: documents prepared by Vecco's own financial professionals and internal and external auditors concerning TurboDisc's potentially improper accounting transactions; documents related to Vecco's internal audit of TurboDisc; documents reflecting Vecco's own investigation into TurboDisc's financial controls and the accuracy of its financial statements; and documents prepared by Vecco's financial professionals concerning the preparation of its financial restatement. Accordingly, this Court declines to order the production of the documents at issue under exceptions to the work-product privilege.

B. *Waiver*

"The work product privilege is not automatically waived by any disclosure to third persons. Rather, the courts generally find a waiver of the work product privilege only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information." Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 229 F.R.D. 441, 445-46 (S.D.N.Y. 2004) (quotations and citations omitted). Here, plaintiffs contend that

defendants waived work-product protection through two disclosures: a March 16, 2005 press release and an August 3, 2005 letter from Kaye Scholer to the SEC. The press release announced to investors that Vecco had completed its internal investigation and concluded that "the improper accounting entries were made by a single individual at TurboDisc." The SEC letter stated that "there were not sufficient facts to come to a conclusion on whether the improper accounting entries were made intentionally." Clearly, the disclosures cited by plaintiff merely summarized the findings and conclusions of the internal investigation and did not quote, paraphrase or reference any of the specific documents at issue in support of its conclusions. Said limited disclosure does not constitute waiver of the work product privilege. See e.g., In re Dayco, 99 F.R.D. 616, 619 (S.D. Ohio 1983) (no waiver where press release disclosed findings of an internal investigation but did not summarize evidence in the report).

I conclude, therefore, that the documents at issue constitute privileged work product, that defendants have not waived said privilege and that plaintiffs have failed to demonstrate substantial need necessary to overcome the privilege. Accordingly, plaintiffs' motion to compel is **DENIED**.

Dated: January 24, 2007
White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.