OCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague, P.C.
ATTORNEYS AT LAW

JEFFREY L. OSTERWISE
WRITER'S DIRECT DIAL | (215) 875-4642
WRITER'S DIRECT FAX | (215) 875-4636
WRITER'S DIRECT E-MAIL | josterwise@bm.net

*[Handwritten note:] Judge Yanthis and I agree on the following procedure.*
*1) Attend a conference with us on 2/23 at 9AM.*
*2) Use my jury room for the deposition of Mr. Braun immediately thereafter. And THAT is what we shall do! No appeals!*

February 14, 2007

**Via Facsimile**

Honorable Colleen McMahon                Honorable George A. Yanthis
United States District Judge             United States District Judge
United States Courthouse                 United States Courthouse
300 Quarropas Street, Room 533           300 Quarropas Street, Room 118
White Plains, NY 10601-4150              White Plains, NY 10601-4150

*[Handwritten:] Colleen McMahon USDJ*

[Stamp:] USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: ___

Re: *In re: Veeco Instruments Inc., Securities Litigation*
    Case No: 7:05-md-01695 (CM)(GAY)

Dear Judge McMahon and Magistrate Judge Yanthis:

    We represent Lead Plaintiff in the action referenced above and write to oppose Defendants' request to adjourn to a later date the Court's pre-trial conference scheduled for February 23, 2007. Defendants request that the Court reschedule this conference due to scheduling conflicts for Defense counsel. Defendants assert that their counsel will not be able to attend both the conference and the deposition of Defendant Edward H. Braun, which is scheduled for that same day. In addition, Defendants also contend that February 23, 2007 is the only date on which Mr. Braun is available to be deposed prior to the February 28, 2007 fact discovery cut-off. However, for the reasons discussed below, the deposition of Mr. Braun should be postponed and Lead Plaintiff should be permitted to conduct this and other depositions after the fact discovery cut-off. Mr. Serio would, therefore, be free to attend the pre-trial conference as scheduled. In view of the outstanding issues before the Court and disputes between the parties, a conference should be held as soon as possible in order to promote the expeditious resolution of these issues and, therefore, the litigation. The scheduling of Mr. Braun's deposition should not be permitted to interfere with that goal.

    It recently came to Lead Plaintiff's attention as a result of the document production by non-party Herman Birnbaum, that Defendants have not conducted a complete search for the email communications by the Individual Defendants and others during the Class Period. Mr. Birnbaum produced highly relevant email communication with Defendant John F. Rein, Jr. which had not been previously produced by Defendants. After multiple inquiries to Defendants, Lead Plaintiff was finally advised by Defendants that no attempt was made to retrieve the electronic communications of the Individual Defendants, or certain other important persons, that had been deleted from the computers of those persons or that resides on back-up tapes. As a result, only a minuscule

*[Handwritten:] AND—yes, I have seen the latest in this ridiculous series of letters from Gibson Dunn. And all outstanding matters will be addressed on 2/23. No more letters!*

## Berger&Montague, P.C.
ATTORNEYS AT LAW

The Honorable Colleen McMahon and The Honorable George A. Yanthis
February 14, 2007
Page 2

number of electronic communications of two of the Individual Defendants have been produced and it is impossible to tell how many highly relevant electronic communications have not been produced. It appears unlikely that this dispute concerning the sufficiency of Defendants' search will be resolved by the parties; thus, Lead Plaintiff will be forced to file a motion to compel Defendants to conduct a search of back-up tapes and the computers of the relevant persons for unproduced communications.

As these communications are essential for Lead Plaintiff to properly prepare for and conduct the depositions of the Individual Defendants, Lead Plaintiff intends to move the Court for leave to take depositions of the Individual Defendants after this search has been conducted and the documents have been produced. The pre-trial schedule signed by Judge McMahon on January 26, 2007 provides that the fact discovery cut-off does not apply to discovery that is the subject of outstanding disputes between the parties.

Regardless of Defendants' misconduct, it was necessary to postpone the deposition of Defendant John P. Kiernan, due to inclement weather which, among other things, created a scheduling conflict for the attorney who was and is to take this deposition. The inclement weather caused a doctor's appointment for this attorney's husband, who is suffering from a serious medical condition, to be rescheduled for the same day as Mr. Kiernan's noticed deposition. It is essential that Mr. Kiernan's deposition be taken before the depositions of Defendants Rein and Braun. The parties have been unable to find an appropriate date to resume the deposition of Mr. Kiernan.

Based on the foregoing, as well as the possibility that additional documents may be produced if the Court finds that Defendants made improper claims of privilege over the documents that are the subject of Lead Plaintiff's motion pending before Judge McMahon concerning the documents created during Veeco's correction of the TurboDisc accounting errors, Lead Plaintiff will ask the Court to authorize the postponement of the depositions of the Individual Defendants until after these issues are resolved and documents have been produced. Therefore, Mr. Serio would be available to attend a pre-trial conference on February 23, 2007, and rescheduling the conference would not be necessary.

As stated above, in view of the outstanding issues before the Court and between the parties, a conference should be held as soon as possible. Such a conference will promote the expeditious resolution of these issues and, therefore, the litigation. The scheduling of Mr. Braun's deposition should not be permitted to interfere with that goal, as Mr. Braun's deposition should be rescheduled for the reasons set forth above.

Respectfully submitted,

Jeffrey L. Osterwise

cc:   John A. Herfort, Esq/Robert F. Serio, Esq./J. Ross Wallin, Esq.
      Robert Harwood, Esq./Shane T. Rowley, Esq./Paul J. Scarlato, Esq.