UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :

IN RE VEECO INSTRUMENTS INC.        :     05 MD 1695 (CM)(GAY)
SECURITIES LITIGATION            :
              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :

THIS DOCUMENT RELATES TO:        :
ALL ACTIONS               :
              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFF'S MOTION TO VACATE AND REVERSE THE DISCOVERY ORDER OF MAGISTRATE JUDGE GEORGE A. YANTHIS DATED JANUARY 26, 2007


# REDACTED

## (ORIGINAL NON-REDACTED VERSION FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER DATED MAY 16, 2006)


GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants Veeco
Instruments Inc., Edward H. Braun,
John F. Rein, Jr., and John P. Kiernan*


February 21, 2007

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.  Judge Yanthis' Ruling Is Entitled to Substantial Deference, and Should Not Be
    Overruled by this Court .............................................................................................. 2

II.  Judge Yanthis Correctly Ruled that Lead Plaintiff Must Respond to Interrogatory
     Nos. 4-13 .................................................................................................................... 3

    A.  Judge Yanthis Properly Concluded that Interrogatory Nos. 4-9 Are Not
        Contention Interrogatories ................................................................................. 3

    B.  Judge Yanthis Properly Concluded that Interrogatory Nos. 10-13 Are Not
        Contention Interrogatories ................................................................................. 4

    C.  Even if Interrogatory Nos. 4-13 Were Contention Interrogatories, They
        Would Not Be Premature ................................................................................... 6

III.  Judge Yanthis Correctly Ruled that Lead Plaintiff Must Answer Interrogatory
      Nos. 14-15 .................................................................................................................. 8

    A.  Judge Yanthis Properly Concluded that Interrogatory Nos. 14-15 Are
        Loss-Causation Identification Interrogatories, Not Contention
        Interrogatories ..................................................................................................... 8

    B.  Judge Yanthis Properly Concluded that Interrogatory Nos. 14-15 Are Not
        Premature ........................................................................................................... 10

IV.  Lead Plaintiff Would Be Obligated to Comply with Judge Yanthis' Order Even if
     Defendants Had Not Produced All Discoverable Information ................................. 12

CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*B. Braun Med., Inc. v. Abbott Labs.,*
155 F.R.D. 525 (E.D. Pa. 1994)..................................................................................... 8

*Baker v. Ace Advertisers' Serv., Inc.,*
153 F.R.D. 38 (S.D.N.Y. 1992) ...................................................................................... 15

*Bohannon v. Honda Motor Co.,*
127 F.R.D. 536 (D. Kan. 1989) ................................................................................. 14, 15

*Cagle v. Cooper Cos.,*
1996 WL 514864 (S.D.N.Y. Sept. 10, 1996)..................................................................... 2

*Caldwell-Clements, Inc. v. McGraw-Hill Publ'g Co.,*
12 F.R.D. 531 (S.D.N.Y. 1952) ...................................................................................... 6

*Cognex Corp. v. Electro Scientific Indus.,*
2002 WL 32309413 (D. Mass. July 2, 2002)..................................................................... 16

*Convolve, Inc. v. Compaq Computer Corp.,*
223 F.R.D. 162 (S.D.N.Y. 2004) ............................................................................... 13, 14

*Cook v. Rockwell,*
161 F.R.D. 103 (D. Colo. 1995) ...................................................................................... 12

*Cotz v. Mastroeni,*
2006 WL 2642190 (S.D.N.Y. Sept. 13, 2006)................................................................. 2, 3

*Dot Com Entm't Group, Inc. v. The Cyberbingo Corp.,*
237 F.R.D. 43 (W.D.N.Y. 2006).................................................................................. 5, 6

*Dubin v. E.F. Hutton Group,*
125 F.R.D. 372 (S.D.N.Y. 1989) ...................................................................................... 2

*Esai Ltd. v. Dr. Reddy's Labs., Inc.,*
406 F. Supp. 2d 341 (S.D.N.Y. 2005) ............................................................................. 2

*ESPN, Inc. v. Office of the Comm'r of Baseball,*
76 F. Supp. 2d 416 (S.D.N.Y. 1999) ............................................................................... 10

*GMC v. Villa Martin Chevrolet, Inc.,*
240 F. Supp. 2d 182 (E.D.N.Y. 2002) ............................................................................. 15

*Holland v. Island Creek,*
885 F. Supp. 4 (D.D.C. 1995)......................................................................................... 3

