UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

IN RE VEECO INSTRUMENTS, INC.
SECURITIES LITIGATION                                   05 MD 1695 (CM)(GAY)

THIS DOCUMENT RELATES TO ALL ACTIONS

-------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

Presently before the Court is a motion by the "Lead Plaintiff" Steelworkers Pension Trust to compel Defendants to produce for discovery all non-privileged documents of the Individual Defendants and other named individuals from August 2004 through March 2005.  Defendants oppose the motion contending among other things that Lead Plaintiff unduly delayed in bringing this motion.  Defendants also contend that restoring the backup tapes and searches involved would be extraordinary burdensome and costly.  Thus, Defendants contend that if the requested discovery is ordered at this late date that the costs should be shifted to the Plaintiff.  Surprisingly, there was not an electronic discovery protocol entered into between the parties.  The issue of searching back-up tapes was not discussed.  The Court finds that it would be unreasonable for Plaintiff to assume that back-up tapes were being searched given that a electronic discovery protocol was not entered into and no discussions on the subject were held.  Those facts notwithstanding, all parties were obligated in a case such as this to discuss the limits of electronic discovery given the certain need for a protocal here.

Recently amended Fed.R.Civ.P. 26 (b)(2) provides that the responding party must identify the sources containing potentially responsive information that it is neither

searching nor producing.  The fact that such discovery would be burdensome and not reasonably accessible, as the Court finds here, requires the requesting party to show good cause in accordance with Rule 26 (b)(2)(C).  The Advisory Committee Notes to the 2006 amendments suggests that courts consider the following:

(1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

The Court concludes that good cause has been reasonably demonstrated by Plaintiff.  E-mails sent or received by Defendants relating to the issues hereinl could constitute important relevant evidence and are reasonably calculated to lead to admissible evidence.  It has not been demonstrated that said information is reasonably available from any other easily accessed source.  The discovery requests are specific.  The resources of the parties are not an issue.   Accordingly, the Court directs that the Defendant restore the backup tapes for the time period from August 2004 through March 2005 to produce the requested non-privileged documents.

The next issue is whether or not there should be any allocation of costs for the electronic discovery ordered herein.  Prior to Plaintiff limiting its discovery requests, Defendant estimated that the cost of the back-up tape discovery would be approximately $124,000.00.  Said estimated cost should now be substantially less given

the more limited time frame. There is a presumption that "the responding party must bear the expense of complying with discovery requests." Oppenheimer Fund, Inc. V. Sanders, 437 U.S. 340, 358 (1978). The major case of Zubulake v. UBS Warburg LLC, 217 F.R.D. 309 (S.D.N.Y. 2003) set forth a widely followed standard for determining when cost shifting is appropriate. The Zubulake factors, in order of importance, are:

1. The extent to which the request is specifically tailored to discover relevant information;
2, The availability of such information from other sources;
3. The total cost of production, compared to the amount in controversy;
4. The total cost of production, compared to the resources available to each party;
5. The relative ability of each party to control costs and its incentive to do so;
6. The importance of the issues at stake in the litigation; and
7. The relative benefits to the parties of obtaining the information.

Zubulake at 322.

The factors are not to be applied mechanistically, weighed in descending order, the first factor being the most important consideration and the seventh factor the least important. Zubulake at 323. The Court directs that Defendant shall produce the electronic discovery set forth herein initially at its own expense. Defendant shall prepare an affidavit detailing the results of its search, as well as the time and money spent. The Court will then conduct the appropriate cost-shifting analysis. Zubulake at 324.

SO ORDERED:

Dated: March 30, 2007
White Plains, New York

*George A. Yanthis*
GEORGE A. YANTHIS, U.S.M.J.