# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

jherfort@gibsondunn.com

May 2, 2007



CHAMBERS OF
GEORGE A. YANTHIS
U.S.M.J.

Direct Dial
(212) 351-3832

Fax No.
(212) 351-5258

Client No.
T 94625-00001

VIA FACSIMILE

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 118
White Plains, New York 10601-4150

Re: *In re Veeco Instruments Inc. Sec. Litig.*, 05 MD 1695 (CM)(GAY)

Dear Judge Yanthis:

This letter is in response to Ms. Broderick's May 1, 2007 letter regarding the May 1, 2007 teleconference.

First, I apologize for indicating that after receiving our letter of April 9, 2007, in which we stated that we were using search terms to review the documents from the backup tapes, Lead Plaintiff ignored the matter for over two weeks. I mistakenly suggested, having forgotten about Ms. Broderick's April 13 email, that they failed to object to our use of search terms until April 24, 2007, when I should have said that they failed to deal with the merits of the search terms themselves (or even to ask for them) before April 24. As set forth below, Lead Plaintiff insisted on taking the untenable, all-or-nothing position that search terms should not be used at all.

Here is what happened:

- We received an email from Ms. Broderick on April 13, 2007 (attached) that, among other things, said that it was wrong to use search terms at all to help get the documents reviewed. Lead Plaintiff made no request to look at the search terms we were using. It was clear at this point that there was a disagreement between the parties on an issue of principle (whether search terms should be used at all) and not on the actual search terms themselves.

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
May 2, 2007
Page 2

- We replied by email (attached) on April 19, 2007, saying, among other things, that it was appropriate to use search terms.

- On April 24, 2007, Lead Plaintiff finally brought the dispute to Your Honor's attention by a letter (attached) in which it took the hard-line position, which we thought was untenable in light of the *Treppel* case in the Southern District and other sources, that search terms should not be used at all.

- On April 26, 2007, we replied by letter (attached) to Your Honor in which we argued that it was appropriate to use search terms—relying on *Treppel* and other sources—and offered to discuss the search terms we were using with the Court, and enclosed the list of search terms we were using.

- On April 30, 2007, Lead Plaintiff replied by letter (attached) to Your Honor, stating that it continued to object to the use of any search terms, questioning the validity of the search terms used by Defendants, and suggesting that a host of additional terms should have been used, which we believed was unnecessary and untimely.

In short, from April 9, 2007 until April 30, 2007, Lead Plaintiff did not indicate that there was something wrong with our search terms, instead insisting that no search terms should be used at all. With all respect, we believe that this was not a constructive or reasonable way to deal with the issue, particularly in light of the May 11, 2007 deadline. We think that it was improper for Lead Plaintiff to insist that no search terms should be utilized at all and then criticize the validity of the search terms on April 30, 2007 after Defendants voluntarily disclosed them to the Court on April 26.

As for the search terms themselves, we believe that, as was argued at length on the May 1, 2007 teleconference, they represent a good, solid list, and that using them was appropriate in light of *Treppel* and the other authorities we discussed.

Finally, and contrary to Lead Plaintiff's assertions, we did produce out of the back-up tapes electronic documents from the files of individual Defendants on April 25 and 30 (Lead Plaintiff receiving them on the mornings of April 26 and May 1) and we anticipate making our final production late in the day on May 3.

# GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
May 2, 2007
Page 3

    For these reasons, I again apologize, but we believe that Your Honor's ruling yesterday should stand.

Respectfully submitted,

John A. Herfort

cc: Carole A. Broderick, Esq.
    Phyllis M. Parker, Esq.
    Robert I. Harwood, Esq.
    Shane T. Rowley, Esq.
    Paul J. Scarlato, Esq.
    Robert F. Serio, Esq.

