1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger&Montague, P.C.
ATTORNEYS AT LAW



ARTHUR STOCK

WRITER'S DIRECT DIAL | 215/875-5704
WRITER'S DIRECT FAX | 215/875-4604
WRITER'S DIRECT E-MAIL | astock@bm.net

May 11, 2007

The Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 118
White Plains, NY 10601-4150

RE: **In re: Veeco Instruments Inc. Securities Litigation, 05 MD 1695 (CM) (GAY)**

Dear Magistrate Yanthis:

We are counsel to Lead Plaintiff and the Class in the above-referenced matter, and write in response to the letter of Ross Wallin dated May 10, 2007. As the correspondence that Mr. Wallin attaches to his letter demonstrates, Defendants did not request a deposition of Plaintiff's damages expert in a timely manner, and then failed to respond to my offer of a deposition date, which I made on April 23, nineteen days before the end of the discovery period.

Plaintiff's damages expert's report was produced on March 23. Defense Counsel gave no indication they were interested in taking his deposition for at least a month. Because of Defendants' delay and a fast-approaching May 11 deadline for completion of discovery, I contacted Defense Counsel on April 23 to inquire if they wished to take a deposition of Dr. Feinstein, to inform Defendants that May 4 was the only date on which Dr. Feinstein was available before May 11, and to request dates for Defendants' expert, Dr. Vinita Juneja. As the correspondence demonstrates, Defense Counsel wrote back to confirm the conversation, but did not communicate whether or not they did wish to depose Dr. Feinstein, and did not offer dates for Dr. Juneja. Ex. A. Confused by the lack of response, I wrote again on April 27, this time offering as an alternative mutual waiver of depositions. Again, no response. Ex. B. On May 3, the day before Dr. Feinstein was available, and only eight days before the scheduled close of discovery, I wrote to confirm my understanding of the meaning of Defense Counsel's non-response. Ex. C. Obviously, defense counsel had waited so long that a deposition could not be completed within the Court's schedule.

In light of Defendants' unreasonable delay in deciding what they wanted to do, Plaintiff is under no obligation to consent to a deadline extension. Trial is fast approaching, and the parties' time is better spent in trial preparation.

# Berger&Montague,P.C.
ATTORNEYS AT LAW

The Honorable George A. Yanthis
May 11, 2007
Page - 2 -

Defendants complain that "Lead Plaintiff, for some unexplained reason, likes discovery extensions for some purposes (i.e., accounting witnesses), but is fearful of them for others (i.e., damages witnesses)." The reason for that difference is very easily explained. As Defendants' counsel are well aware, Lead Plaintiff did not receive the report of Defendants' accounting expert until May 9 and did not receive the exhibits to that report until May 10. Therefore, it was not possible to schedule the deposition of Defendants' accounting expert during the discovery period, which ended one day later.

Nevertheless, Lead Plaintiff is willing to agree that there will be no extension of time for expert depositions, i.e., that there will be no expert depositions.

Defendants' counsel delayed six weeks after receipt of the report of Lead Plaintiff's damages expert, two weeks after Lead Plaintiff offered a deposition date and one week before the end of the discovery period to demand that the deadline for experts discovery be extended because they failed to act in a timely manner. That extension is unwarranted.

Lead Plaintiff notes that Defendants have repeatedly taken the position that untimeliness should be punished, and should be the basis for denial of relief. They cannot now argue that their untimeliness should be excused. Accordingly, Defendants' request for an extension of the time in which to take the deposition of Lead Plaintiff's experts should be denied.

Sincerely,

Arthur Stock

AS/nsm

cc: John A. Herfort, Esq. (via e-mail)  J. Ross Wallin, Esq. (via e-mail)
    Robert F. Serio, Esq. (via e-mail)  Robert Harwood, Esq. (via e-mail)
    Shane T. Rowley, Esq. (via e-mail)  Paul J. Scarlato, Esq. (via-email)

415928_04.wpd

LAW OFFICES
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103-6365
Telephone No.: (215) 875-3000

**FACSIMILE COVER PAGE**

DATE: May 11, 2007

TO: THE HONORABLE GEORGE A. YANTHIS   TELECOPIER NO.: (914) 390-4095

FROM: ARTHUR STOCK   SENDER's TELEPHONE NO.: (215) 875-5704

CASE NAME: VEECO
CASE NUMBER: 05044

OUR TELECOPIER NUMBER: (215) 875-4604

Number of Pages (Including This Cover Page): 3

**MESSAGE: We apologize for inadvertently sending the wrong letter. Attached is the correct letter to Your Honor.**

If you do not receive all the pages indicated above,
please call Office Services at (215) 875-3099.

**WARNING!!!**

The information contained in this facsimile is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

AE - FAX COVER PAGE.wpd