# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

200 Park Avenue  New York, New York 10166-0193
(212) 351-4000
www.gibsondunn.com

RWallin@gibsondunn.com

May 11, 2007

Direct Dial
(212) 351-5395

Fax No.
(212) 351-6223

Client No.
T 94625-00001

VIA FACSIMILE

The Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street, Room 118
White Plains, New York 10601-4150

Re:   *In re Veeco Instruments Inc. Sec. Litig.*, 05 MD 1695 (CM)(GAY)

Dear Magistrate Judge Yanthis:

I am counsel for Defendants in the above-referenced matter. I submit this letter to advise the Court that Lead Plaintiff has refused to make its accounting expert, Robert W. Berliner, available for deposition prior to May 30, 2007. As with its damages expert, Dr. Feinstein, Lead Plaintiff again is resorting to gamesmanship in an attempt to prevent Defendants from conducting expert depositions.

As Lead Plaintiff knows, it was impossible to complete the accounting expert depositions prior to the May 11, 2007 discovery deadline because Defendants' expert report on accounting issues was not due until May 9, 2007. Arthur Stock of Berger & Montague, P.C., counsel for Lead Plaintiff, acknowledged as much in a May 4, 2007 email, in which he consented to an extension of the discovery deadline in order to depose the parties' respective accounting experts.

I phoned Mr. Stock this morning to obtain deposition dates for Mr. Berliner, and to offer dates for Defendants' accounting expert, Gary Levin. Mr. Stock informed me that Mr. Berliner was on vacation and was not available until May 30, 2004. This makes no sense. He proposed that we schedule Mr. Berliner for May 30 and Mr. Levin for some time in June. Mr. Stock had not informed me during any conversations prior to today that Mr. Berliner was on vacation. I told Mr. Stock that Defendants believed that Mr. Berliner's deposition should occur earlier in May and that Mr. Levin was available on May 21, 22 or 24. Mr. Stock concluded the call by

Received:
MAY-11-2007 FRI 09:11 PM
May 11 2007 09:15pm
Case 1:05-md-01695-CM-GAY   Document 203   Filed 05/16/2007   Page 2 of 3
FAX NO.
P. 03

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
May 11, 2007
Page 2

telling me that he needed to confirm with his colleagues that Lead Plaintiff would make Mr. Berliner available on May 30, 2004.

My colleague, Robert Serio, and I called Mr. Stock again around lunchtime. I reiterated during this conversation that Defendants believed that the accounting expert depositions needed to take place on a tighter schedule than the one proposed by Mr. Stock earlier that morning. Mr. Stock reiterated during this conversation that Plaintiffs' position was that the deposition of Mr. Berliner -- if it was to occur at all -- would take place no earlier than May 30, 2004. He agreed that Mr. Berliner should be deposed before Mr. Levin. I told Mr. Stock that his proposal was not acceptable, and that Defendants did not expect that the Court would approve such a lengthy extension in any event.

As I noted in the letter I sent to the Court yesterday, Defendants have a right to depose Lead Plaintiff's testifying experts. See Fed. R. Civ. P. 26(b)(4)(A). Defendants need to depose Mr. Berliner in order to prepare for trial and evaluate the appropriateness of motions in limine (which are due on June 1, 2007). Lead Plaintiff's refusal to make Mr. Berliner available prior to May 30, 2007 is a transparent attempt to prevent Defendants from having enough time to file a motion with respect to Mr. Berliner.

Furthermore, Defendants' expert report was due just two days before the close of fact discovery solely because Lead Plaintiff's requested an extension of deadlines for submission of accounting expert reports. Lead Plaintiff's accounting expert report originally was due on March 23, 2007, with Defendants' report due on April 20, 2007. Defendants were prepared to stick to that schedule. The deadlines moved only because Lead Plaintiff requested an extension in a letter dated March 22, 2007. Lead Plaintiff should not be allowed to seek an extension, and then as a result of that extension, force Defendants to depose their accounting expert two days before motions in limine are due. Such a result would be highly prejudicial to Defendants and to the Court.

The parties can complete expert discovery with a modest extension of the expert discovery deadline -- to May 31, 2007 (or earlier if Your Honor believes a shorter extension is appropriate). Defendants therefore respectfully request that the Court so order this extension, and require Lead Plaintiff to produce Mr. Berliner for deposition within the next 10 days. Defendants are prepared to make Mr. Levin available for deposition shortly after Mr. Berliner's deposition.

Respectfully submitted,

Ross Wallin

JRW/jeh

## GIBSON, DUNN & CRUTCHER LLP

Honorable George A. Yanthis
May 11, 2007
Page 3

Enclosure(s)

cc: The Honorable Colleen McMahon (via facsimile)
    Arthur Stock, Esq. (via e-mail)
    Carole A. Broderick, Esq. (via e-mail)
    Phyllis M. Parker, Esq. (via e-mail)
    Shane T. Rowley, Esq. (via e-mail)
    Paul J. Scarlato, Esq. (via e-mail)