# Berger&Montague, P.C.
ATTORNEYS AT LAW

CAROLE A. BRODERICK

WRITER'S DIRECT DIAL: 215/875-3015
WRITER'S DIRECT FAX: 215/875-5715
WRITER'S DIRECT E-MAIL: cbroderick@bm.net

May 21, 2007

**Via Facsimile (914) 390-4095**

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
Room 118
White Plains, New York 10601-4150

Re: *In re Veeco Securities Litigation*

Dear Judge Yanthis:

I am counsel to Lead Plaintiff in the captioned action. This letter responds to the May 18, 2007 letter of Robert Serio, counsel for Defendants, concerning the supplementation of the report of Lead Plaintiff's accounting expert. Contrary to Mr. Serio's assertion to the Court, the supplementation of the report of Lead Plaintiff's accounting expert has nothing to do with a "reply" to the report of Defendants' expert. Rather, that supplementation is necessary as a result of documents recently produced by Defendants pursuant to the Court's March 30, 2007 Order, the vast majority of which were not produced until May 4, 2007, five weeks after that Order was entered. Those documents, which are responsive to Lead Plaintiff's document requests which were served at the outset of discovery, include:

1. New documents concerning internal control deficiencies of Defendant Veeco Instruments, Inc.'s TurboDisc Division, including matters relating to warranty reserves and revenue recognition, which were aspects of the restatement of Veeco's financial statements for the first three quarters of 2004;

2. Documents providing evidence that the TurboDisc Controller engaged in deliberate misconduct, which Defendants vigorously deny;

3. Documents raising issues about Veeco's justification for its failure to restate the Company's financial statements for earlier quarters of 2004 at the time the Company filed its Form 10-Q for the third quarter of 2004, and about the

1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

**Berger&Montague,P.C.**
ATTORNEYS AT LAW

Honorable George A. Yanthis
May 21, 2007
Page -2-

representations made by Veeco to Ernst & Young to obtain Ernst & Young's concurrence in that action;

4. Documents concerning discrepancies between the data produced by the JD Edwards accounting system used by TurboDisc and the Cognos accounting system used by Veeco, which are significant in light of the fact that Defendants attributed the restatement of its financial statements in part to deficiencies of JD Edwards accounting system; and

5. Documents concerning the report received by Defendants of a $9.0 million TurboDisc loss for the month of October 2004 in early November 2004. According to the testimony of Veeco's Manager of Internal Audit it was this extraordinary financial result, which Defendants found highly suspicious, that led to the discovery of any of the TurboDisc accounting errors relating to inventory that comprised the majority of the restatement of Veeco's financial statements for the first three quarters of 2004.

As is apparent from the foregoing, the purpose of the supplemental report or reports of Lead Plaintiff's accounting expert is not to "reply" to the report of Defendants' expert, nor can Lead Plaintiff understand why Mr. Serio would believe that Lead Plaintiff would cause its accounting expert to prepare such a report. It would make no sense for Lead Plaintiff to pay its accounting expert to prepare a rebuttal report which is not required, and, therefore, would serve no purpose other than to advise Defendants as to how its expert planned to rebut Defendants' expert.

Mr. Serio's May 18, 2007 letter requests that any such supplemental report be delivered to Defendants no later than May 25, 2007. As Mr. Serio is well aware, that is impossible, because Lead Plaintiff's accounting expert will not be available until May 29, 2007. In fact, what Lead Plaintiff proposed to deliver to Defendants on May 29, if possible, was an outline of the subjects that would be addressed in a supplemental report, rather than the supplemental report itself. Because a supplemental report will require analysis of the recently produced accounting documents, in particular the documents relating to the discrepancies between data in the TurboDisc and Veeco accounting systems, and documents analyzing the $9.0 million October TurboDisc loss, the work required is not simply the reading of textual documents. That work cannot be accomplished in a day.

Thus, Lead Plaintiff anticipates that, although they hope to be able to provide Defendants with a list of the areas in which Lead Plaintiff's accounting expert will supplement his report, the

# Berger&Montague,P.C.
ATTORNEYS AT LAW

Honorable George A. Yanthis
May 21, 2007
Page -3-

actual supplementation of the report will have to await his analysis of the recently produced documents. Lead Plaintiff does not believe that the necessary analysis can be completed, and the expert's report supplemented before June 8, 2007.

It should be remembered that virtually all of the documents giving rise to the need of supplementation were not produced until May 4, 2007. It was then necessary for the tens of thousands of pages that had been produced by Defendants to be reviewed, the documents that had not been produced previously had to be identified, and the documents that provided evidence which was not previously known to Lead Plaintiff as well as evidence that should be provided to its accounting expert needed to be identified. Due to these facts, and the vacation of Lead Plaintiff's accounting expert, Lead Plaintiff does not expect to be able to provide a supplemental report of its accounting expert incorporating information from the documents that were recently produced by Defendants until June 8, 2007. Accordingly, there is no reason to reschedule the deposition of Mr. Berliner, which is presently scheduled for May 30, 2007.

Thank you very much for your consideration.

Respectfully submitted,

Carole A. Broderick

CAB:lb

cc: Robert J. Serio, Esq. (via e-mail)
J. Ross Wallin, Esq. (via e-mail)
Robert I. Harwood, Esq. (via e-mail)

416157