1622 LOCUST STREET | PHILADELPHIA, PA 19103-6305 | phone 215/875-3000 | fax 215/875-4604 | www.bergermontague.com

# Berger & Montague, P.C.
ATTORNEYS AT LAW

CAROLE A. BRODERICK

WRITER'S DIRECT DIAL | 215/875-3015
WRITER'S DIRECT FAX | 215/875-5715
WRITER'S DIRECT E-MAIL | cbroderick@bm.net

May 25, 2007

**Via Facsimile (914) 390-4095**

Honorable George A. Yanthis
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
Room 118
White Plains, New York 10601-4150

Re: *In re Veeco Securities Litigation*

Dear Judge Yanthis:

  We represent the Lead Plaintiff in the captioned action. This letter responds to Mr. Wallin's May 22, 2007 letter, in which Mr. Wallin asks the Court to order Lead Plaintiff to produce its accounting expert's supplemental report three days before May 30, 2007, i.e., on Sunday, May 27, 2007, which is the Sunday of Memorial Day weekend, or to postpone the expert's deposition until one week after Lead Plaintiff delivers its accounting expert's supplemental report. As Mr. Wallin is aware, Lead Plaintiff's accounting expert is not available until May 29th, and Plaintiff has recently learned that he has a doctor's appointment on the morning of that date. Therefore, it is clearly impossible for Defendants to receive a supplemental report before the expert's deposition if it is held on May 30, 2007.

  I did not inform Mr. Wallin that he would receive a supplemental report by May 30th, nor could Mr. Wallin reasonably have believed that such a report would be forthcoming by that date because he knew that Plaintiff's accounting expert would not be available to prepare such a report until May 29th and could not conceivably review documents and prepare a report in one day. The offer of an outline, which, contrary to Mr. Wallin's unfounded assertions would have been prepared by Plaintiff's expert, *not* Plaintiff's counsel, was made to permit Defendants to question Plaintiff's expert concerning the subjects that would be addressed by the supplemental report. That offer was the antithesis of the "gamesmanship" of which Defendants accuse Plaintiff. Once again Defendants' counsel have chosen to misrepresent the facts to the Court.

## Berger & Montague, P.C.
ATTORNEYS AT LAW

Honorable George A. Yanthis
May 25, 2007
Page -2-

Nevertheless, if the Court deems it appropriate, Lead Plaintiff is willing to accept Defendants' proposal that the deposition of its accounting expert be postponed until one week after the delivery of his supplemental report, provided that the time for Lead Plaintiff's deposition of Defendants' accounting expert is similarly extended.

As for motions *in limine*, Lead Plaintiff believes that is a scheduling request which must be addressed to the District Court.

Respectfully submitted,

Carole Broderick

Carole A. Broderick

CAB:lb
cc:  J. Ross Wallin, Esq. (via e-mail)
     Robert Serio, Esq. (via e-mail)
     John A. Herfort, Esq. (via e-mail)
     Colin A. Young, Esq. (via e-mail)

416265