UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re VEECO INSTRUMENTS, INC.        :    Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                :
------------------------------------------------------- x
------------------------------------------------------- x
THIS DOCUMENT RELATES TO             :
ALL ACTIONS                          :
------------------------------------------------------- x

**LEAD PLAINTIFF'S MEMORANDUM IN SUPPORT
OF MOTION FOR MODIFICATION OF THE
<u>COURT'S MAY 16, 2006 PROTECTIVE ORDER</u>**

**BERGER & MONTAGE, P.C.**
Sherrie R. Savett, Esq.
Carole A. Broderick
Phyllis M. Parker, Esq.
Jeffrey L. Osterwise, Esq.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4674

*Lead Counsel for Lead Plaintiff
Steelworkers Pension Trust and the Class*

Lead Plaintiff respectfully moves the Court to order that Plaintiff's and Defendants' trial exhibits, all deposition transcripts, the preliminary and supplemental reports of Plaintiff's accounting and auditing expert witness Robert W. Berliner and the statement of Plaintiff's contentions contained in the Pretrial Order be removed from the protection of the May 16, 2006 Protective Order entered in this action.

As is evident from Defendants' June 26, 2007 letter to the Court on this subject, Veeco never revealed the documents or information that are the subject of this motion to the SEC. *See* Broderick Decl. Ex. A(June 26, 2007 Letter from Robert F. Serio at pg. 1)(noting that the SEC conducted no more than an "initial investigation" into Veeco's restatements). Plaintiff believes that had the SEC been aware of the facts discussed therein, it would not have responded as it did. That belief is supported by the fact that there is evidence that Defendants committed certain accounting violations that have been the subject of a number of SEC proceedings and that one of Veeco's internal control deficiencies related to an area of particular SEC interest.

Specifically, there is evidence that, *inter alia*, (1) Veeco engaged in a practice with respect to accounting reserves that has been the subject of a number of SEC proceedings and (2) Veeco failed to take steps to prevent a revenue recognition practice that is an anathema to the SEC, representing a serious deficiency in internal control. Reserves and revenue recognition are two areas of particular interest to the SEC.

Unless Plaintiff is provided with the opportunity to obtain the SEC's view of Veeco's conduct with knowledge of the evidence, Plaintiff will be unable to respond adequately to Defendants' argument that the SEC's inaction represented an informed finding of innocence, when there is every reason to believe that the SEC's inaction was the result of Defendants'

concealment and misrepresentation of their misconduct, and they should not be permitted to profit from such concealment.

The facts that Plaintiff intends to present to the SEC will, in any case, be exposed at the commencement of trial because they will likely be included in Plaintiff's opening statement, and if not, will likely be included in other evidence presented at trial. In any case, Defendants must not be permitted to advance a defense to which Plaintiff will be unable to respond adequately due to the strictures of a Court Order. To the extent that a showing of need is a requirement for modification of a protective order, that is certainly compelling need

Accordingly, for the reasons discussed above, Plaintiff respectfully requests that the Court's May 16, 2006 Protective Order be modified to remove from the Protective Order Plaintiff's and Defendants' trial exhibits, all deposition transcripts, the preliminary and supplemental reports of Plaintiff's accounting and auditing expert witness Robert W. Berliner and the statement of Plaintiff's contentions contained in the Pretrial Order.

June 27, 2007

BERGER & MONTAGE, P.C.

*Carole Broderick*

Sherrie R. Savett, Esq.
Carole A. Broderick
Phyllis M. Parker, Esq.
Jeffrey L. Osterwise, Esq.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4674

***Lead Counsel for Lead Plaintiff Steelworkers Pension Trust and the Class***

415969_02.wpd