UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re VEECO INSTRUMENTS INC.           :     Case No.: 7:05-md-01695 (CM)(GAY)
SECURITIES LITIGATION                  :
------------------------------------------------------- x
------------------------------------------------------- x
THIS DOCUMENT RELATES TO               :
ALL ACTIONS                            :
------------------------------------------------------- x

## FINAL APPROVAL ORDER AND
## JUDGMENT OF DISMISSAL WITH PREJUDICE

Plaintiff and Defendants (as those terms are defined in the Stipulation and Agreement of Settlement dated August 16, 2007) (the "Stipulation"), having executed and filed the Stipulation; the Court having entered its Preliminary Approval Order thereon on August 23, 2007, directing that notice of the proposed settlement of the Action be mailed to the Class and scheduling a hearing to be held to determine whether the proposed settlement should be approved as fair, reasonable and adequate, to approve the allocation of the Settlement Fund and to award attorneys' fees and reimbursement of out-of-pocket expenses to Plaintiff's Lead Counsel and reimbursement of costs and expenses for Plaintiff's representation of the Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(4); said notice having been given; a hearing having been held on November 7, 2007, at which all interested persons were given an opportunity to be heard; and the Court having read and considered all submissions in connection with the proposed settlement, and having reviewed and considered the files and records herein, the Court finds and concludes that:

The definitions set forth in the Stipulation are incorporated herein.

The above-captioned Action was commenced as separate actions beginning in February 2005, and consolidated on August 22, 2005. The Consolidated Amended Class Action Complaint (the "Complaint") was filed on November 7, 2005.

The Complaint alleges claims for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule l0b-5 promulgated thereunder. By Order entered March 21, 2006, the Court certified a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all persons who purchased the securities of Veeco during the period from April 26, 2004 through February 10, 2005, inclusive, and were damaged as a result thereof, excluding Defendants, members of the immediate families of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. By its June 28, 2007 Memorandum and Decision on Motions *In Limine,* the Court ruled that Class Members who purchased Veeco stock during the Class Period which they either sold at a profit after the Class Period or retained past the point after the Class Period when the price of Veeco stock recovered to the price paid by them were not damaged by Defendants' conduct. Thereafter, by its August 23, 2007 Preliminary Approval Order, the Court amended its March 21, 2006 Order and redefined the Class as all persons who purchased the securities of Veeco Instruments Inc. during the period from April 26, 2004 through February 10, 2005, inclusive (the "Class Period"), excluding Defendants, members of the immediate families of the Individual Defendants, any parent, subsidiary, affiliate, officer or director of Veeco, any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Pursuant to the Court's Preliminary Approval Order, the Class consists of all Members of the Class except

2

those persons who submitted valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order or who previously made a timely and valid request for exclusion. This definition defines the Class for purposes of the Action, the Settlement and this Final Judgment of Dismissal with Prejudice (the "Judgment").

The Stipulation between and among the Plaintiff and Defendants provides for the settlement of the Action on behalf of the Plaintiff and all Members of the Class with the Defendants, subject to approval by this Court of its terms and to the entry of this Judgment. The Court approved the Stipulation and directed that notice of the proposed settlement and hearing be mailed to Class Members by Order dated August 23, 2007 (the "Preliminary Approval Order").

In accordance with the Stipulation, and the Preliminary Approval Order, Plaintiff caused to be mailed to the Class 15,528 copies of a notice (the "Notice") dated September 12, 2007, and caused to be published in the national edition of *The Wall Street Journal* a summary notice (the "Summary Notice") of the proposed settlement of the Action and of the opportunity to object to the Settlement. Affidavits and/or declarations of mailing of the Notice and publication of the Summary Notice were filed with the Court on October 26, 2007.

The Notice and Summary Notice provided to Class Members constitute the best notice practicable under the circumstances and include individual notice to all Members of the Class who could be identified by reasonable effort. The affidavits or declarations of mailing and publication filed with this Court on October 26, 2007 demonstrate that the terms of this Court's Preliminary Approval Order relating to the Notice and Summary Notice have been complied with, and further that the best notice practicable under the circumstances was in fact given and constituted valid, due, and sufficient notice to Members of the Class, complying fully with due process, Rule 23 of the

Federal Rules of Civil Procedure, and section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7).

