# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VEECO INSTRUMENTS INC.            :          No. 7:05-MD-01695-CM-GAY
SECURITIES LITIGATION                   :
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:               :
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDWARD J. HUNEKE, derivatively on behalf   :
of VEECO INSTRUMENTS, INC.,                :          No. 7:05-CV-10224-CM
                                           :
            Plaintiff,                     :
    v.                                     :
                                           :
EDWARD H. BRAUN, et al.,                   :
                                           :
            Defendants.                    x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AUGUST SCHUPP, III, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,                 :          No. 7:05-CV-10225-CM
                                            :
            Plaintiff,                      :
    v.                                      :
                                            :
EDWARD H. BRAUN, et al.,                    :
                                            :
            Defendants.                     x

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ALTMAN, derivatively on behalf   :
of VEECO INSTRUMENTS, INC.,            :          No. 7:05-CV-10226-CM
                                       :
            Plaintiff,                 :
    v.                                 :
                                       :
EDWARD H. BRAUN, et al.,               :
                                       :
            Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF ROBERT I. HARWOOD ON BEHALF OF
## HARWOOD FEFFER LLP IN SUPPORT OF
## JOINT APPLICATION FOR ATTORNEYS' FEES AND DISBURSEMENTS

I, Robert I. Harwood, declare under penalty of perjury, as follows:

1.      I am a member of the law firm of Harwood Feffer LLP, co-lead counsel for plaintiffs in this consolidated action.  I submit this affidavit in support of plaintiffs' application for an award of attorneys' fees and reimbursement of expenses incurred in the course of this litigation.

2.      My firm, as counsel to plaintiff August Schupp, III, commenced this derivative action on behalf of the nominal defendant, Veeco Instruments, Inc. against certain of its officers and directors for, among other things, failing to remedy or disclose the company's deficient internal accounting controls, failing to prevent the company from issuing false and misleading information and its stockholders and the public and failing to remedy or prevent violations of the federal export laws.

3.      The schedule attached hereto as Exhibit A is a detailed summary of the amount of time spent by professionals of this firm on the litigation, at current rates.  These hourly rates are the rates charged in all matters.  The schedule includes the name of each attorney and paralegal who worked on the case, their hourly billing rates and the number of hours expended on this matter.  The schedule was prepared from contemporaneous daily time records maintained by my firm.

4.      As co-lead counsel, my firm was involved in all phases of this litigation including:

   a.      preparation of initial complaint which entailed factual and legal investigation of plaintiffs' derivative claims, which included, among other things, a review of public  filings, news articles, analyst reports, and pleadings in various litigations brought against the Company and its officers and directors;

   b.      review and analysis of defendants' motions to dismiss; work on briefs in opposition to defendants' motions to dismiss, including legal research;

   c.      participation in discovery strategy conferences; draft document requests; review and analyze documents produced by defendants; research and draft motion to compel and supporting memorandum; appear for oral argument on motion to compel; prepare witness list and third-party deponent identification; prepare notices of deposition and deposition scheduling; prepare for and conduct depositions; draft motion to extend discovery and

supporting memorandum; prepare requests for admissions; prepare for and attend oral argument on motion to extend discovery; prepare plaintiffs' responses to defendants' interrogatories;

d. preparation for mediation, including consultation with corporate governance expert; draft mediation statement; and participation in mediation sessions;

e. research re options claims; draft amended complaint; draft motion for leave to amend complaint and supporting memorandum; review defendants' opposition papers and prepare reply brief;

f. involvement in all phases of the settlement process, including drafting and reviewing corporate governance measures, memorandum of understanding, Stipulation of Settlement, Notice of Pendency, Summary Notice, and related documents, including supporting memoranda; and

g. respond to shareholder inquiries at every phase of litigation.

5. With respect to the standing of counsel in this action, attached hereto as Exhibit B is a brief biography of my firm and the firm's attorneys who worked on this litigation.

6. As shown by Exhibit A, the total number of hours spent on this litigation by my firm was 1,608.3 hours. The total lodestar amount is $740,322.50.

