USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE VEECO INSTRUMENTS INC.                :      No. 7:05-MD-01695-CM-GAY
SECURITIES LITIGATION                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THIS DOCUMENT RELATES TO:                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EDWARD J. HUNEKE, derivatively on behalf    :
of VEECO INSTRUMENTS, INC.,                 :      No. 7:05-CV-10224-CM
                                            :
               Plaintiff,                   :
                                            :
        v.                                  :
                                            :
EDWARD H. BRAUN, et al.,                    :
                                            :
               Defendants.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AUGUST SCHUPP, III, derivatively on behalf  :
of VEECO INSTRUMENTS, INC.,                 :      No. 7:05-CV-10225-CM
                                            :
               Plaintiff,                   :
                                            :
        v.                                  :
                                            :
EDWARD H. BRAUN, et al.,                    :
                                            :
               Defendants.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID ALTMAN, derivatively on behalf        :
of VEECO INSTRUMENTS, INC.,                 :      No. 7:05-CV-10226-CM
                                            :
               Plaintiff,                   :
                                            :
        v.                                  :
                                            :
EDWARD H. BRAUN, et al.,                    :
                                            :
               Defendants.                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER AND FINAL JUDGMENT OF DISMISSAL

A Final Settlement Hearing (the "Settlement Hearing") having been held before this

Court on March 28, 2008 pursuant to this Court's Order of January 24, 2008 as modified by the

February 1, 2008 Order  (the "Preliminary Order"), on the Settlement set forth in the Stipulation

and Agreement of Settlement dated December 19, 2007 (the "Stipulation"), of certain

stockholder derivative claims relating to Veeco Instruments, Inc. ('Veeco" or the "Company"),

which Stipulation is incorporated herein by reference; application having been made for approval

of the Fee Award as set forth in the Stipulation; it appearing that due notice of the Settlement

Hearing was provided in accord with the Preliminary Order; the respective parties having

appeared by their respective attorneys, and such attorneys having been heard; no person or entity

having objected to the Stipulation, to the release of the Released Claims, or to the Fee Award,

the matters having been considered by the Court, and the Court having made its findings of fact

and conclusions of law as set forth below;

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      Capitalized terms used herein and not otherwise defined shall have the same

meaning as set forth in the Stipulation.

2.      The form and manner of notice provided to Current Veeco Stockholders is

hereby determined to have been the best notice practicable under the circumstances and

constitute due and sufficient notice to all persons entitled to receive such notice in compliance

with the provisions of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

3.      For purposes of settlement only, the Court finds that the Action was properly

maintained as a derivative action under Federal Rule of Civil Procedure 23.1 on behalf of Veeco

and Plaintiffs are deemed appropriate derivative plaintiffs.

4.      The settlement, as provided for in the Stipulation, is approved as fair, reasonable

and adequate and in the best interests of Veeco and Current Veeco Stockholders and shall be

consummated in accordance with the terms and conditions of the Stipulation.

2

5.      Plaintiffs and Current Veeco Stockholders, and their respective successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Released Claims. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment. "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever by the Plaintiffs and Current Veeco Stockholders against any of the Released Persons, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known and Unknown Claims, (i) that have been asserted in the Action against any of the Released Persons; (ii) that relate to the allegations set forth in the proposed Second Consolidated Amended Verified Shareholder Derivative Complaint, including but not limited to any claims relating to the granting, dating or modification of stock options issued by the Company to its officers and directors; (iii) that have been or could have been asserted in any forum by any Current Veeco Stockholder on behalf of Veeco against any of the Released Persons which arise out of, relate in any way to or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or the proposed Second Consolidated Amended Verified Shareholder Derivative Complaint; or (iv) that have been or could have been asserted in this or any other forum against any of the Released Persons which arise out of or relate in any way to the defense or settlement of the Action. "Unknown Claims" means all Released Claims which any Plaintiff or Current Veeco Stockholder of Veeco does not know or suspect to exist in his, her or its favor at the time

of the release of the Released Persons. With respect to any and all Released Claims, the parties

agree that upon the Effective Date, Plaintiffs and the Current Veeco Stockholders shall be

deemed to have waived, and by operation of the Judgment shall have expressly waived, any and

all provisions, rights and benefits conferred by any law of any state or territory of the United

States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ.

Code § 1542, which provides: "A general release does not extend to claims which the creditor

does not know or suspect to exist in his or her favor at the time of executing the release, which if

known by him or her must have materially affected his or her settlement with the debtor."

"Released Persons" means the Defendants in the Action, their present or former heirs, assigns,

affiliates, trustees, administrators, estates, executors, successors, subsidiaries, general and limited

partners, corporate parents, related companies, and their present and/or former officers, directors,

shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts,

consultants, advisors, investment bankers and/or commercial bankers.

    6.    Upon the Effective Date of the Settlement, Veeco is directed to cause to be

executed and delivered to each of the Individual Defendants a release of the Released Claims.

    7.    The Defendants and the successors and assigns of any of them, are hereby

permanently barred and enjoined from instituting, commencing or prosecuting any and all

claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local,

statutory or common law or any other law, rule or regulation, including both known claims and

unknown claims, that have been or could have been asserted in the Action or any forum by the

Defendants or any of them or the successors and assigns of any of them against Plaintiffs, their

attorneys, or the shareholders which arise out of or relate in any way to the institution,

prosecution, or settlement of the Action (except for claims to enforce the Settlement).

8.    The Defendants (including their present or former heirs, assigns, predecessors, successors, affiliates, trustees, administrators, executors, subsidiaries, general and limited partners, corporate parents, related companies, and their past, present or future officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, consultants, advisors, investment bankers and/or commercial bankers) are hereby discharged from all claims for contribution and/or indemnity (whether direct, implied or equitable) by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims of the Plaintiffs or any Current Veeco Stockholder. Accordingly, the Court hereby bars all claims for contribution and/or indemnity: against the Defendants (including their present or former heirs, assigns, predecessors, successors, affiliates, trustees, administrators, estates, executors, subsidiaries, general and limited partners, corporate parents, related companies, and their past, present or future officers, directors, shareholders, employees, agents, representatives, attorneys, accountants, auditors, experts, consultants, advisors, investment bankers and/or commercial bankers); and  by the Defendants against any person or entity other than any person or entity whose liability to the shareholders has been extinguished pursuant to the Stipulation and this Judgment.

9.    The Court hereby approves the Fee Award.

10.    If this Judgment does not become effective, the Fee Award shall be returned and the parties shall revert to their litigation positions immediately prior to December 19, 2007 as provided in the Stipulation.

11.    Jurisdiction is hereby retained over the parties for all matters relating to the Action, including the interpretation, effectuation or enforcement of the Stipulation and this Order of Final Judgment and Dismissal.

Dated: _28 March_, 2008

By Order of the District Court:

Colleen McMahon, U.S.D.J.