UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re VEECO INSTRUMENTS INC.
SECURITIES LITIGATION

Case No.: 7:05-md-01695
(CM)(GAY)
THIS DOCUMENT RELATES TO
ALL ACTIONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/09

[~~PROPOSED~~] ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUND
AND ALLOWING PAYMENT OF SETTLEMENT ADMINISTRATION COSTS

AND NOW, this 8th day of September, 2009, upon consideration of: (i) Lead Plaintiff's Motion for an Order Approving Distribution of Settlement Fund and Allowing Payment of Settlement Administration Costs (the "Distribution Motion"); and (ii) the Stipulation and Agreement of Settlement dated August 16, 2007 ("Stipulation"), and approved in all respects by the Court in its Order Giving Final Approval to the Settlement and Plan of Allocation dated November 7, 2007 ("Final Judgment"), it is hereby ORDERED as follows:

1. The procedures used and actions taken by Heffler, Radetich & Saitta L.L.P. ("Heffler") and Plaintiff's Lead Counsel for the administration of the Settlement are here adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of Heffler in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims set forth in the Payable Claims Listing, attached as Exhibit C to the Distribution Motion. These claims include fully and partially valid claims, as well as late-filed but otherwise valid claims, of Class Members (the "Authorized Claimants"). No claim received after July 31, 2009 will be accepted.

3. The Court hereby approves Heffler's recommended rejection of claims identified in the Non-Payable Claims Listing, attached as Exhibit C to the Distribution Motion.

4. The Court hereby approves payment in the amount of $100,945.69 to Heffler for the remaining unpaid and future fees and costs of claims administration, as set forth in Exhibit D to the Distribution Motion. This payment is to be made from the Settlement Fund.

5. Plaintiff's Lead Counsel and Heffler are directed to distribute the balance of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation approved by the Court in its November 7, 2007 Final Judgment. As stated in the Plan of Allocation, each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund, calculated by Heffler, based upon each Authorized Claimant's Recognized Loss, compared to the Total Recognized Losses of all Authorized Claimants.

6. The Court directs that distribution checks to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Net Settlement Fund more than 200 days after the date of the check.

7. If, after the initial distribution, any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, and, after Heffler has made reasonable

and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be redistributed on a *pro rata* basis, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their original distribution checks and who would receive at least $20 from such redistribution. If, after six months following such redistribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiff's Lead Counsel, subject to Court approval.

8. Heffler, Lead Plaintiff and Plaintiff's Lead Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "Released Persons"), and all Class Members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the Released Persons beyond the amount allocated to them by Heffler pursuant to this Order.

9. The Court also finds that one year after the final distribution of the Net Settlement Fund to Authorized Claimants, it will be appropriate for Heffler to destroy all claim forms and related correspondence. Heffler shall, however, retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims Listings, and the computer database used to create the listings, for a period of three years after the final distribution of the Net Settlement Fund to Authorized Claimants.

10. The Court retains jurisdiction over any further matter which may arise in connection with this action.

IT IS SO ORDERED.

DATED: 8 September, 2009

BY THE COURT:

_____
COLLEEN McMAHON, U.S.D.J.

Malta464158

4