*In re Convergent Tech. Sec. Litig.,*
108 F.R.D. 328 (N.D. Cal. 1985).................................................................................. 4, 8

*In re Natural Gas Commodities Litig.,*
232 F.R.D. 208 (S.D.N.Y. 2005) .................................................................................... 3

**TABLE OF AUTHORITIES**
**(Continued)**

Page(s)

*Johnson v. Kraft Foods N. Am., Inc.*,
  236 F.R.D. 535 (D. Kan. 2006) ............................................................... 14

*King v. E.F. Hutton Co.*,
  117 F.R.D. 2 (D.D.C. 1987)............................................................... 12, 14

*Moss v. Enlarged City Sch. Dist. of Amsterdam*,
  166 F. Supp. 2d 668 (N.D.N.Y. 2001)............................................... 2, 7

*Natural Res. Def. Council, Inc. v. Fox*,
  1996 WL 497024 (S.D.N.Y. Aug. 30, 1996)................................... 6, 10

*Nestlé Foods Corp. v. Aetna Cas. & Sur. Co.*,
  135 F.R.D. 101 (D.N.J. 1990)................................................................. 8

*Purcell v. MWI Corp.*,
  238 F.R.D. 321 (D.D.C. 2006)................................................................. 4

*Reittinger v. Verizon Commc'ns, Inc.*,
  2006 WL 3327676 (N.D.N.Y. Nov. 15, 2006) ....................................... 4

*Rowe Entm't, Inc. v. The William Morris Agency*,
  205 F.R.D. 421 (S.D.N.Y. 2002) ......................................................... 16

*Shannon v. N. Y. City Transit Auth.*,
  2001 WL 286727 (S.D.N.Y. Mar. 22, 2001) ...................................... 8, 9

*Tribune Co. v. Purcigliotti*,
  1997 WL 540810 (S.D.N.Y. Sept. 3, 1997)................................. 7, 9, 12

*Unicure, Inc. v. Thurman*,
  97 F.R.D. 7 (D.C.N.Y. 1982)............................................................ 11, 12

*Ziemack v. Centel Corp.*,
  1995 WL 729295 (N.D. Ill. Dec. 7, 1995)............................................. 7

**Rules**

Local Civ. R. 33.3 ................................................................................... 6, 7, 8

**Treatises**

7 James Wm. Moore et al., Moore's Federal Practice ¶ 33.02(2)(b) (3d ed. 2006) ....................... 4

## PRELIMINARY STATEMENT

On January 26, 2007, Magistrate Judge Yanthis issued an Order granting, in part, Defendants' Motion to Compel Lead Plaintiff to answer Defendants' First Set of Interrogatories. Declaration of Jeffrey L. Osterwise ("Osterwise Decl."), Ex. A ("Order"), at 1-4. The Order concluded that Defendants' Interrogatory Nos. 4-15 are not premature contention interrogatories and ordered Lead Plaintiff to respond to those interrogatories. Lead Plaintiff seeks to vacate and reverse the Order, claiming that Judge Yanthis' decision was clearly erroneous and contrary to law.

Lead Plaintiff's arguments are without merit. The interrogatories at issue are identification, not contention, interrogatories. As Judge Yanthis recognized, each requests factual information relating to witnesses, documents, or damages; none requires Lead Plaintiff to reveal its legal theories or conclusions. As identification interrogatories, Interrogatory Nos. 4-15 would have been timely at any phase of discovery. And even if they were not, document discovery has been substantially completed for more than five months, and had been completed more than two months before Defendants served the interrogatories in question.[1] Fact discovery is set to close in less than two weeks, on February 28, 2007. Therefore, even if Interrogatory

---

[1] Lead Plaintiff has predicated its refusal to respond to these interrogatories, in part, on allegations of discovery abuses by Defendants. These allegations are baseless. Defendants produced over 95% of the responsive documents in this case before the end of August 2006. Most of the rest were produced before the early October 2006 mediation and the remainder were produced before any depositions were taken. Defendants took appropriate steps to preserve backup tapes, and Lead Plaintiff failed to even inquire as to backup tapes until January 30, 2007. Declaration of J. Ross Wallin ("Wallin Decl."), Ex. A, at 2. *See also* pp. 13-15, infra.

Nos. 4-15 were contention interrogatories, which they are not, they would nevertheless be

timely. In short, Judge Yanthis' decision was correct, and Lead Plaintiff's motion is meritless.