**Jeff Osterwise**

From: Carole Broderick
Sent: Friday, April 13, 2007 5:00 PM
To: 'Wallin, J. Ross'
Cc: Phyllis Parker; Jeff Osterwise; Carole Broderick
Subject: RE: Huff Deposition - Instruction not to answer

Dear Ross,

On the subject of your instructions not to answer, we are about to notice a Rule 30(b)(6) deposition covering the matters in the documents that were withheld on the ground of work product protection, and demand that witnesses, including Mr. Huff and Mr. Vollmer, testify about what they said or what they learned in connection with the "investigation." We believe that your position that this discovery cannot be had is unfounded. See, e.g., Judge Scheindlin's opinion in *Brock v. Panzarino*, 109 F.R.D. 157, 160 (E.D.N.Y. 1986) ("The work product doctrine shields only prepared materials, not the facts upon which the materials were based"), citing *Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360 (E.D. Pa. 1979) ("adverse party's lawyer's notes of witness interviews are protected under the Rule, but he may be deposed as to the facts learned through interviewing those witnesses.")

If you intend to persist in your position that this is not the law the matter should be decided by the Court before the depositions. Please let me know whether you disagree with Judge Scheindlin immediately.

Your statement to Jeff that you intend to do a word search of the electronic documents rather than a document by document review is unacceptable. There is every reason to believe that such a search may miss important documents, as it did the last time, and a document by document search of emails for a handful of people for a few months is not unduly burdensome. We believe that the electronic documents should be produced no later than April 25. Please let me know whether you agree to do a document by document search and will produce the documents by April 25 by Monday. Also, we intend to take an additional day of deposition of the persons who have been deposed whose electronic documents are now being produced. Please let us know whether you will agree to this by Monday.

Sincerely,

Carole Broderick

---

From: Wallin, J. Ross [mailto:rwallin@gibsondunn.com]
Sent: Friday, April 13, 2007 4:24 PM
To: Jeff Osterwise; Carole Broderick
Cc: JBeha@ABV.com
Subject: FW: Huff Deposition - Instruction not to answer

Carole,

Please see Jim Beha's message below. He apparently is having difficulty sending you emails.

---

From: James A. Beha [mailto:JBeha@ABV.com]
Sent: Thursday, April 12, 2007 3:42 PM
To: Wallin, J. Ross
Subject: FW: Huff Deposition - Instruction not to answer

5/1/2007

Fw: Huff Deposition - Instruction not to answer

## Young, Colin R.

**From:** Wallin, J. Ross
**Sent:** Thursday, April 19, 2007 9:49 AM
**To:** Carole Broderick
**Cc:** Phyllis Parker; Jeff Osterwise; Herfort, John A.; Serio, Robert F.; Young, Colin R.
**Subject:** RE: Huff Deposition - Instruction not to answer

Carole,

You continue to misconstrue the law governing work product protection as well as my instructions to the witnesses. As Judge McMahon recently wrote, "[w]hile [you] cannot ask the witnesses what they were asked by the Kaye Scholer attorneys (or those acting at the attorneys' behest) or what they told such individuals in interviews, [you are] free through depositions to ask questions pertaining to the claims and defenses in this action. In other words, [you] can ask the very same questions that Kaye Scholer would have asked during their interviews – and the witnesses cannot refrain from answering on the ground that they gave answers to the same questions to Kaye Scholer." *In re Veeco Instruments Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 16922, at *36 (S.D.N.Y. Mar. 9, 2007). My instructions to the witnesses during the course of the depositions have been consistent with Judge McMahon's statement of the law. You should bear in mind that you had ample opportunity to depose Messrs. Huff and Vollmer on the underlying facts regarding the "claims and defenses in this action" and we see no basis for taking up any more of their time.

We are working to complete our upload and review of electronic files on Veeco's backup tapes. We will begin producing documents on or before April 25, 2007. As soon as I can give you an estimate of when production will be done, I will do so. Using search terms is a widely accepted practice when a party is requested to produce documents from electronic sources. Treppel v. Biovail Corp., 233 F.R.D. 363, 374 (S.D.N.Y. 2006). As such, this is the procedure that we intend to follow.