Plaintiff and the Defendants have applied to the Court for approval of the terms of the Stipulation and for the entry of this Judgment. Pursuant to the Notice and Summary Notice, and upon notice to all parties, a hearing was held before this Court on November 7, 2007, to consider whether the Settlement set forth in the Stipulation should be approved by this Court as fair, reasonable, and adequate, to approve the allocation of the Settlement Fund, and to award attorneys' fees and reimbursement of out-of-pocket expenses to Plaintiff's Lead Counsel and reimbursement of costs and expenses for Plaintiff's representation of the Class pursuant to the PSLRA 15 U.S.C. § 78u-4(a)(4).

Approval of the Stipulation will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

The Stipulation is the product of good faith arm's-length negotiations by the parties thereto.
NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    The Members of the Class who have filed timely and valid requests for exclusion are not bound by this Judgment. A listing of those persons is attached hereto as Exhibit "A" and includes: (a) those persons who previously excluded themselves from the Class in accordance with the requirements set forth in the Notice of Pendency of Class Action, dated June 1, 2007, sent to Members of the Class pursuant to the Order entered on May 15, 2007, and (b) those persons who filed timely requests for exclusion pursuant to the Notice of Proposed Settlement of Class Action, dated September 12, 2007, sent to Members of the Class pursuant to the Order dated August 23, 2007.

2. All other Members of the Class are bound by this Judgment and by the Settlement, including the releases provided for in this Judgment.

3. No objections were filed to the terms of the Settlement or the ceiling on the fees and expenses requested by Plaintiff's Lead Counsel contained in the Notice.

4. Neither this Final Approval Order, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or against the Lead Plaintiff or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or by the Lead Plaintiff or the Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiff and the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(c) offered or received against the Defendants or against the Lead Plaintiff or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; and

(e) construed or received as an admission or finding of wrongful conduct, wrongful acts or wrongful omissions on the part of the Defendants or Lead Plaintiff or the Class or be admissible in any proceeding for any purpose whatsoever except to show that this Stipulation was entered into, and except that this Stipulation shall be admissible for all purposes solely in proceedings brought by Defendants or Lead Plaintiff to enforce the terms of this Stipulation.

5. The Stipulation and Settlement are fair, reasonable and adequate as to the Class, and the Stipulation and Settlement are hereby finally approved in all respects, and the Parties to the Stipulation are hereby directed to consummate and perform its terms.

6. The Plan of Allocation is approved as fair and reasonable, and Plaintiff's Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms.

7. The Action is dismissed with prejudice as to Defendants and without costs to any Party as against any other, except as otherwise provided in the Stipulation.

8. Lead Plaintiff and Members of the Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby permanently barred and enjoined from

instituting, commencing, or prosecuting the Settled Claims against the Released Parties. "Settled Claims" means all claims, debts, demands, rights or causes of action or liabilities whatsoever by Lead Plaintiff, on its own behalf and on behalf of the Class, against the Released Parties (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever, or injunctive, equitable or other relief), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by Lead Plaintiff or the Class Members against any of the Released Parties, (ii) that have been or could have been asserted in any forum by Lead Plaintiff or the Class Members against any of the Released Parties which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase, acquisition, holding or sale of Veeco publicly-traded securities during the Class Period, or (iii) that have been or could have been asserted in this Action or any forum by the Class Members or any of them against any of the Released Parties, which arise out of or relate in any way to the defense or settlement of this Action. "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiff and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the

7

Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." "Released Parties" means Defendants named in the Action, including their predecessors, successors, subsidiaries, affiliates, and any past, present or future officers, directors, employees, agents, insurers, attorneys, partners, accountants, consultants, advisors and the heirs, executors, administrators, predecessors, successors, representatives or assigns of the foregoing. The Settled Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released parties on the merits and with prejudice by virtue of the proceedings herein and this Final Approval Order and Judgment of Dismissal with Prejudice.

9. Plaintiff and Members of the Class who have not timely and validly requested exclusion, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall be deemed conclusively to have released and settled each and every Settled Claim against each of the Released Parties, except that nothing in this Order or the Stipulation shall bar any action or claims by Plaintiff or Members of the Class to enforce the terms of the Stipulation.