7. My firm expended a total of $40,562.96 in unreimbursed expenses in connection with the prosecution of this litigation, detailed as follows:

| Expense | Amount |
|---|---|
| Court Filing Fees | $ 250.00 |
| Document Retrieval | $ 19.51 |
| Lexis/Westlaw | $16,319.60 |
| Litigation Fund | $17,500.00 |
| Local Transportation | $ 63.06 |
| Messenger/Federal Express | $ 1,186.14 |

2

| | | |
|---|---|---|
| PACER | $ | 412.12 |
| Photocopies | $ | 25.00 |
| Postage | $ | 5.44 |
| Process Server | $ | 390.00 |
| Telephone/Telecopier | $ | 321.24 |
| Travel/Meals | $ | 4,040.85 |
| United Lawyers | $ | 30.00 |
| Total | | $40,562.96 |

8.    The expenses incurred in the prosecution of this case are reflected on the books and records of this firm.  These books and records are prepared from expense vouchers and check records and are accurate regarding all the expenses incurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Dated this 21ST day of March, 2008 at New York, New York.

ROBERT I. HARWOOD

**HARWOOD FEFFER LLP**

**Summary Of Time**

| Name | Total Hours | Rate | Lodestar |
|---|---|---|---|
| Robert I. Harwood (P) | 245.90 | $700 | $172,130.00 |
| Daniella Quitt (P) | 40.00 | $600 | $ 24,000.00 |
| Samuel K. Rosen (P) | 33.30 | $600 | $ 19,980.00 |
| James G. Flynn (P) | 2.20 | $600 | $   1,320.00 |
| Jeffrey M. Norton (P) | 4.50 | $550 | $   2,475.00 |
| Joshua D. Glatter (A) | 36.40 | $425 | $ 15,470.00 |
| Peter W. Overs (A) | 2.90 | $450 | $   1,305.00 |
| Jennifer Hirsh (A) | 1,050.00 | $425 | $446,250.00 |
| Roy Shimon (A) | 1.50 | $375 | $      562.50 |
| Tanya Korkhov (A) | 54.50 | $375 | $ 20,437.50 |
| Glenn C. Mariano (PL) | 78.80 | $275 | $ 21,670.00 |
| Craig C. Lowther (PL) | 25.50 | $275 | $   7,012.50 |
| Virgilio Soler (PL) | 25.80 | $250 | $   6,450.00 |
| Taras A. Sawchuk (LC) | 7.00 | $180 | $   1,260.00 |
| **TOTAL:** | 1,608.30 | | $740,322.50 |

**EXHIBIT A**

## HARWOOD FEFFER LLP
## FIRM DESCRIPTION

The law firm of Harwood Feffer LLP ("Harwood Feffer" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Harwood Feffer is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Harwood Feffer has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of

**EXHIBIT B**

partnerships.  By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions:  1) <u>In re First Capital Holdings Corporation Financial Products Securities Litigation</u>, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) <u>In re Royal Dutch/Shell Transport ERISA Litigation</u>, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) <u>In re Prudential Bache Energy Income Partnerships Securities Litigation</u>, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) <u>Morse v. McWhorter</u>, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) <u>In re BankOne Securities Litigation</u>, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) <u>Sidney Morse, et al. v. Abbott Laboratories, et al.</u>, (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions.  For example, in <u>In re Electro-Catheter Securities Litigation</u>, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession.  They are the top of the line.

**THE ATTORNEYS OF THE FIRM**

**Robert I. Harwood**, senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action

3

Suit" p. 18, col. 1).  Mr. Harwood served as co-lead counsel in <u>In Re Interco Incorporated</u> <u>Shareholders Litigation</u>, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very hard fought.  There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in <u>Morse v. McWhorter</u>, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as <u>In re Bank One Securities Litigation</u>, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund.  Mr. Harwood also served as co-lead counsel in <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $44.5 million; <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $24 million; <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.), which resulted in a $37 million settlement fund; <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and <u>In re</u> <u>UNUMProvident Corp. Securities Litigation</u>, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and <u>Edge Partners, L.P. v. Dockser, et al.</u>, (D. Md.), which created a settlement benefit in excess of $11 million.  In addition, Mr. Feffer was in charge of <u>Dornberger v. Metropolitan Life Insurance Company</u> in the Southern District of New York, which

4

created a settlement benefit of more than $20 million; the successful prosecution of the <u>Regeneron Pharmaceuticals, Inc. Securities Litigation</u> in the Southern District of New York, which created a settlement fund in excess of $4 million; and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del. Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second and Fifth Circuits.