## ARGUMENT

**I.    Judge Yanthis' Ruling Is Entitled to Substantial Deference, and Should Not Be Overruled by this Court**

"A magistrate's resolution of pretrial discovery disputes is entitled to substantial

deference and may not be disturbed by a district court absent a finding that the determination was

'clearly erroneous or contrary to law.'" *Cotz v. Mastroeni*, 2006 WL 2642190 (S.D.N.Y.

Sept. 13, 2006) (quoting Fed. R. Civ. P. 72(a)); *see also Esai Ltd. v. Dr. Reddy's Labs., Inc.*, 406

F. Supp. 2d 341, 342 (S.D.N.Y. 2005); *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 373

(S.D.N.Y. 1989). "[I]n reviewing discovery disputes, the Magistrate is afforded broad

discretion, which will be overruled only if abused." *Dubin*, 125 F.R.D. at 373 (quoting *Litton v.

Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 77 (S.D.N.Y. 1989)). "[T]hat 'reasonable minds

may differ on the wisdom of granting [a party's] motion' does not mean that the decision is

clearly erroneous or contrary to law." *Moss v. Enlarged City Sch. Dist. of Amsterdam*, 166 F.

Supp. 2d 668, 669 (N.D.N.Y. 2001) (quoting *Pemrich v. Stracher*, 1992 WL 697636, at *1

(N.D.N.Y. Mar. 27, 1992); *see also Cagle v. Cooper Cos.*, 1996 WL 514864, at *1 (S.D.N.Y.

Sept. 10, 1996). In short, "[a] party seeking to overturn a magistrate judge's decision faces a

heavy burden." *In re Natural Gas Commodities Litig.*, 232 F.R.D. 208, 211 (S.D.N.Y. 2005).

Lead Plaintiff has not come close to meeting this heavy burden. As discussed below,

Judge Yanthis' ruling is unquestionably correct. He properly concluded, after reviewing detailed

letters from both sides and interpreting Local Civ. R. 33.3(a), (c), that Defendants' Interrogatory

Nos. 4-15 are not premature contention interrogatories. Lead Plaintiff suggests that this Court

should vacate Judge Yanthis' opinion because it does not offer a detailed explanation of his

2

ruling. Plaintiff's Brief in Support of Rule 72 Motion, dated Feb. 7, 2007 ("Pl.'s Br."), at 6. But

this position is incorrect. A lengthy opinion is not required. As long as a Magistrate's ruling

"finds any reasonable support in the record," a court should not overturn it. *Cotz*, 2006 WL

2642190, at \*1. Lead Plaintiff attempts to draw the opposite inference, misinterpreting *Holland*

*v. Island Creek*, 885 F. Supp. 4 (D.D.C. 1995). Although the *Holland* court found that the

Magistrate had not given "a reasoned explanation for its decision," and decided to scrutinize the

record on that basis, it did not vacate the decision but rather *upheld* the Magistrate's opinion. *Id.*

at 6. Applying the "clear error standard," the *Holland* court concluded that, on all but one minor

point, the weight of the evidence supported the Magistrate's holding. *Id.*

Judge Yanthis' rulings are supported by facts in the record, relevant case law, and Local

Civ. R. 33.3(a), (c). His Order, objectively read, articulates a clear and correct basis for his

decision. This Court should not entertain an attempt by the Lead Plaintiff to extend the

discovery schedule, avoid complying with the Court's orders, and obtain "a second bite at the

juridical apple" with regard to this and other issues that the Magistrate has correctly decided.

*See Purcell v. MWI Corp.*, 238 F.R.D. 321, 328 (D.D.C. 2006).

**II.    Judge Yanthis Correctly Ruled that Lead Plaintiff Must Respond to
        Interrogatory Nos. 4-13**

    **A.    Judge Yanthis Properly Concluded that Interrogatory Nos. 4-9 Are
        Not Contention Interrogatories**

Interrogatory Nos. 4-9, Osterwise Decl., Ex. B, at 3-5, are not contention interrogatories.

Indeed, Lead Plaintiff has failed to show how these interrogatories could be construed as such.

Interrogatory Nos. 4-9 simply seek the identities of witnesses and documents concerning the core

issues of the Complaint. They are classic identification interrogatories, "seek[ing] factual

information such as the identification of persons or tangible things or documents." *Reittinger v.*

*Verizon Commc'ns, Inc.*, 2006 WL 3327676, at *5 (N.D.N.Y. Nov. 15, 2006). Authority cited

by the Lead Plaintiff, Pl.'s Br. at 7, confirms that such interrogatories simply are not contention

interrogatories. *See In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 340-41 (N.D. Cal. 1985)

(requiring plaintiffs to identify witnesses and documents requested by defendants'

interrogatories, rejecting plaintiffs' claim that these were contention interrogatories, and

commenting that there was "no good reason . . . why plaintiffs should not promptly disclose" this

information).