You currently do not have any basis for taking a second day of deposition testimony from Messrs. Braun, Kiernan, Rein, and Reifert. If, after you receive our supplemental document production, you believe that a second day of deposition testimony is justified, you can call me and we will see what you really want and whether it makes sense.

Regards,

Ross Wallin

---

**From:** Carole Broderick [mailto:cbroderick@bm.net]
**Sent:** Friday, April 13, 2007 5:00 PM
**To:** Wallin, J. Ross
**Cc:** Phyllis Parker; Jeff Osterwise; Carole Broderick
**Subject:** RE: Huff Deposition - Instruction not to answer

Dear Ross,

On the subject of your instructions not to answer, we are about to notice a Rule 30(b)(6) deposition covering the matters in the documents that were withheld on the ground of work product protection, and demand that witnesses, including Mr. Huff and Mr. Vollmer, testify about what they said or what they learned in connection with the "investigation." We believe that your position that this discovery cannot be had is unfounded. See, e.g., Judge Scheindlin's opinion in *Brock v. Panzarino*, 109 F.R.D. 157, 160 (E.D.N.Y. 1986) ("The work product doctrine shields only prepared materials, not the facts upon which the materials were based"), citing *Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360 (E.D. Pa. 1979) ("adverse party's lawyer's notes of witness interviews are protected under the Rule, but he may be deposed as to the facts learned through interviewing those witnesses.")

If you intend to persist in your position that this is not the law the matter should be decided by the Court before the depositions.

5/2/2007

Fw: Huff Deposition - Instruction not to answer

Please let me know whether you disagree with Judge Scheindlin immediately.

Your statement to Jeff that you intend to do a word search of the electronic documents rather than a document by document review is unacceptable. There is every reason to believe that such a search may miss important documents, as it did the last time, and a document by document search of emails for a handful of people for a few months is not unduly burdensome. We believe that the electronic documents should be produced no later than April 25. Please let me know whether you agree to do a document by document search and will produce the document by April 25 by Monday. Also, we intend to take an additional day of deposition of the persons who have been deposed whose electronic documents are now being produced. Please let us know whether you will agree to this by Monday.

Sincerely,

Carole Broderick

---

**From:** Wallin, J. Ross [mailto:rwallin@gibsondunn.com]
**Sent:** Friday, April 13, 2007 4:24 PM
**To:** Jeff Osterwise; Carole Broderick
**Cc:** JBeha@ABV.com
**Subject:** FW: Huff Deposition - Instruction not to answer

Carole,

Please see Jim Beha's message below. He apparently is having difficulty sending you emails.

---

**From:** James A. Beha [mailto:JBeha@ABV.com]
**Sent:** Thursday, April 12, 2007 3:42 PM
**To:** Wallin, J. Ross
**Subject:** Fw: Huff Deposition - Instruction not to answer


James A. Beha II
Allegaert Berger & Vogel LLP
111 Broadway
New York, NY 10006
212-571-0550
www.abv.com
jbeha@abv.com


This e-mail may contain confidential and privileged material
for the sole use of the intended recipient. If you are not the
intended recipient, please delete all copies and contact the
sender. Thank you


-----
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: James A. Beha <JBeha@ABV.com>
To: cbroderick@bnt.net <cbroderick@bnt.net>
Sent: Thu Apr 12 15:38:05 2007
Subject: Re: Huff Deposition - Instruction not to answer

I am away out of the country until april 19. I will look into this when I return, but since the privilege at issue is not personal to Mr. Huff it is up you plaintiff and defendant to resolve this.
James A. Beha II
Allegaert Berger & Vogel LLP
111 Broadway

5/2/2007

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875 3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