10. Any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any person against any Defendant relating to any claim by Members of the Class under federal or state law that have been or could have been asserted relating to the purchase or sale of Veeco securities during the Class Period shall be barred.

11. On the Effective Date, each of the Defendants shall be deemed conclusively to have released and settled any and all claims that have been or could have been asserted against Plaintiff and/or Plaintiff's Lead Counsel or Members of the Class who have not timely and validly requested exclusion relating to the institution, prosecution or settlement of the Action or the Settled Claims.

12. On the Effective Date, the Members of the Class who have not timely and validly requested exclusion shall be deemed conclusively to have released and settled all claims that have been or could have been asserted against Plaintiff and/or Plaintiff's Lead Counsel relating to the institution, prosecution or settlement of the Action or the Settled Claims.

13. The Court finds that Plaintiff, Defendants, Plaintiff's Counsel, Defendants' Counsel, and Members of the Class who have not timely and validly requested exclusion have expressly waived any claims arising out of the Action for abuse of process, for malicious prosecution and/or for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Further, the Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings in this case.

14. Members of the Class who have validly and timely requested exclusion may pursue their own individual remedies, if any.

15. The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation and enforcement of this Settlement and the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) hearing and determining Plaintiff's Lead Counsel's applications for attorneys' fees, costs, expenses, and interest in the Action and for reimbursement of costs and expenses for Plaintiff's representation of the Class pursuant to the PSLRA; (c) approving the allocation of the Settlement Fund; (d) enforcing and administering the

Stipulation including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

16. This Court has jurisdiction over the subject matter of this Action, and all acts within this Action, and over all parties to this Action, including all Members of the Class.

17. In the event that the Settlement does not become effective or is canceled or terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

18. The costs and expenses associated with the consummation and/or administration of the Settlement shall be paid pursuant to the terms of the Stipulation.

19. The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

20. Plaintiff's Lead Counsel is hereby awarded $1,650,000 (30% of the Gross Settlement Fund) in fees, which sum the Court finds to be fair and reasonable, and $774,329.29 in reimbursement of expenses, which amounts shall be paid to Plaintiff's Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

21. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the court has considered and found that:

(a) the settlement has created a fund of $5.5 million in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement Fund created by Plaintiff's Lead Counsel;

(b) 15,528 copies of the Notice were disseminated to putative Class Members indicating that Plaintiff's Lead Counsel was moving for attorneys' fees in the amount of 30% of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $775,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiff's Lead Counsel contained in the Notice;

(c) Plaintiff's Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) this action involves complex factual and legal issues and was actively prosecuted for almost two years and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) had Plaintiff's Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiff's Lead Counsel has devoted 12,185.76 hours, with a lodestar value of $4,594,233.40, to achieve the Settlement; and

(g) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with the awards in similar cases.

22.	The Court hereby awards the Class Representative Lead Plaintiff Steelworkers Pension Trust its reasonable costs and expenses incurred in serving as the Class Representative in this Action, in the amount of $16,089.


Dated: _____, 2007		BY THE COURT:


					_____
					COLLEEN MCMAHON, U.S.D.J.

# EXHIBIT A TO FINAL APPROVAL ORDER AND
# JUDGMENT OF DISMISSAL WITH PREJUDICE

1.    The following persons filed timely and valid requests for exclusion from the Class in accordance with the requirements set forth in the Notice of Pendency of Class Action, dated June 1, 2007, sent to Members of the Class pursuant to the Order entered on May 15, 2007, and are not bound by this Judgment:

    a.    Harold P. Houser
        501 N. Camden Dr.
        Fort Wayne, IN 46825

    b.    Dixie E. Snider & Frances F. Snider
        1516 Regency Walk Drive
        Decatur, GA 30033

2.    The following person filed a timely and valid request for exclusion from the Class in accordance with the requirements set forth in the Notice of Proposed Settlement of Class Action, dated September 12, 2007, sent to Members of the Class pursuant to the Order dated August 23, 2007, and is not bound by this Judgment:

    a.    Harold P. Houser
        501 N. Camden Dr.
        Fort Wayne, IN 46825

malta417182-029.wpd