Ms. Quitt has played a significant role in numerous actions in which Harwood Feffer served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff shareholders, such as <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.) ( settlement fund of $44.5 million); <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.) (settlement fund of $24 million; <u>In re UNUMProvident Corp. Securities Litigation</u>, (D. Me.) (settlement fund of $45 million); <u>In re Harnischfeger Industries</u> (E.D. Wisc.) (settlement fund of $10.1 million); <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.) (settlement fund of $37 million; <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.) (settlement benefit in excess of $20 million); <u>In re Rexel Shareholder Litigation</u>, (Sup. Ct. N.Y. County) (settlement

benefit in excess of $38 million); and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of <u>Alessi v. Beracha</u>, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Harwood Feffer in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Harwood Feffer, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Harwood Feffer in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: <u>Pace American Shareholder Litigation</u>, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); <u>In re Bay Financial Securities Litigation</u>, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); <u>Crandon Capital Partners v. Sanford M. Kimmel</u>, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996)

(settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); Goldsmith v. Technology Solutions Company, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of Morse v. McWhorter, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and In re Olsten Corporation Securities Litigation, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling

7

Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Harwood Feffer, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Harwood Feffer in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

**Jeffrey M. Norton**, a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department. Mr. Norton graduated cum laude from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center.

Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of structural relief). Prior to joining Harwood Feffer, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation, and professional liability litigation. He drafted supplement to Paul D. Rheingold, MASS TORT LITIGATION (1996) and assisted in litigating the seminal voting rights case of Goosby v. Town Board of the Town of Hempstead, 981 F. Supp. 751

8

(E.D.N.Y. 1997), aff, 180 F.3d 476 (2d. Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of New York and Connecticut as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, and the United States Court of Appeals for the Fourth Circuit.

     **Peter W. Overs, Jr.**, an associate of the firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995.  He is a graduate of St. Johns University (J.D., 1993) and  New York University (B.A., magna cum laude, departmental honors in Philosophy, 1990). Mr. Overs authored "*U.S. v. Fagg*: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993).  He is a member of the Association of the Bar, City of New York.  Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit.  Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

     **Jennifer K. Hirsh**, an associate at the Firm, graduated from Brown University with a Bachelor of Arts in History.  She received her J.D. from the Benjamin N. Cardozo School of Law in 2001, where she was the Senior Articles Editor of the Journal of International and Comparative Law.  Ms. Hirsh is a member of the Bar of the State of New York.  Prior to joining the Firm, Ms. Hirsh represented plaintiffs in a variety of complex commercial, securities, class action, and shareholder litigation, including as senior member of the trial team in In re Walt Disney Deriviative Litig.

     **Tanya Korkhov**, an associate of the firm, was admitted to the bar in 2006.  Ms. Korkhov graduated from New York University with a Bachelor of Arts in English and American

Literature. She received her J.D. from the Benjamin N. Cardozo School of Law in 2005, where as a member of the Securities Arbitration Clinic, she represented clients in securities-related matters. Ms. Korkhov represented Cardozo on a four-member team in the 2005 and 2004 annual *Willem C. Vis International Commercial Arbitration Moot Competition* held in Vienna, Austria.