Interrogatory Nos. 4-9 do not "inquire into an opinion or contention that relates to fact or

the application of law to fact," 7 James Wm. Moore et al., Moore's Federal Practice ¶

33.02(2)(b) (3d ed. 2006), and do not ask the Lead Plaintiff to "explain *why* or *how*, as a matter

of opinion or otherwise," any identified documents, individuals or facts relate to any of Lead

Plaintiff's claims. *Dot Com Entm't Group, Inc. v. The Cyberbingo Corp.*, 237 F.R.D. 43, 44-45

(W.D.N.Y. 2006) (emphasis added). Courts in the Second Circuit have not hesitated, even in

early phases of discovery, to order parties to respond to interrogatories similar to those posed by

Defendants in this case. In *Dot Com Entm't*, for example, the court found that interrogatories

asking the defendants to identify knowledgeable witnesses and to state all facts upon which

defendants based their allegations were not contention interrogatories, because the answers

would not "involve[] an opinion or contention that relates to fact or the application of law to

fact." *Id.* at 44. Judge Yanthis was therefore entirely correct in concluding that Interrogatory

Nos. 4-9 are not contention interrogatories.

> **B.    Judge Yanthis Properly Concluded that Interrogatory Nos. 10-13 Are
> Not Contention Interrogatories**

Judge Yanthis also did not err in concluding that Interrogatory Nos. 10-13, Osterwise

Decl., Ex. B, at 5, are not contention interrogatories. Order at 2-3. Lead Plaintiff's chief

argument against this conclusion hinges on the fact that Interrogatory No. 10 uses the word "contend." Pl.'s Br. at 7. This is nonsense. The use of the word "contend" does not magically transform an identification interrogatory into a contention interrogatory. Defendants' Interrogatory No. 10 is a simple request for facts, asking Lead Plaintiff to identify false statements made by Veeco. It does not require Lead Plaintiff to reveal its legal theory with regard to these facts, or to articulate how or why these facts will be useful in proving that theory. *Dot Com Entm't,* 237 F.R.D. at 44. Interrogatory Nos. 11-13 simply ask for additional facts regarding Lead Plaintiff's response to Interrogatory No. 10. "Although the interrogatories contain the word 'contend,' they are analytically no different from interrogatories seeking identification of facts." *Natural Res. Def. Council, Inc. v. Fox,* 1996 WL 497024, at *4 (S.D.N.Y. Aug. 30, 1996). *Caldwell-Clements, Inc. v. McGraw-Hill Publ'g Co.,* 12 F.R.D. 531, 544 (S.D.N.Y. 1952) lends further support: "[T]he mere employment of the word 'claim' should not make a question defective. In a sense, all interrogatories inquire into the answering party's contentions. Usually, they draw out the answering party's view or understanding of the facts and it is pretty well bound by its answer."

Evaluating an interrogatory similar to the ones at issue here, the court in *Natural Resources Defense Council* court maintained: "[A]lthough Interrogatory 1, by its terms, seeks identification 'of all waterbodies within New York State for which Defendants *contend* that a TMDL has been adopted,' the Court fails to see how this interrogatory is any different from an interrogatory seeking identification of all waterbodies in New York State for which a TMDL has been adopted." 1996 WL 497024, at *4 (emphasis added).

Defendants have never conceded that Interrogatory Nos. 10-13 are contention interrogatories. Indeed, Defendants continue to maintain that they are not. Judge Yanthis had

ample basis in relevant case law for concluding that they are not. In any event, Judge Yanthis'

decision should not be overturned because it was neither clearly erroneous nor contrary to law.

*See Moss,* 166 F. Supp. 2d at 669 ("[T]hat 'reasonable minds may differ on the wisdom of

granting [a party's] motion' does not mean that the decision is clearly erroneous or contrary to

law.").