PHYLLIS M. PARKER

WRITER'S DIRECT DIAL    (215) 875-1647
WRITER'S DIRECT FAX    (215) 875-4674
WRITER'S DIRECT E-MAIL    pparker@bm.net

April 24, 2007

Via Facsimile (914) 390-4095

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 118
White Plains, NY 10601-4150

    Re:    *In re: Veeco Instruments Inc., Securities Litigation*
           Case No: 7:05-md-01695 (CM)(GAY)

Dear Judge Yanthis:

    Lead Plaintiff Steelworkers Pension Trust ("Plaintiff") respectfully submits this letter to ask the Court's permission to file a motion to address Defendants' refusal to conduct a document-by-document review of the electronic documents that the Court ordered Defendants to produce to Plaintiff in its Order dated March 30, 2007.

    The Court's March 30, 2007 Order directed Defendants to produce the emails and other electronic files of the three Individual Defendants and four other named individuals for the eight month period August 2004 though March 2005. Since that time, Defendants informed Plaintiff that, rather than perform a document-by-document review of electronic documents on Veeco's backup tapes, they intended to filter the documents through a list of approximately thirty search-terms, and then review the documents generated as a result of that process for responsiveness before producing them to Plaintiff. Defendants did not provide Plaintiff with the list of search-terms they are using nor did they ask Plaintiff for any input regarding the list. Plaintiff rejected this procedure, and insisted that Defendants review all the documents on the backup tapes, since a search-term filtering process can reasonably be expected to miss relevant documents because of misspellings and abbreviations, and because authors of emails, in particular, often use abbreviated and colloquial language. Thus, no matter which nor how many search-terms Defendants use, there is no assurance that this method will capture every responsive document. Accordingly, nothing other than a document-by-document review by Defendants will satisfy their obligation to produce all of the documents that the Court has ordered produced.

## Berger & Montague, P.C.
ATTORNEYS AT LAW

Honorable George A. Yanthis
April 24, 2007
Page 2

Here, Plaintiff has clearly defined and limited the number of people whose documents must be produced and has also limited the relevant time period to an eight month period. Under such circumstances, Defendants can hardly justify their insistence on using imprecise search-term filters.

Defendants have indicated that they intend to begin producing responsive documents identified through their search-term filtering process on or before April 25, 2007. Given the approaching May 11, 2007 discovery deadline, Plaintiff expects that this letter should not alter Defendants' intention to produce those documents that they have identified as responsive as of April 25.

Respectfully submitted,

Phyllis M. Parker

Enclosures

cc:  John A. Herfort, Esq./Robert F. Serio, Esq./J. Ross Wallin, Esq.
     Robert Harwood, Esq.
     Shane T. Rowley, Esq.
     Paul J. Scarlato, Esq.

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

jhosfort@gibsondunn.com

April 26, 2007

Direct Dial
(212) 351-3832
Fax No
(212) 351-5258

Client No.
T 94625-00001

VIA FACSIMILE

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 118
White Plains, New York 10601-4150

Re:    In re Veeco Instruments Inc. Sec. Litig., 05 MD 1695 (CM)(GAY)

Dear Judge Yanthis:

Defendants respectfully submit this letter in response to Lead Plaintiff's letter to Your Honor, dated April 24, 2007, regarding the Court's March 30, 2007 Order. We respectfully disagree with Lead Plaintiff's position and ask Your Honor to deny its request to file a motion.

First, Lead Plaintiff's position is that Defendants must not use search terms to make the initial review of the tens of thousands of documents gleaned from the backup tapes Your Honor ordered us to restore on March 30, 2007. Instead, in a transparent attempt to run up costs, Lead Plaintiff insists in its letter that "nothing other than a document-by-document review by Defendants will satisfy their obligation to produce all of the documents that the Court has ordered produced." On the contrary, as Magistrate Judge Francis has held, "[e]ven in a case involving exclusively hard copy documents, there is no obligation on the part of a responding party to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations." *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006). As *Treppel* held, "[r]ather, it must conduct a diligent search, which involves developing a reasonably comprehensive search strategy," including use of appropriate "search terms." *Id.* Moreover, "[d]efined search strategies are even more appropriate in cases involving electronic data, where the number of documents may be exponentially greater." *Id.* (quoting *The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production*, Principle 11 (2003) ("A responding party may properly access and identify