**Roy Shimon**, an associate of the Firm, was admitted to the Bar of the State of New York in 2007. Mr. Shimon graduated with honors from Franklin & Marshall College in 2003 with a Bachelor of Arts in Government and Sociology, where he was inducted into the Pi Sigma Alpha and Alpha Kappa Delta National Honor Societies. He received his J.D. from St. John's University in 2006, where he served on the Board of the Moot Court Honor Society, and as Vice President of the Entertainment & Sports Law Society. Prior to becoming an associate of the Firm, Mr. Shimon served as judicial intern to New York Supreme Court Justice Ronald D. Hollie, and to New York State Supreme Court Justice/Associate Justice Appellate Term Jaime A. Rios.

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
In Re VEECO INSTRUMENTS, INC.,                :    05-MD-1695 (CM)
SECURITIES LITIGATION                         :
—————————————————————— x
THIS DOCUMENT RELATES TO:                     :
—————————————————————— x
EDWARD J. HUNEKE, derivatively on behalf of : 05-CV-10224 (CM)
VEECO INSTRUMENTS, INC.,                       :
                                              :
                                              :
              Plaintiff(s),                   :
                                              :
       vs.                                    :
                                              :
EDWARD H. BRAUN, et al.,                       :
                                              :
              Defendant(s),                   :
—————————————————————— x
AUGUST SCHUPP, III, derivatively on behalf of : 05-CV-10225 (CM)
VEECO INSTRUMENTS, INC.,                       :
                                              :
              Plaintiff(s),                   :
                                              :
       vs.                                    :
                                              :
EDWARD H. BRAUN, et al.,                       :
                                              :
              Defendant(s),                   :
—————————————————————— x
DAVID ALTMAN, derivatively on behalf of       : 05-CV-10226 (CM)
VEECO INSTRUMENTS, INC.,                       :
                                              :
              Plaintiff(s),                   :
                                              :
       vs.                                    :
                                              :
EDWARD H. BRAUN, et al.,                       :
                                              :
              Defendant(s).                   :
—————————————————————— x

**DECLARATION OF ROBERT B. WEISER IN SUPPORT OF
FINAL SETTLEMENT APPROVAL**

I, Robert B. Weiser, declare pursuant to 28 U.S.C. § 1746, as follows:

1.     I am one of the founding principals of The Weiser Law Firm, P.C. (the "Weiser Firm"), one of plaintiffs' counsel in the above-captioned action (the "Action"), and I am fully familiar with all phases of the prosecution and settlement of the Action.   I submit this Declaration in Support of Plaintiffs' Motion for Final Approval of Settlement and Award of Attorney's Fees Memoranda in support of the settlement and fee application are being filed contemporaneously herewith.

2.     My firm resume is attached hereto as Exhibit 1.  As it reflects, the Weiser Firm's practice is devoted to representing stockholders and employees in stockholder class, derivative and ERISA actions.  In particular, I have devoted a significant amount of my professional career to prosecuting claims in stockholder derivative actions, and I have been involved in some of the most successful derivative actions in history, as Exhibit 1 reflects.

3.     Collectively, from inception of the Action to date, the Weiser Firm has spent a total of 831 hours prosecuting the Action for a cumulative total "lodestar" of $367,175.00 as follows:

| Attorney | Hours | Billing Rate | Total Time |
|----------|-------|--------------|------------|
| Robert B. Weiser | 485.5 | $525 | $254,887.50 |
| Brett D. Stecker | 345.5 | $325 | $112,287.50 |
| **TOTAL** | **831** | | **$367,175.00** |

4.     The time the Weiser Firm spent prosecuting the Action, which is summarized above, is reflected in the detailed time records of the Weiser Firm, which are available for the Court's inspection upon request.  The hourly rates described above are rates the Weiser Firm charges in all litigation.

5.     The lodestar referenced above reflects that the Weiser Firm devoted a substantial

2

amount of time to prosecute the Action. Among other things, the Weiser Firm: (a) drafted various pleadings; (b) researched issues associated with Defendants' motion to dismiss the Action and assisted in the drafting of Plaintiffs opposition to Defendants' motion; (c) researched issues associated with the Company's historical option granting practices; (d) reviewed thousands of pages of documents and deposition transcripts; (e) took depositions; (f) worked on various issues with Plaintiffs' corporate governance expert; (g) participated in pre-trial preparation, including, but not limited to, drafting the Plaintiffs' proposed pre-trial order; (h) participated in settlement negotiations (including mediation); and (i) drafted settlement proposals and settlement documents.