### C.    Even if Interrogatory Nos. 4-13 Were Contention Interrogatories, They Would Not Be Premature

Discovery has been substantially completed for five months and fact discovery is

scheduled to end on February 28, 2007. Local Civ. R. 33.3(c) provides: "At the conclusion of

other discovery, and *at least* 30 days prior to the discovery cut-off date, interrogatories seeking

the claims and contentions of the opposing party may be served unless the court has ordered

otherwise" (emphasis added). Case law establishes that contention interrogatories are entirely

appropriate when fact discovery is substantially completed. *See, e.g., Tribune Co. v. Purcigliotti,*

1997 WL 540810, at *2 (S.D.N.Y. Sept. 3, 1997) (rejecting plaintiffs' argument that contention

interrogatories were premature when fact discovery was near completion and was "likely to be at

an end by the time plaintiffs' responses to the interrogatories [were] due"). Therefore, Lead

Plaintiff's argument that Interrogatory Nos. 4-13 are premature because discovery has not yet

concluded, Pl.'s Br. at 8, defies credulity.

Indeed, *none* of the cases cited in Lead Plaintiff's brief, Pl.'s Br. at 8, n.3, support its

argument that fact discovery must be closed before contention interrogatories can be served. All

of these cases agree that contention interrogatories are appropriate when fact discovery has been

substantially completed, as it has been here. *See, e.g., Ziemack v. Centel Corp.,* 1995 WL

729295, at *2 (N.D. Ill. Dec. 7, 1995) ("The general policy is to defer contention interrogatories

until discovery is *near* an end . . . .") (emphasis added); *B. Braun Med., Inc. v. Abbott Labs.,* 155

F.R.D. 525, 527 (E.D. Pa. 1994) ("[C]ourts may defer [contention interrogatories] until a *later stage* of discovery") (emphasis added); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 111 (D.N.J. 1990) ("[C]ontention interrogatories are more appropriate after a *substantial* amount of discovery has been conducted.") (emphasis added); *In re Convergent Tech.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("[T]he wisest general policy is to defer propounding and answering contention interrogatories until *near* the end of the discovery period.") (emphasis added).

Lead Plaintiff cites *Shannon v. N. Y. City Transit Auth.*, 2001 WL 286727, at *3 (S.D.N.Y. Mar. 22, 2001), for the proposition that "contention interrogatories are not proper until after depositions have been taken," Pl.'s Br. at 9, but this is simply not correct. Indeed, the *Shannon* court freely acknowledges that "there is no categorical prohibition on serving contention interrogatories at a time other than thirty days before the discovery cut-off date," stating merely that *"under the circumstances"* of the case, contention interrogatories would be premature. 2001 WL 286727, at *3 (emphasis added). The circumstances in *Shannon* differed critically from those in the present case. In *Shannon*, document discovery was not complete, no depositions had been taken, and the judge was issuing a revised scheduling order with an unspecified extension. *Id.* Even so, the *Shannon* court did not state that contention interrogatories must be reserved until discovery closed; it gave plaintiff "leave to renew after further discovery [had] occurred." *Id.*

Moreover, Lead Plaintiff misinterprets Local Civil Rule 33.3(c). According to Lead Plaintiff, Local Civil Rule 33.3(c) "intends for contention interrogatories to be answered at the conclusion of other discovery." Pl.'s Br. at 8. Lead Plaintiff further asserts that February 28, 2007, the fact-discovery cut-off date, "is the earliest date which could conceivably be considered

the conclusion of other discovery." *Id.* However, nowhere in Local Civil Rule 33.3(c) is "other discovery" defined as "all phases and methods of fact discovery." This is because there are many forms of discovery, and "other discovery" means any form of discovery "other" than interrogatories. Depositions, document productions, and requests for admissions are all examples of "other discovery." In this case, document production has been substantially completed for more than five and one-half months. In other words, the conclusion of "other discovery" occurred last August, and the serving of contention interrogatories anytime thereafter would not be precluded by the language of Local Civil Rule 33.3(c).

Here, document discovery has been completed and depositions are ongoing. Fact discovery is set to close in less than two weeks. As Judge Yanthis correctly observed, "Local Rule 33.3(c) provides that at the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served." Order at 3. The interrogatories are therefore timely, and Judge Yanthis' order compelling Lead Plaintiff to respond should be affirmed. *See Tribune Co. v. Purcigliotti,* 1997 WL 540810, at *2 (S.D.N.Y. Sept. 3, 1997).