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
April 26, 2007
Page 2

potentially responsive electronic data and documents by using reasonable selection criteria, such as search terms or samples.")).[1]

Since the Court's March 30 Order, we have not received a single question from Lead Plaintiff about our search terms.[2] As Your Honor can see, the search terms that we are using (a list of which is attached as Exhibit A) are extremely broad. If Your Honor believes that it might be appropriate to supplement them, we would of course be pleased to discuss that issue with Your Honor. Lead Plaintiff's desire to prohibit Defendants from using search terms at all makes no sense – unless one wants only to run up the bill.

Finally, Defendants are on track to complete the ordered discovery in a timely fashion. We sent Lead Plaintiff the first installment of the production yesterday evening.

For all these reasons, we respectfully ask the Court to deny Lead Plaintiff's request to file a motion to compel.

Respectfully submitted,

John A. Herfort

Attachment

cc: Carole A. Broderick, Esq.
    Phyllis M. Parker, Esq.
    Robert I. Harwood, Esq.
    Shane T. Rowley, Esq.
    Paul J. Scarlato, Esq.

---

[1] The *Manual for Complex Litigation*, cited in approval in the Advisory Committee Notes on the 2006 amendment to Federal Rule of Civil Procedure 26(f), suggests the use of "key words" in identifying responsive materials. *Manual for Complex Litigation* (4th) § 40.25(2); see Fed. R. Civ. P. 26(f) advisory committee notes (2006).

[2] Defendants disclosed their discovery protocol to Lead Plaintiff in a letter dated April 10, 2007.

Exhibit A

## SEARCH TERMS[1]

TurboDisc

Turbo Disc

TurboDisk

Turbo Disk

TD

Somerset

Elvis

Emcore

Transition!

TSA

Inventory

Write-down

Write-off

Warranty

Reserve(s)

Heating

Filament(s)

Fail!

Replac!

Defect!

---

[1] The "!" symbol is a root expander. For example, the search term "replac!" would locate words such as "replace," "replaced," "replacement," etc.

Sanan

Hakuto

Rolun

Epi

Epiplus

Izz!

Restat!

Audit!

Jefferson

JW

Investig!

Control(s)

Reactor(s)

MOCVD

GanZ!

Bruce

Huff

Overstat!

Understat!

Understaffed

Recogn! /10 revenue

Ernst

E&Y

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

CAROLE A. BRODERICK

WRITER'S DIRECT DIAL | 215/875-3015
WRITER'S DIRECT FAX | 215/875-5715
WRITER'S DIRECT E-MAIL | cbroderick@bm.net

April 30, 2007

**Via Facsimile (914) 390-4095**

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
Room 118
White Plains, New York 10601-4150

Re: *In re Veeco Securities Litigation*

Dear Judge Yanthis:

Lead Plaintiff respectfully submits this letter in response to Defendants' April 26, 2007 letter regarding the Court's March 30, 2007 Order, in which Defendants - purportedly relying on *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) - argue that they should be permitted to satisfy their obligation to comply with the Court's Order by searching electronic documents by using their list of search terms attached to their letter. However, the *Treppel* case cited by Defendants is wholly irrelevant, because in that case the plaintiff had not limited his request either in terms of the time period for which the search was to be made nor in terms of the persons whose files were to be searched. Here, in contrast, Lead Plaintiff has requested, and the Court has ordered, the electronic files of an extremely narrow group of persons for a very narrow time period. Indeed, the very case cited by Defendants explicitly recognizes precisely that sort of limitation of a search for documents as constituting an appropriate limitation, which would negate the necessity for the use of search terms. *Treppel*, 233 F.R.D. at 374.