6.    Collectively, from inception of the Action to date, the Weiser Firm has incurred un-reimbursed expenses in the amount of $26,072.00 as follows:

| **Activity** | **Amount** |
| --- | --- |
| Travel, Food & Lodging | $1,323.25 |
| Photocopying | $650.00 |
| Telephone & Fax | $125.50 |
| Postage, Messenger, Courier & Federal Express | $23.54 |
| Lexis, Westlaw, Dow Jones, Bloomberg research | $3,950.00 |
| Litigation Funding | $20,000.00 |
| **Total** | **$26,072.00** |

7.    All of the expenses incurred by the Weiser Firm, which are summarized above, are reflected in the books and records of the Weiser Firm, which are available for the Court's review upon request. These expenses were reasonably and necessarily incurred in connection with the prosecution of the Action.

8.    I believe that the Settlement is an excellent result for the Company under the circumstances and that is easily merits the Court's Final Approval. I also believe that the Fee Award is fair and reasonable under precedent, and that it should receive the Court's Final

3

Approval.

ROBERT B. WEISER

# Exhibit 1

# THE WEISER LAW FIRM, P.C.

## A NATIONAL SHAREHOLDER LITIGATION FIRM DEDICATED TO PROTECTING INDIVIDUAL AND INSTITUTIONAL SHAREHOLDERS' INTERESTS AND PROMOTING IMPROVED CORPORATE GOVERNANCE PRACTICES

### *FIRM BIOGRAPHY*

The Weiser Law Firm, P.C., a national shareholder litigation firm, was founded by its two principals, Patricia C. Weiser and Robert B. Weiser, in December, 2004. Prior to December, 2004, Ms. Weiser and Mr. Weiser had both managed litigation groups at one of the nation's largest shareholder litigation firms. The Weiser Law Firm is devoted to protecting the interests of individual and institutional investors in shareholder class, derivative and ERISA actions in state and federal courts nationwide. The attorneys at the Weiser Law Firm devote a large percentage of their time to addressing complex corporate governance issues.

### PATRICIA C. WEISER

Ms. Weiser, a founding member of the firm, received her law degree from the Widener University School of Law in Wilmington, Delaware. While in law school, she served as an intern for the Honorable Clarence J. Newcomer, U.S.D.J. for the Eastern District of Pennsylvania. She is licensed to practice law in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the Eastern District of Michigan.

Ms. Weiser's practice is focused on shareholder class action litigation challenging management misconduct in connection with corporate takeovers and disputed contests for

corporate control.  Ms. Weiser participated as lead or co-lead counsel in the following notable

cases:

> *In re Storage USA Shareholder Litigation (Shelby County Chancery Court, Tennessee),*
> in which Class Counsel were solely responsible for an aggregate financial benefit to the
> class of $10.5 million in connection with the acquisition of the company by its controlling
> shareholder;

> *In re Cox Communications Shareholder Litigation (Delaware Chancery Court),*
> in connection with the acquisition of the company by its controlling shareholder,
> Cox Enterprises, Class Counsel shared responsibility for the agreement by Cox
> Enterprises to condition the transaction on the approval of a majority of the
> company's minority shareholders and to increase the consideration offered in the
> transaction by approximately $675 million;

> *In re Sodexho Marriot Shareholders Litigation (Delaware Chancery Court),* in
> which Class Counsel shared responsibility for creating an aggregate financial
> benefit of approximately $166 million for members of the class, in connection
> with the acquisition of the company by its controlling shareholder, Sodexho
> Alliance, S.A.;

> *In re Travelocity.com Shareholder Litigation, (Delaware Chancery Court),* in
> which Class Counsel shared responsibility for creating an aggregate financial
> benefit of approximately $75 million for members of the class, in connection with
> the acquisition of the company by its controlling shareholder, Sabre Holdings;