**III. Judge Yanthis Correctly Ruled that Lead Plaintiff Must Answer Interrogatory Nos. 14-15**

**A. Judge Yanthis Properly Concluded that Interrogatory Nos. 14-15 Are Loss-Causation Identification Interrogatories, Not Contention Interrogatories**

Judge Yanthis correctly ruled that Interrogatory Nos. 14-15, Osterwise Decl., Ex. B, at 6, relate to loss causation and damages, and therefore are governed by Local Civ. R. 33.3(a), which provides that interrogatories seeking "the computation of each category of damage alleged" may be served "at the commencement of discovery." Lead Plaintiff disingenuously argues that Judge Yanthis did not address whether Interrogatory Nos. 14-15 are contention interrogatories. Pl.'s

8

Br. at 10. To the contrary, his conclusion that they are not is inescapable given his ruling that Local Civ. R. 33.3(a) – which governs identification interrogatories – applies.

Lead Plaintiff again makes much of the fact that Interrogatory Nos. 14-15 use the word "contend." Pl.'s Br. at 11. As previously discussed, however, the mere use of the word "contend" does not a contention interrogatory make. "Although the interrogatories contain the word 'contend,' they are analytically no different from interrogatories seeking identification of facts." *Natural Res. Def. Council*, 1996 WL 497024, at *4. Interrogatory Nos. 14-15 seek only facts regarding monetary damages alleged by Lead Plaintiff, and Lead Plaintiff's methods of computing those damages.

It is simply not correct for Lead Plaintiff to say that Interrogatory Nos. 14-15 are "inextricably linked to Plaintiff's legal theories about damages." Pl.'s Br. at 11. Interrogatories seeking information about damages, claims, and the method of calculation thereof are a routine line of inquiry, permissible from the outset of discovery. Not surprisingly, Lead Plaintiff fails to point to *any* case law indicating that loss causation interrogatories are contention interrogatories.

In fact, courts routinely treat interrogatories about damages and methods of calculation as identification interrogatories, and allow them at an early phase of discovery. For example, in *ESPN, Inc. v. Office of the Comm'r of Baseball*, 76 F. Supp. 2d 416, 419 (S.D.N.Y. 1999), the court determined that interrogatories requiring the defendants to "state the amount of monetary damages [sought] in this action and explain the basis for the computation of [that] claim" (internal quotations omitted) were properly served during discovery. Again, in *Unicure, Inc. v. Thurman*, 97 F.R.D. 7, 8, 11 (D.C.N.Y. 1982), the court treated as proper interrogatories served by defendants a full month before defendants' first request for production of documents, which asked plaintiffs to "separately identify each item of damage, state the amount of damage claimed

for each item and, for each such item, set forth the computations and method of calculation used to arrive at each such amount" (internal quotations omitted). Lead Plaintiff's argument that Interrogatory Nos. 14-15 are contention interrogatories is therefore utterly without support. These are identification interrogatories, legitimate and answerable since the commencement of discovery.

**B.    Judge Yanthis Properly Concluded that Interrogatory Nos. 14-15 Are Not Premature**

In rejecting Lead Plaintiff's contention that Interrogatory Nos. 14-15 are premature pending the completion of expert discovery, Judge Yanthis correctly observed that "Local Rule 33.3(a) provides in part that interrogatories directed to 'the computation of each category of damage alleged' are allowed at the commencement of discovery." Order at 3. He therefore properly ordered Lead Plaintiff to respond to them "based on the information available to it." *Id*. Lead Plaintiff's argument thus misses the point entirely. Defendants are not asking, and Judge Yanthis is not ordering, Lead Plaintiff to provide expert opinion on damages. Defendants are simply requesting that Lead Plaintiff furnish information currently available to it. Judge Yanthis noted that Lead Plaintiff may supplement its responses as "appropriate after expert discovery." Order at 3.

Lead Plaintiff's suggestion that it is incapable of answering Interrogatory Nos. 14-15 before the completion of expert discovery, Pl.'s Br. at 11-12, is disingenuous; indeed, Lead Plaintiff has failed to cite any cases to support its contention. By contrast, numerous cases indicate that parties are obligated to respond to loss causation interrogatories at the outset of discovery, with whatever information is available. As the court in *King v. E.F. Hutton Co.*, 117 F.R.D. 2, 5 (D.D.C. 1987) observed, in a securities fraud action similar to the instant case, "[w]hile an expert . . . may be necessary to refine the evidence of [plaintiffs'] losses, the

plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed." Granting the defendants' motion to compel, the court concluded: "It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed." *Id.*

That supplementation may eventually be necessary to provide a complete answer does not excuse a party from answering loss causation interrogatories to the best of its ability.[2] *Unicure, Inc. v. Thurman*, 97 F.R.D. at 11, 12 is instructive:

> Unicure's purported justifications would not in any event support its total failure to provide discovery regarding its damages. In the first place, Unicure should be able to provide basic information concerning its claim for damages without hiring an expert or conducting any discovery of its own. A complaint must be based on allegations made in good faith.