Moreover, the list of search terms proposed by Defendants omits terms which would produce documents vital to Plaintiffs' claims, and is, therefore, wholly unjustifiable. For example:

(1) Defendants' list of search terms omits the names of the customers who are the subject of improper revenue recognition. These customers include Highlink, BPU, Osram, South Epitaxy Corp. or SEC, Cree, Svetlana, Penn State, Sarnoff and Robin. These customers are relevant not only because revenue recognition was one of the elements of the restatement of Veeco's financial statements, comprising approximately 20% of the restatement, but also because one or more of these customers may involve transactions that occurred at a time after the end

# Berger&Montague, P.C.

Honorable George A. Yanthis
April 30, 2007
Page -2-

of a calendar quarter, but before the end of the fiscal period for which Veeco reported results in its Forms 10-Q filed during the Class Period. Defendants admit that the Forms 10-Q filed by Veeco during the Class Period were false in that those Forms 10-Q stated that the financial information contained therein was for calendar quarters, i.e., quarterly periods ending March 31, June 30, and September 30, when, in fact, the financial information reported therein was for different fiscal periods. Further, Veeco's filings with the SEC state that due to the large size of each individual transaction, even a single transaction could have a material effect on the Company's financial statements. Therefore, the Defendants' failure to include these customer names in the search terms is inexcusable.

(2) Defendants excluded a large number of other search terms relating to the restatement and TurboDisc accounting errors discovered prior to the restatement. These exclusions, too, are inexcusable. The excluded terms included over-accrual, work-in-process, WIP, physical, research and development, R&D, capitalize, stay bonus, SAP, JD Edwards or JDE, inventory manual adjustment, glovebox, lab tools, margin(s), and depreciate!

(3) Defendants also excluded from the search terms the names of a variety of persons that should have been included. These include the chairman of the audit committee Irv Pfister, Herman Birnbaum, and people associated with the Due to/from Emcore accounting issues including Howard Brodie, Cathy Cantasano, David Hess, Jamie Sillett and Gregory Robbins. Defendants' search also omitted the first and second names of the Individual Defendants, omitted the names of the other persons whose files were to be searched electronically, and omitted the first and second names of the relevant Ernst & Young persons, although the search should clearly have included those persons.

(4) The search terms failed to include such vital terms as COGNOS, which was the Company's accounting system, they excluded Sarbanes-Oxley, SOX, 10-Q, reconciliation! and defic! (for deficiency/deficiencies) although that word is vital for a search dealing with matters relating to internal controls, omitted the term fraud, and even omitted AC, which is a standard abbreviation for Audit Committee.

In short, Defendants' list of search terms omitted numerous terms that would have been essential for even a colorably reasonable list of search terms, rendering the list of search terms proposed by Defendants utterly and inexcusably inadequate. Moreover, as stated in Lead

## Berger&Montague, P.C.
ATTORNEYS AT LAW

Honorable George A. Yanthis
April 30, 2007
Page -3-

Plaintiffs' letter to the Court, there is no need for search terms at all because the electronic documents to be searched are documents from the files of a very narrow group of persons for a very narrow period of time. As the very case cited by Defendants recognizes, that is an appropriate limitation of discovery rendering the use of search terms wholly unnecessary, even if, unlike the list of search terms proposed by Defendants, these search terms were reasonable, comprehensive and not intended to deprive the discovering party of highly relevant discovery. Defendants' attempt to evade their discovery obligations by the use of "search terms" should not be countenanced.

Respectfully,

Carole A. Broderick

cc: John A. Herfort, Esq. (via e-mail)
    Robert F. Serio, Esq. (via e-mail)
    J. Ross Wallin, Esq. (via e-mail)
    Robert Harwood, Esq. (via e-mail)
    Shane T. Rowley, Esq. (via e-mail)
    Paul J. Scarlato, Esq. (via-email)

415553