> *In re Delhaize America Shareholder Litigation (North Carolina Business Court),*
> in which Class Counsel shared responsibility for creating an aggregate financial
> benefit of approximately $225 million for the members of the class in connection
> with the acquisition of the company by it controlling shareholder; and

> *Lieb, et al. v. Unocal Corporation, et al. (Los Angeles Superior Court),* in which
> Class Counsel shared responsibility for creating a $500 million benefit via the
> increased consideration paid by Chevron Corp. to Unocal shareholders in the
> merger.  In addition, Co-Lead Counsel caused defendants to issue important
> additional disclosures relating to the proposed merger with Chevron prior to the
> shareholder vote on the merger.

Ms. Weiser was also part of the litigation team that won an injunction in the seminal

Delaware Chancery Court case *In re Pure Resources Shareholder Litigation,* forcing changes to

certain terms of the proposed transaction as well as the public disclosure of significant additional

information concerning the transaction, and, ultimately being partially responsible for an

aggregate financial benefit of approximately $41 million for the shareholder class.

## ROBERT B. WEISER

Mr. Weiser, a founding member of the firm, received his law degree from the Villanova

University School of Law. While in law school, he also served as a law clerk for the Honorable

Clarence J. Newcomer, U.S.D.J. for the Eastern District of Pennsylvania. He is licensed to

practice law in Pennsylvania and New Jersey and has been admitted to practice before the United

States District Court for the Eastern District of Pennsylvania and the United States District Court

for the District of New Jersey. Mr. Weiser's practice is focused on shareholder derivative

litigation and ERISA class action litigation. Mr. Weiser has been involved in some of the most

successful shareholder derivative actions in history. While employed at his prior firm, Mr.

Weiser managed the firm's shareholder derivative litigation practice, with a particular focus on

corporate governance matters. Some of the notable cases in which Mr. Weiser has served as lead

or co-lead counsel include:

> *In re Oracle Corp. Derivative Litig.*, 824 A.2d 917 (Del. Ch. 2003). Mr. Weiser was co-lead counsel in the Oracle action. In that case, plaintiffs challenged certain multi-million dollar stock sales made by Oracle's senior officers, including Larry Ellison, Oracle's founder. Oracle's board of directors appointed a "special litigation committee" to investigate plaintiffs' claims, and after a lengthy investigation, the committee moved to dismiss the case, having concluded that plaintiffs' claims lacked merit. Among other things, plaintiffs' challenged the independence of the committee members, their good faith, and their ultimate conclusion. The court denied the committee's motion, which allowed the action to proceed to trial. The Oracle decision is one of four reported Delaware cases where a special litigations committee's motion to dismiss was denied by a Delaware chancellor and many commentators view the Oracle case as a landmark decision for shareholders. For example, the *Wall Street Journal* called the seminal decision "one of the most far-reaching ever on corporate governance." This case eventually settled for $100 million. Mr. Weiser believes that the $100 million recovery is the second largest derivative settlement ever. The Oracle case, and its impact on corporate governance matters nationwide, is the subject of numerous scholarly articles and treatises.

*David, et al., v. Wolfen, et al.*, Lead Case No. 01-CC-03930 (the "Broadcom Derivative Action"). Mr. Weiser was co-lead counsel in the Broadcom Derivative Action. Like the Oracle case, the Broadcom Derivative Action was also produced a ground-breaking settlement. In connection with the eventual settlement of the Broadcom Derivative Action, plaintiffs were able to compel Broadcom to make sweeping, substantial changes to its corporate governance practices which included a provision which allows Broadcom's shareholders to nominate directors to Broadcom's Board. In particular, the shareholder-nominated director provision was thought to be a highly significant and unusual achievement for Broadcom's shareholders. As the *Associated Press* reported in commenting on the settlement: "[in contrast to the Broadcom settlement] the Securities and Exchange Commission has met fierce resistance to a proposal just to allow shareholder nominations under very limited circumstances." This type of corporate governance relief has only been achieved in a handful of shareholder derivative actions.