*Id.* Likewise, in a previous case where Berger & Montague was one of the plaintiffs' representatives, the court concluded: "Although Plaintiffs may need to consult their experts before responding to the Requests, this does not excuse them from responding to the Requests with the information they possess. They may later supplement their responses . . . ." *Cook v. Rockwell*, 161 F.R.D. 103, 106 (D. Colo. 1995). "The Federal Rules only require a party to furnish facts which are available to it. . . . To the extent that . . . answers are conditional and will require supplementation based on additional information, so be it." *Convolve, Inc. v. Compaq*

---

2  Lead Plaintiff's citation to *Tribune Co. v. Purcigliotti*, 1997 WL 540810, at *2, does not rebut this point. *Tribune* involved the results of hearing tests, which could only be interpreted by experts. *Id.* The issue in the instant case is quite different. Defendants are not asking for information that is exclusively within the knowledge of an expert.

*Computer Corp.*, 223 F.R.D. 162, 173 (S.D.N.Y. 2004).[3] That expert discovery has not yet occurred is no excuse. Lead Plaintiff must answer Interrogatory Nos. 14-15.

**IV.    Lead Plaintiff Would Be Obligated to Comply with Judge Yanthis' Order Even if Defendants Had Not Produced All Discoverable Information**

Lead Plaintiff argues that it is entitled to ignore Defendants' interrogatories because Defendants have been dilatory in discovery. Pl.'s Br. at 12-13. On this point, Lead Plaintiff is wrong on the law, and certainly wrong on the facts. As Judge Yanthis correctly concluded, the interrogatories in question are not contention interrogatories. Thus, Defendants were free to serve these interrogatories at any point in the discovery process. The fact that document discovery has been substantially complete for over five months only makes Lead Plaintiff's position even weaker.

As Lead Plaintiff well knows, whether discovery is complete has no bearing on whether Lead Plaintiff has an obligation to respond to these interrogatories. In one recent decision, where Berger & Montague represented the plaintiff, the court stated firmly that a "[p]laintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [d]efendants." *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 544 (D. Kan. 2006) (ordering plaintiffs to respond to defendants' interrogatories). *See also Convolve*, 223 F.R.D. at 173 (requiring response to interrogatories, arguing that "[t]o the extent discovery is still due from [defendant] . . . the Federal Rules only require a party to furnish facts which are

---

[3] In *Convolve*, although "damages discovery" was complete, plaintiff continued to argue that it could not answer the interrogatory because its answer depended in part on information it claimed the defendant had improperly withheld in discovery. The court rejected this argument: "Convolve is fully capable of answering the interrogatories on the basis of the discovery it has obtained. To the extent that its answers are conditional and will require supplementation based on additional information, so be it." 223 F.R.D. at 173.

available to it.") (internal quotations omitted); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536,

538 (D. Kan. 1989) (requiring response to interrogatories because "Plaintiff is not entitled to

withhold discovery information until he has obtained to his own satisfaction all discovery from

Honda").

Put another way, delay is not the proper antidote for the possibility that a party answering

an interrogatory may not have all relevant information. "Plaintiff must be aware of some of the

specific facts upon which the allegations in [its] Complaint are based, otherwise [it] would not

have made the allegations in the first place." *Kraft Foods*, 236 F.R.D. at 544. "Accordingly, [it]

has a duty to answer the interrogatory with whatever information [it] has." *Bohannon*, 127

F.R.D. at 538. The remedy lies in the fact that, under Fed. R. Civ. P. 26(e), parties "have the

option, indeed even the duty, to supplement their answers to these interrogatories to reflect

refinements or corrections," as necessary. *Hutton*, 117 F.R.D. at 5; *accord Convolve*, 223 F.R.D.

at 173; *Bohannon*, 127 F.R.D. at 538. This is precisely the approach Judge Yanthis has taken in

the instant case.