*Barry v. Cotsakos*, CV 49084 (San Mateo County, CA) (the "Etrade Derivative Litigation"). Mr. Weiser was co-lead counsel in the Etrade Derivative Litigation. Mr. Weiser believes that the Etrade Derivative Litigation is one of the most successful executive compensation cases ever brought against a publicly traded corporation's board of directors. In that case, the plaintiff challenged the payment of excessive compensation awarded to Etrade's then-current Chief Executive Officer. As a result of the settlement of the case, Etrade's Chief Executive Officer returned approximately $25 million to the Company, and he also agreed to forego other valuable financial benefits. The Etrade settlement also provided for sweeping changes to the company's corporate governance practices and the structure of its Board. These measures, and the resulting change in the public's perception of Etrade, were profiled in a September 8, 2003 *Wall Street Journal* article entitled "How One Firm Uses Strict Governance To Fix Its Troubles." Since the time of the Etrade settlement, Etrade has added independent directors to its Board, who have since forced out the company's Chief Executive Officer. In response to these changes, the Company's stock increased more than 300% in the 18 months following the settlement and the "new" Etrade has been the subject of several positive media reports.

*Klotz v. Parfet, et al.*,Case No. 03-06483-CK (In the Circuit Court of Jackson County, Michigan) (the "CMS Derivative Litigation"). Mr. Weiser was co-lead counsel in the CMS Derivative Litigation. In that case, plaintiff alleged that CMS' Board of Directors failed to develop and implement adequate corporate governance practices and internal controls. Plaintiff alleged that the Board's internal control failures caused the Company to suffer enormous damages to its reputation and prestige. In settling the CMS Derivative Litigation, the Weiser Firm was able to recover $12 million for the Company, and the Board agreed to adopt what one commentator called "some of the most substantial corporate governance reforms" ever undertaken by a publicly traded corporation.

*Gebhardt v. Allumbaugh, et al.,* Case No. 2002-13602 (Harris County, Texas)(the "El Paso Derivative Litigation"). Mr. Weiser was lead counsel in the El Paso Derivative Litigation. This action centered on the Company's alleged anti-competitive conduct in

California during that the state's energy crisis of 2001-02. In addition to making sweeping changes to the Board's structure and the Company's corporate governance practices, Mr. Weiser was able to secure a $16.75 million recovery for the Company. Mr. Weiser believes that the El Paso Derivative Litigation is either the first or second largest derivative settlement in Texas history.

*Eliasoph v. Johnson*, C.A. No. 05–CVS-3698 (North Carolina General Civil Litigation Court)(the "SPX Derivative Litigation"). Mr. Weiser was lead counsel in the SPX Derivative Litigation. Like the Etrade Derivative Litigation, Mr. Weiser believes that the SPX Derivative Litigation is among the most successful executive compensation cases ever brought against a publicly traded corporation's board of directors. In this case, the plaintiff challenged the fairness of the Company's entire executive compensation structure. In connection with the settlement of the SPX action, the Company's board of directors agreed to adopt a new executive compensation plan which was designed in part, with plaintiff's counsel and her expert. The new compensation plan more closely aligned shareholder and management interests and it was estimated that the new plan would save the Company at least $25 million.

*In Re Staples, Inc. Shareholders Litigation*, 792 A.2d 934 (Del. Ch. June 5, 2001). Mr. Weiser was one of three lead counsel in the Staples action. In that case, plaintiffs secured a financial benefit worth at least $12 million to Staples by winning an injunction preventing Staples from holding a shareholder vote on an improperly disclosed recapitalization plan that would have unfairly benefitted Staples' insiders at the expense of the Company and its stockholders.