In any event, Lead Plaintiff's attempt to shift blame to Defendants is mere pretext. Lead

Plaintiff knows that if it is forced to respond substantively to Interrogatory Nos. 4-15, it will be

forced to concede that the bulk of the factual allegations in its Complaint are baseless. Lead

Plaintiff's desperation is evident in the fact that the accusations of dilatory conduct it now

emphasizes were not even raised in its arguments before Judge Yanthis, despite the fact that all

of the underlying issues were known to Lead Plaintiff before its January 18, 2007 letter to the

Magistrate was filed. Accordingly, those arguments are now waived. *See GMC v. Villa Martin

Chevrolet, Inc.*, 240 F. Supp. 2d 182, 184 (E.D.N.Y. 2002) (concluding that failure to raise an

objection before the magistrate constituted waiver of that argument); *Baker v. Ace Advertisers'*

13

*Serv., Inc.*, 153 F.R.D. 38, 43 (S.D.N.Y. 1992) ("[A] party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate.").

The new accusations are false. Lead Plaintiff mischaracterizes Defendants' conduct during discovery, claiming that Defendants waited until January 19, 2007 to inform Lead Plaintiff that the dates they had noticed for four Veeco executives were not acceptable. Pl.'s Br. at 2-3. In fact, Defendants informed Lead Plaintiff on December 4, 2006 that the noticed dates would not be possible, and proposed four alternate dates. Wallin Decl., Ex. B. Lead Plaintiff did not respond to this information until January 15, 2006, at which point the scheduling conflicts could no longer be reconciled with the January 31, 2007 discovery deadline. Wallin Decl., Ex. C.[4] Lead Plaintiff attempts to paint the individual Veeco Defendants as being unduly inflexible in their scheduling demands, but as Defendants' counsel stated, "[d]eposing four high-level executives of a public company – three of whom are finance employees – within the last seven work days of January obviously poses serious difficulties." *Id.*

Lead Plaintiff's contention that Defendants have stalled discovery by failing to produce emails from backup tapes, Pl.'s Br. at 4, is also wrong. Veeco took appropriate steps to preserve backup tapes. These backup tapes were not searched because Lead Plaintiff did not request such a search; there is no general duty to search back-up tapes. *Cognex Corp. v. Electro Scientific Indus.*, 2002 WL 32309413, at *5 (D. Mass. July 2, 2002). As Lead Plaintiff is well aware,

---

[4] Indeed, the Lead Plaintiff's hand-wringing about the burden the discovery extension has placed on it is suspicious, to say the least. Although it claims that it had "planned to complete its depositions within the time allotted under the Court's previous fact-discovery schedule ending January 31, 2007," the Lead Plaintiff quickly attempted, after agreeing to the extension, to reschedule all four of the depositions it "planned" to take in January into "the last few days of February." Wallin Decl., Ex. D.

**REDACTED**

14

restoration of backup tapes is burdensome, costly, and time-consuming. Because of the complications involved, parties seeking to discover the contents of backup tapes should make this request at the outset of discovery. If such a request is granted, cost-sharing is routinely ordered. *See, e.g., Rowe Entm't, Inc. v. The William Morris Agency*, 205 F.R.D. 421, 428-32 (S.D.N.Y. 2002). Lead Plaintiff's complaint that "[a]t no point before . . . had Defendants bothered to inform counsel for Plaintiff of this critical fact," Pl.'s Br. at 4, is therefore particularly disingenuous. Berger & Montague knew – or as competent professionals, should have known – that a restoration of backup tapes would not be undertaken as a matter of course. That Defendants never asked Lead Plaintiff for cost-sharing was a clear indication to Lead Plaintiff from the outset that Defendants were not restoring and searching their backup tapes. Despite this fact, Lead Plaintiff made no mention of this alleged deficiency in its January 18, 2007 letter to Judge Yanthis regarding Defendants' interrogatories. Osterwise Decl., Ex. D, at 1-2. Indeed, Lead Plaintiff never once raised the issue of backup tapes with Defendants until January 30, 2007. Wallin Decl., Ex. F. Defendants responded on February 2, 2007. Wallin Decl., Ex. G. So this argument too must be deemed waived.

### CONCLUSION

For all these reasons, Defendants Veeco Instruments Inc., Edward H. Braun, John F. Rein, Jr. and John P. Kiernan respectfully request that this Court deny Lead Plaintiff's motion to vacate and reverse the discovery order of Magistrate Judge George A. Yanthis signed January 26, 2007.

Dated:    New York, New York
          February 21, 2007

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By: _____

15

John A. Herfort (JH-1460)
Robert F. Serio (RS-2479)
J. Ross Wallin (JW-3911)

200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

*Attorneys for Defendants Veeco
Instruments Inc., Edward H. Braun,
John F. Rein, Jr., John P. Kiernan*

100166167_6.DOC