*Wanstrath v. Doctor R. Crants, et al.*, C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999)(the "Prison Realty Derivative Litigation"). In the Prison Realty Derivative Litigation, plaintiff challenged the transfer of assets from Prison Realty to a private entity owned and controlled by several of the Company's top executives. Plaintiffs also alleged that the proposed transaction, would have crippled the Company's liquidity. Plaintiffs were able to halt the planned transaction, which prevented the Company from suffering a $120 million loss, which was a highly significant victory in light of the Company's then-precarious financial position. As a result of the settlement of the case, the members of the Company's top management were removed, the composition of the Board of Directors was significantly altered and important corporate governance provisions were also put in place to prevent future abuse. Notably, all of these corporate benefits occurred at a time when the Company was facing near-certain bankruptcy which would have wiped out shareholders' equity in the Company. Because the Company had adopted these significant changes, it was able to renegotiate the terms of its credit facility with its lenders and it never had to file for bankruptcy protection. Since the time the case was settled, the Company's new management has led the Company, now-named Corrections Corporation of America, to profitability, and the price of the common stock increased more than 400% in the two years following the settlement.

*Huscher v. Curley, et. al.*, No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (the "Sotheby's

Derivative Litigation"). In the Sotheby's Derivative Litigation, plaintiffs alleged that the Company's Chief Executive Officer had entered into illegal price-fixing agreements with the Company's leading purported competitor, Christie's International PLC. As a result of the settlement of this case, the Company received the return of certain monetary benefits which had been provided to the Chief Executive Officer that were worth approximately $12 million to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the case.

Mr. Weiser has been a frequent commentator on corporate governance matters and has lectured on corporate governance issues in both this country and abroad.

## DEBRA S. GOODMAN

Ms. Goodman earned her Bachelor of Arts degree in International Studies from The George Washington University. She earned her Juris Doctor degree from The Benjamin N. Cardozo School of Yeshiva University. While attending law school, she worked for the Department of Justice and the New York Attorney General's Office.

Ms. Goodman began her practice of law in Philadelphia where she was a Partner at Margolis Edelstein, a large insurance defense firm. She concentrated her litigation practice on mass tort litigation, handling numerous trials. At The Weiser Law Firm, Ms. Goodman is involved in all aspects of the firm's practice, including securities fraud, shareholder class and derivative actions and antitrust litigation. Ms. Goodman is licensed to practice law in Pennsylvania state courts as well as the United States District Court for the Eastern District of Pennsylvania. Ms. Goodman has been or is a member of the American Bar Association, the Pennsylvania Bar Association, and the Philadelphia Bar Association. She received her AV rating from Martindale-Hubbell in 2003. She is also President of Settlement Music School and one of the founding members of the Pennsylvania Bar Association's Commission on Women in the Profession.

## BRETT D. STECKER

Mr. Stecker is a graduate of Franklin & Marshall College and of Villanova University School of Law. While in college, Mr. Stecker earned a B.A. in Government and served as a legislative intern for United States Senator Alfonse M. D'Amato. While in law school, Mr. Stecker served as an Executive Member of the Moot Court Board and represented Villanova in national competitions. Upon graduation from law school, Mr. Stecker was an associate with the Litigation Department of Blank Rome LLP in Philadelphia, PA. After two years at that firm, Mr. Stecker moved to Weir & Partners, LLP, a boutique commercial litigation firm in Philadelphia, where he focused his practice on banking litigation in cases dealing with consumer lending, check fraud, and the enforcement of guarantee and other security agreements. At The Weiser Law Firm, Mr. Stecker concentrates his practice on shareholder derivative and ERISA litigation.

## SANDRA G. SMITH

Ms. Smith is a graduate of St. Joseph's University, with a Bachelor's degree in history, and earned her J.D. Degree from Temple University School of Law. While in law school, she served as the Editor-in-Chief of the Temple Environmental Law & Technology Journal. Ms. Smith is licensed to practice law in Pennsylvania state courts as well as the United States District Court for the Eastern District of Pennsylvania. Prior to joining The Weiser Law Firm, Ms. Smith practiced at Schiffrin, Barroway, Topaz & Kessler, LLP, primarily concentrating on Mergers and Acquisitions litigation. Prior to that, she practiced at Berger & Montague, P.C. concentrating her practice on federal securities class action litigation. At The Weiser Law Firm, Ms. Smith concentrates her practice on shareholder derivative and class action litigation.